Ajay Gupta, Esq. (#242132)
Aurora Gallardo, Esq. (#348382)
GUPTA EVANS & AYRES, PC
5353 Mission Center Rd., Suite 215
San Diego, CA  92108
Phone: (619) 866-3444
Fax: (619) 866-3444
E-mail: ce@socal.law

**Attorneys for Stemedica Cell Technologies, Inc.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>Defendants. | Case No. 25CV459 BAS SBC<br><br>The Hon. Cynthia Bashant<br><br>**STEMEDICA CELL TECHNOLOGIES, INC.'s ANSWER TO NINA VIKHRIEVA AND SERGEY LESHKOV'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

# I.

# ANSWER

COMES NOW Stemedica Cell Technologies, Inc. ("Defendant") by and through its attorneys, Ajay Gupta, to Answer the Complaint filed herein by Plaintiffs Nina Vikhrieva and Sergey Leshkov ("Plaintiffs"), as follows:

1. As to Allegations 1 through 484 and Causes of Action 1 through 11, Defendant lacks sufficient information, knowledge, and belief to affirm or deny each allegation; therefore, Defendant denies the allegations.

# II.

# AFFIRMATIVE DEFENSES

2. Defendant asserts the following affirmative defenses to each cause of action in the Complaint.

### FIRST DEFENSE

3. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

4. The Defendant affirmatively asserts that the injuries allegedly sustained by Plaintiffs were caused by the sole, concurring, and/or contributory negligence of Plaintiffs, by market forces and/or other events not in Defendant's control

### THIRD DEFENSE

5. The Defendant affirmatively asserts that Plaintiffs assumed the risk of their injuries.

### FOURTH DEFENSE

6. The Complaint fails to join a party in whose absence complete relief cannot be accorded among those already partied.

### FIFTH DEFENSE

7. Assuming fraud, misrepresentation, or other wrongdoing on the part of Defendant, which Defendant expressly denies, it was not the proximate cause of Plaintiffs' alleged injuries, but Plaintiffs' alleged injuries were a result of superseding and/or intervening causes including market deterioration.

\\\

## SIXTH DEFENSE

8. Assuming fraud, misrepresentation, or other wrongdoing on the part of Defendant, which Defendant expressly denies, it was not the proximate cause of Plaintiffs' alleged injuries, but Plaintiffs' alleged injuries were a result of prior and/or subsequent conditions or occurrences for which Defendant was not responsible.

## SEVENTH DEFENSE

9. Defendant affirmatively asserts that Plaintiffs' claim is barred by the doctrines of accord and satisfaction, release, and/or res judicata.

## EIGHTH DEFENSE

10. As a separate and affirmative defense to the Complaint and each and every cause of action therein, Defendant alleges that on information and belief that Plaintiffs by their own acts, conduct, or otherwise expressly consented and agreed to the matters about which it is now complaining and, therefore, Plaintiffs have waived and are estopped from asserting any claims against Defendant arising out of such matter.

## NINTH DEFENSE

11. Any conduct of Defendant was justified, reasonable, supported by good cause, and/or privileged under the circumstances. Defendant did not deploy any wrongful means.

## TENTH DEFENSE

12. Defendant's conduct was in good faith and was without any fraud, oppression, wrongful means, or malice towards Plaintiffs, thereby precluding any and all claims for punitive and/or exemplary damages.

## ELEVENTH DEFENSE

13. The cause of action asserted by the Plaintiffs is barred by the applicable statute of limitations.

## TWELFTH DEFENSE

14. The cause of action asserted by the Plaintiffs is barred because Plaintiffs ratified any conduct by Defendant.

## THIRTEENTH DEFENSE

15. Defendant may be entitled to assert certain other affirmative defenses of which it is not yet aware.

Defendant expressly reserves the right to plead these Affirmative Defenses at a later time or to seek leave from this Court to amend this Answer, prior to or after trial, to conform to proof as necessary, or as additional information becomes available through discovery.

DATED: May 12. 2025                    **GUPTA EVANS & AYRES, PC**

                                                /s/ Ajay Gupta, Esq.
Ajay Gupta, Esq.
Aurora Gallardo Esq.
Gupta Evans & Ayres, PC
*Attorneys for Defendant Stemedica Cell Technologies, Inc*