1  Ryan G. Baker (Bar No. 214036)
2    rbaker@waymakerlaw.com
   Jaime W. Marquart (Bar No. 200344)
3    jmarquart@waymakerlaw.com
4  Donald R. Pepperman (Bar No. 109809)
     dpepperman@waymakerlaw.com
5  WAYMAKER LLP
6  515 S. Flower Street, Suite 3500
   Los Angeles, California 90071
7  Telephone: (424) 652-7800
   Facsimile:  (424) 652-7850
8

9  *Attorneys for Defendant David Howe*

10              **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12  NINA VIKHRIEVA AND SERGEY          Case No. 3:25-cv-00459-BAS-SBC
13  LESHKOV,
                                       **DEFENDANT DAVID HOWE'S**
14                                     **NOTICE OF MOTION AND**
              Plaintiffs,              **MOTION TO DISMISS CLAIMS**
15                                     **EIGHT, NINE AND ELEVEN IN**
    v.                                 **THE COMPLAINT PURSUANT TO**
16                                     **FEDERAL RULE OF CIVIL**
                                       **PROCEDURE 12(b)(6); AND**
17  STEMEDICA CELL TECHNOLOGIES,       **JOINDER**
    INC.; ZIUZHITANG CO., LTD.;
18  ZHUHAI HENGQIN JIUZHITANG
    YONGHE QIHANG FUND:                Honorable Cynthia A. Bashant
19  JIUZHITANG MAKER (BEIJING)
    CELL TECHNOLOGY CO., LTD.;
20  MAYNARD A. HOWE; ROGER J.          Hearing Date: June 20, 2025
    HOWE; DAVID HOWE; NIKOLAI I.
21  TANKOVICH; DIRK P. O'HARA;
    SIMIN GUO; CRAIG W. CARLSON;
22  MICHAEL K. STEINHAUSER;            **NO ORAL ARGUMENT UNLESS**
    SANOSTEM GLOBAL LLC; DUNIYA        **ORDERED BY THE COURT**
23  SANOSTEM INC.; AND SHIVINDER
24  S. DEOL,
25
26              Defendants.
27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 20, 2025, or as soon after as this matter may be heard in the courtroom of the Honorable Cynthia A. Bashant, located in the James M. Carter and Judith N. Keep United States Courthouse, Courtroom 12B, 333 West Broadway, San Diego, California 92101, defendant David Howe will and does move this Court to dismiss Claim numbers Eight, Nine, and Eleven against him in the Complaint in this matter.  This Motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that these purported claims against Dr. Howe fail to state a claim upon which relief can be granted.  This Motion is made following the conference of counsel pursuant to Section 4.A. of this Court's Standing Order, which took place on May 5, 2025.  This Motion is based upon the following memorandum of points and authorities, any matters of which this Court may take judicial notice, the papers on file in this case and such other arguments and evidence as may be presented at the time of the hearing on this matter, if any. Dr. David Howe also hereby joins in the motions to dismiss filed by the other defendants.

DATED: May 12, 2025                    WAYMAKER LLP


                                       By:    /s/ Ryan G. Baker
                                              Ryan G. Baker
                                              Jaime W. Marquart
                                              Donald R. Pepperman

                                       *Attorneys for Defendant David Howe*

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................... 1

II.    THE COMPLAINT'S ALLEGATIONS ................................................ 3

III.   LEGAL STANDARDS ......................................................................... 5

IV.    ARGUMENT ........................................................................................ 6

    A.   As a Predicate Act to Support Their Section 1962(c) RICO Claim, Plaintiffs Cannot State a Viable "Commercial Bribery" Violation Against David Howe (Claim Eight) ....................................... 6

    B.   Civil RICO Claims Need to be Highly Scrutinized Because Most are Merely Non-Actionable Dressed-Up Fraud or Contract Claims ........................................................................................... 8

    C.   Plaintiffs Cannot Show That David Howe Managed, Controlled or Participated in the Purported RICO Enterprise ................................. 9

    D.   Plaintiffs Cannot Satisfy the "Relatedness" Element of a Section 1962(c) RICO Offense ................................................................ 11

    E.   Plaintiffs' Section 1962(d) RICO Conspiracy Claim is Not Viable and Should be Dismissed (Claim Nine) ................................... 13

    F.   Plaintiffs' RICO Claims Are Time-Barred ......................................... 15

    G.   Plaintiffs' "Unjust Enrichment" Claim Against David Howe is Deficient as a Matter of Law (Claim Eleven)...................................... 16

V.     CONCLUSION ................................................................................... 17

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*,
    483 U.S. 143 (1987) .......................................................... 11

*Allwaste, Inc. v. Hecht*,
    65 F.3d 1523 (9th Cir. 1995) ................................................ 11

*Arch Insurance Co. v. Allegiant Professional Busuness Services, Inc.*,
    No. CV 11-1675,
    2012 WL 1400302 (C.D. Cal. Apr. 23, 2012) ............................ 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................... 5

*Baumer v. Pachl*,
    8 F.3d 1341 (9th Cir. 1993) ................................................. 14

*Borrego Community Health Foundation v. Hebets*,
    Case No. 3:22-cv-01056-RBM-SBC,
    2025 WL 934528 (S.D. Cal. Mar. 27, 2025) ............................ 14

*Castillo v. Toll Bros., Inc.*,
    197 Cal. App. 4th 1172 (2011) ............................................ 16

*Cedric Kushner Promotion, Ltd. v. King*,
    533 U.S. 158 (2001) ........................................................... 9

*Chester Park View, LLC v. Schlesinger*,
    No. 23-cv-5432 (CS), 2024 WL 2785140 (S.D.N.Y. May 29, 2024)................. 9

*Chubb Custom Insurance Co. v. Space Systems/Loral, Inc.*,
    710 F.3d 946 (9th Cir. 2013) ................................................ 5

*City of Oakland v. Oakland Raiders*,
    83 Cal. App. 5th 458 (2022)................................................ 16

*Crichton v. Golden Rule Insurance Co.*,
    576 F.3d 392 (7th Cir. 2009) ............................................... 10

*Daniels-Hall v. National Education Association*,
    629 F.3d 992 (9th Cir. 2010) ........................................................................ 5

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
    751 F. 3d 990 (9th Cir. 2014) ..................................................................... 13

*Figueroa Ruiz v. Alegria*,
    896 F.2d 645 (1st Cir. 1990) ......................................................................... 9

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
    640 F. Supp. 2d 300 (S.D.N.Y. 2009) .......................................................... 9

*Greenley v. Kochova Inc.*,
    684 F. Supp. 3d 1024 (S.D. Cal. 2023) ...................................................... 16

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ....................................................................... 15

*H.J., Inc. v. Northwestern Bell Telephone Co.*,
    492 U.S. 229 (1989) ................................................................................... 11

*Helios International S.A.R.L. v. Cantamessa USA, Inc.*,
    No. 12 Civ 8205,
    2013 WL 3943267 (S.D.N.Y. July 31, 2013) ............................................... 9

*Howard v. America Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) ................................................................. 12, 13

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006) ....................................................................... 5

*JBS Packerland Inc. v. Phillips Cattle Co., Inc.*,
    Case No. 24-cv-01299-BAS-MSB,
    2025 WL 605045 (S.D. Cal. Feb. 24, 2025) .............................................. 16

*Jogani v. Superior Court*,
    165 Cal. App. 4th 901 (2008) ..................................................................... 16

*MCM Partners, Inc. v. Andrews-Bartlett Associates, Inc.*,
    62 F.3d 967 (7th Cir. 1995) ....................................................................... 10

*MinedMap, Inc. v. Northway Mining, LLC*,
    No. 1:19-cv-501,
    2021 WL 1926452 (N.D.N.Y. May 13, 2021) ............................................... 8

*Pincay v. Andrews*,
    238 F.3d 1106 (9th Cir 2001) ................................................................. 15

*Raiser v. Kleeger*,
    Case No. CV 21-9344-DSF (KK),
    2022 WL 2104494 (C.D. Cal. June 9, 2022) ........................................... 11

*Rotella v. Wood*,
    528 U.S. 549 (2000) ................................................................................. 15

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ................................................................... 13

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
    806 F.2d 1393 (9th Cir. 1986) ................................................................ 7-8

*Stewart Title Guaranty Co. v. 2485 Calle Oro, LLC*,
    Case No. 15-cv-2288-BAS-WVG,
    2018 WL 3222610 (S.D. Cal. Jun. 19, 2018) ........................................ 7, 8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................... 8, 14

*Uce v. Oral Aesthetic Advocacy Group, Inc.*,
    Case No. CV 23-3186-CBM-MRWx,
    2024 WL 3050720 (C.D. Cal. Feb. 23, 2024) ......................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................... 8

*Walter v. Drayson*,
    538 F.3d 1244 (9th Cir. 2008) ................................................................. 11

**Statutes**

California Penal Code § 641.3 ......................................................................... 6-7

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant David Howe brings this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure requesting that the Court dismiss with prejudice Claim numbers Eight, Nine, and Eleven in plaintiffs' Complaint on the ground that none of them state an actionable claim for relief against him. David Howe also hereby joins in the motions to dismiss brought by the other defendants.

## I.   INTRODUCTION

Plaintiffs have named 15 defendants in this sweeping RICO action based on allegations that better resemble a run-of-the-mill shareholder dispute and breach of contract action than one involving a criminal enterprise. Seemingly no entity or individual with any connection to the alleged breach of license and related investor dispute has been spared from Plaintiffs' net, woven with vague and/or boilerplate allegations that fall short of what is needed to allege RICO. And several of the named defendants, including David Howe, are not alleged to have done anything to further any criminal conspiracy.

David Howe never met the plaintiffs, had nothing to do with the negotiation or performance of the alleged exclusive license agreement at issue, was not an officer or director of the entity alleged to be at the center of the criminal enterprise, and is not even alleged to have any knowledge of the contractual rights the plaintiffs claim were violated in furtherance of a criminal enterprise. In spite of all this, David Howe is named as a defendant in three of plaintiffs' 11 causes of action: (1) Section 1962(c) Racketeer Influenced and Corrupt Organizations Act ("RICO") violation (Claim Eight); (2) Section 1962(d) RICO conspiracy violation (Claim Nine); and (3) common law "unjust enrichment" (Claim Eleven).

In pure conclusory fashion, plaintiffs allege David Howe joined an unlawful RICO enterprise, the alleged common purpose of which is to defraud plaintiffs and other investors. However, out of the 20 separate RICO "predicate acts" alleged, David Howe is accused of committing *only one* of the predicate acts -- receiving an

WAYMAKER

unspecified number of kickbacks for recruiting stem cell patients to a clinic in Mexico between 2015 and 2020. Setting aside the fact that David Howe did *not* receive any such kickbacks or bribes, this purported predicate act is also not actionable even if taken as true because it is not sufficiently related to the common purpose of the alleged racketeering enterprise, or the other 19 predicate acts allegedly committed by *other* defendants.

Moreover, since David Howe was not an alleged officer, director, employee, or agent of either of the plaintiffs or any of the defendants during this time frame, his alleged "commercial bribery" conduct, as a matter of law, does *not* constitute a criminal offense under California Penal Code § 641.3. Nor have plaintiffs sufficiently alleged with any specificity that David Howe participate in, controlled, managed, or was in the chain of command of any so-called RICO enterprise. Quite simply, giving plaintiffs the full benefit of the doubt, they have alleged a discrete criminal act (which fails to meet the elements of that crime), which act is unrelated to the purpose of the enterprise, against an outsider to the alleged enterprise. In addition, plaintiffs' RICO claims are also barred by RICO's four-year statute of limitations. Accordingly, David Howe cannot be found liable for a RICO violation; he should be dismissed with prejudice.

Moreover, because plaintiffs' Section 1962(c) RICO claim is fatally deficient as to David Howe and should be dismissed, so too must their Section 1962(d) RICO conspiracy claim be dismissed because it requires a RICO violation as an essential element. Additionally, plaintiffs proffered allegations against "all defendants" bear no relation to David Howe and do not plausibly support the conclusion that *he* "conspired" to violate Section 1962(c). There are no allegations as to when, how, where, why, or the circumstances under which he allegedly conspired. Nor are there allegations describing how he purportedly became aware of the nature, scope, or purpose of the racketeering enterprise.

Finally, no cause of action for "unjust enrichment" is recognized in

2

California.  Moreover, David Howe did not engage in any conduct, wrongful or otherwise, that caused him to be unjustly enriched to the detriment of either of the plaintiffs.  David Howe has virtually no connection to the facts of this case, and plaintiffs' attempt to sweep him into their bloated conspiracy theory should be roundly rejected.  David Howe should be dismissed with prejudice.

## II.    THE COMPLAINT'S ALLEGATIONS

To minimize the Court's burden and reduce duplication, defendant David Howe hereby incorporates by reference the other moving defendants' statements of fact and recitation of allegations as though fully set forth herein.  What follows instead is a focused recitation of the Complaint's few factual allegations that pertain to David Howe.

In essence, plaintiffs Nina Vikhrieva and Sergey Leshkov's Complaint alleges that beginning in 2013 through various purported false statements and contract/license breaches, some of the defendants induced these individual plaintiffs to invest in CardioCell and various other Stemedica Cell Technologies, Inc. ("Stemedica") affiliates and/or subsidiaries. Complaint ¶¶ 1-31.  The Complaint further alleges how some of the defendants – purportedly led by Roger and Maynard Howe, who are David Howe's brothers – intentionally deprived CardioCell of exclusive rights to stem cells and other valuable intellectual property it allegedly had under a licensing agreement with defendant Stemedica Cell Technologies, Inc., all for the alleged purpose of defrauding plaintiffs. *Id*. at ¶¶ 2-14.  Plaintiffs claim that the alleged fraudulent conduct, breaches of fiduciary duty, fraudulent transfers, and RICO violations have caused them to suffer "substantial losses and harm." Complaint ¶ 32.  The Complaint does *not* allege that David Howe made or joined in any of the alleged fraudulent misrepresentations, that he was a fiduciary or that he aided or abetted in any breach of fiduciary duty.  This case centers upon little more than a speculative investment in an entity that failed in a high-risk medical technology market.  David Howe is not plausibly alleged to have had anything to do

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

with that speculative investment by the plaintiffs.

The allegations that actually do reference David Howe are very few and far between. The Complaint describes David Howe as a California resident who is purportedly "associated with Stemedica[1] by means of recruiting [between 2015 and 2020] U.S. patients for NovaStem and Rivadavia's cardiovascular treatment at Clinica Santa Clarita in Mexico using Stemedica's stem cells (which were allegedly subject to CardioCell's exclusive license). He is also [defendant] Roger and Maynard Howe's brother." Complaint at ¶ 51; *see also id.*, at ¶¶ 61, 64. By way of conclusory references to "all defendants," the Complaint alleges that David Howe, along with other defendants, "misused the corporate form by improperly exercising complete dominion and control over Stemedica and using Stemedica to intentionally destroy CardioCell." Complaint at ¶ 57.[2]

David Howe allegedly "joined" a racketeering enterprise the common "purpose" of which "was to defraud investors such as Plaintiffs." Complaint at ¶¶ 448-450. He is accused of committing *one* of the 20 delineated RICO predicate acts through allegedly, between 2015 and 2020, accepting $10,000 per patient kickbacks from "Rivadavia/Hair Wellness, Novastem, and Clinica Santa Clarita for recruiting U.S. patients for cardiovascular treatment in Mexico using Stemedica's stem cells." Complaint at ¶ 458 - Predicate Act 16. *See also, id*. at ¶¶ 257, 311. Finally, David Howe allegedly shared these undetailed bribes or kickbacks with his brothers Maynard Howe and Roger Howe. *Id*. These are the *full* extent of the factual

---

[1] Dr. David Howe resigned from his employment at Stemedica in May of 2011. Dr. Howe is a medical physician licensed to practice in California. Since his departure from Stemedica his medical practice has consisted of consulting with and treating private patients with stem cells. He is not licensed to practice medicine in Mexico and has never treated a cardiovascular patient in Mexico.

[2] These allegations are implausible on their face because David Howe had left the employ of Stemedica years prior and there is no allegation that he even knew of CardioCell's existence or business.

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

1  allegations against David Howe in the 87-page Complaint.

2      This predicate act is claimed to constitute a RICO violation (Complaint ¶¶

3  445-459); to support a RICO conspiracy violation (Complaint at ¶¶ 460-467; and to

4  form the basis for an unjust enrichment claim (Complaint at ¶¶ 477-482).

5      There are *no* allegations that David Howe: (1) made any false, misleading, or

6  deceptive statements (to plaintiffs or others); (2) engaged in threatened or actual

7  extortion; (3) made any fraudulent transfers; (4) breached any contract or license;

8  (5) falsified any document; (6) stole anything; (7) committed mail or wire fraud; (8)

9  misused or misappropriated intellectual property belonging to CardioCell (or was

10 even aware of any exclusive property rights); (9) fraudulently concealed material

11 information (to plaintiffs or others); (10) interfered with any fund raising efforts; or

12 (11) otherwise owed any duties to plaintiffs or CardioCell.

## III.    LEGAL STANDARDS

14     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "[d]ismissal

15 is proper when the complaint does not make out a cognizable legal theory or does

16 not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins.*

17 *Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013).  While the district

18 court generally accepts as true a complaint's well-pleaded facts it does not accept

19 legal conclusions or "[t]hreadbare recitals of the elements of a cause of action[.]"

20 *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  If the non-conclusory allegations do

21 not "plausibly give rise to an entitlement to relief" on the merits, the case must be

22 dismissed. *Id.* at 679.  A trial court is not bound to accept as true allegations that are

23 contradicted within the complaint. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

24 992, 998 (9th Cir. 2010).

25     A claim may be dismissed under Rule 12(b)(6) on the ground that it is time-

26 barred by the applicable statute of limitations when "the running of the statute is

27 apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d

28 992, 997 (9th Cir. 2006).

IV.    **ARGUMENT**

    A.    **As a Predicate Act to Support Their Section 1962(c) RICO Claim, Plaintiffs Cannot State a Viable "Commercial Bribery" Violation Against David Howe (Claim Eight)**

Plaintiffs, with vague and conclusory allegations, accuse David Howe of participating in an unlawful RICO enterprise. Complaint at ¶¶ 445-459.  Of the 20 separate predicate acts alleged, however, David Howe is accused of committing *only one*.[3]  Predicate Act 16 alleges that between 2015 and 2020, David Howe received bribes or kickbacks, in violation of California Penal Code section 641.3, from Rivadavia/Hair Wellness, NovaStem and Clinica Santa Clarita "in the amount of $10,000 per patient" for recruiting U.S. patients for cardiovascular treatment in Mexico using Stemedica's stem cells." *Id.* at ¶ 458.  Plaintiffs also allege that these "bribes were also received in violation of the Exclusive License [granting exclusive rights to the stem cells to CardioCell]." Complaint at ¶¶ 6, 458.  But, even if these inaccurate allegations were true, this sole predicate act does not support a RICO claim for a host of reasons.

First, section 641.3(a) of the Penal Code provides:

> "Any employee who solicits, accepts, or agrees to accept money or any thing of value [$250 and over] from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of the other person, and any person who offer or gives an employee money or any thing of value under those circumstances, is guilty of commercial

---

[3] In the entirety of plaintiffs' 87-page Complaint, this alleged patient recruitment/referral kickback is the *only* wrongful conduct allegation leveled against David Howe.

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

1    bribery."

2

3    Section 641.3(d)(1) defines "employee" to mean "an officer, director, agent,

4    trustee, partner or employee." There is no allegation, nor can there be, that David

5    Howe during the relevant time was an officer, director, agent, trustee, partner or

6    employee of either of the plaintiffs or any entity they owned or controlled. Nor is

7    there any allegation that David Howe during the time period 2015-2020 was an

8    officer, director, agent, trustee, partner or employee of Stemedica, Rivadavia/Hair

9    Wellness, NovaStem and/or Clinica Santa Clarita.[4] Furthermore, there is no

10   allegation that David Howe acted "corruptly and without the knowledge or consent

11   of the employer," or "us[ed] or agree[d] to use [his] position for the benefit of the

12   other person" in return for any thing of value. In other words, the Complaint

13   establishes no *position* with any *employer,* much less any corrupt act to use that

14   position for the benefit of others. Consequently, as a matter of law, David Howe

15   cannot be found to have engaged in unlawful commercial bribery.

16   "When a plaintiff alleges RICO claims against multiple defendants, the

17   'plaintiff must allege at least two predicate acts by each defendant.'" *Stewart Title*

18   *Guar. Co. v. 2485 Calle Oro, LLC*, 2018 WL 3222610, at *16 (S.D. Cal. Jun. 19,

19   2018) (quoting *In re Wellpoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011)).

20   Plaintiffs have not, and cannot, identify two or more acts of commercial bribery

21   committed by David Howe.

22   Plaintiffs' RICO claim against David Howe is also deficient because it fails to

23   comply with the strict pleading particularity requirements of Rule 9(b) of the

24   Federal Rules of Civil Procedure. Where, as here, plaintiffs base their RICO claim

25   on alleged "fraudulent acts" (Complaint ¶ 458), the heightened pleading standard

26

27   _____

     [4] In reality, David Howe is a licensed practicing physician in California specializing
28   in counseling and treating private stem cell patients.

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER

mandated by Rule 9(b) is applicable. *See, e.g., Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc*., 806 F.2d 1393, 1400 (9th Cir. 1986); *see also Stewart Title Guar.*, 2018 WL 322610, at *16 (Rule 9(b) "heightened pleading" requirements apply to RICO claims).  Rule 9(b) states that an allegation of "fraud or mistake… must state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b).  The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity and the role of each defendant in each scheme. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  A plaintiff cannot simply lump together multiple defendants without specifying the role of each defendant in the alleged fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The RICO claim as to David Howe, in contravention of Rule 9(b), is completely devoid of allegations specifying or identifying: (1) a single instance of a $10,000 commercial bribe or kickback, let alone two; (2) who at any of the entities paid the bribe; (3) any documentation evidencing any bribe; or (4) how and when the bribe was paid.  The Complaint also fails to disclose that David Howe was *not* a party to, or bound by, the "Exclusive License."  It fails to even allege that David Howe had any knowledge of the Exclusive License because, in fact, he did not. Therefore, it is not plausible that he could have breached that contract, much less done so in an open-eyed effort to further a criminal conspiracy centered around the contract's breach.

In sum, plaintiffs' RICO claim against David Howe should be dismissed with prejudice because it is neither plausible nor actionable.

**B.    Civil RICO Claims Need to be Highly Scrutinized Because Most are Merely Non-Actionable Dressed-Up Fraud or Contract Claims**

District courts must "scrutinize civil RICO claims early in the litigation to separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud." *MinedMap, Inc. v. Northway Mining, LLC*,

2021 WL 1926452, at *5 (N.D.N.Y. May 13, 2021) *aff'd,* 2022 WL 570082 (2nd Cir. 2022). *See also, Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) ("[C]ourts should strive to flush out frivolous RICO allegations at an early stage of the litigation.").  Indeed, courts must be suspect because civil RICO is "an unusually potent weapon," and "the mere assertion of a RICO claim has an almost inevitable stigmatizing effect on those named as defendants." *Chester Park View, LLC v. Schlesinger*, 2024 WL 2785140, at *5 (S.D.N.Y. May 29, 2024).  RICO claims are very often manifested in the form of a garden variety fraud or breach of contract cases that some plaintiff has attempted to transform into a vehicle for treble damages by resort to what has been referred to as the "litigation equivalent of a thermonuclear device." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998). *See also, Fuji Photo Film U.S.A., Inc. v. McNulty*, 640 F. Supp. 2d 300, 309 (S.D.N.Y. 2009) (same).  In short, "courts must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing." *Helios Int'l. S.A.R.L. v. Cantamessa USA, Inc.*, 2013 WL 3943267, at *5 (S.D.N.Y. July 31, 2013).

Even if plaintiffs had alleged valid predicate acts against David Howe, their RICO claims fail under this heightened scrutiny for all of the reasons that follow.

## C.    Plaintiffs Cannot Show That David Howe Managed, Controlled or Participated in the Purported RICO Enterprise

RICO liability under Section 1962(c) "depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs.'" *Cedric Kushner Promotion, Ltd. v. King*, 533 U.S. 158, 163 (2001) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)) (emphasis in original).  Plaintiffs allege that predicate acts forming the basis of the racketeering enterprise began to be committed in or around 2013 and 2014. Complaint ¶ at 458. There are no allegations, nor can there be, that in this post-2013-time frame David Howe was an employee, agent, officer, director, partner, or board member of

Stemedica, CardioCell, or any of the named defendants.[5]  In fact, Daivd Howe resigned from his employment at Stemedica in May 2011 and is a practicing doctor for his *own* private medical practice.  Nor is it alleged, or can it be, that David Howe is a signatory or a party to any of the agreements referenced in the Complaint, *i.e.*, Stemedica/CardioCell (2013) Exclusive License (Complaint at ¶ 6); Equity Exchange Agreement (2018) (Complaint at  ¶ 20); Contribution Agreement (2013) (Complaint at ¶ 118); Administrative Services Agreement (2013) (Complaint at ¶ 131); and Sublicense Agreement (2019) (Complaint at ¶ 22).  *All* of these contracts were negotiated and executed *after* David Howe's departure from Stemedica, and it is undisputed that his name appears nowhere on them or in correspondence referencing them.

Further, RICO liability cannot be imposed on David Howe because he had no decision-making authority and was not in the chain of command of any purported "enterprise." *See, e.g., MCM Partners, Inc. v. Andrews-Bartlett Assocs., Inc*., 62 F.3d 967, 978 (7th Cir. 1995) (Even if a defendant is associated with an enterprise, there is no liability under RICO if they are "outside the chain of command."); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009) ("The [RICO] statute does not penalize tangential involvement in an enterprise . . . Allegations that a defendant had a business relationship with the putative RICO enterprise or that a defendant performed services for that enterprise do not suffice."); *Uce v. Oral Aesthetic Advoc. Grp., Inc*., 2024 WL 3050720, at *5 (C.D. Cal. Feb. 23, 2024) ("Payment to OAGG for referrals pursuant to the Participation Agreement does not

---

[5] It appears that David Howe's only connection to this case is that he shares the same last name with two of the other defendants.  In the Complaint paragraph describing the defendants, plaintiffs reference David Howe as: "He is also Roger and Maynard Howe's brother." Complaint at ¶ 51.  His beyond tangential connection to this case is further reflected in the fact that he is referenced in only 10 out of the Complaint's 480 allegation paragraphs. Complaint at ¶¶ 2, 51, 57, 61, 64, 257, 311, 448, 449, and 458.

1  rise to the level of taking part in directing the enterprise's affairs as required to state

2  a claim under Section 1962(c) of RICO."); *Walter v. Drayson*, 538 F.3d 1244, 1249

3  (9th Cir. 2008) ( No RICO liability where it was not shown that defendant had

4  "'some part in directing [the enterprise's] affairs.'" "Simply performing services for

5  the enterprise do not rise to the level of direction[.]") (quoting *Reves,* 507 U.S. at

6  179).

7          Additionally, plaintiffs in conclusory and threadbare form, allege that

8  subsequently "the enterprise was joined by David Howe" and that "the participants

9  in this enterprise knowingly agreed to participate in this enterprise and scheme

10  described herein." Complaint at ¶¶ 448-449.  There are *no* allegations as to when

11  David Howe purportedly joined the racketeering enterprise, how he joined, where he

12  joined, his role, the scope of his participation, or when his participation ended.

13  These scant allegations are insufficient to adequately allege David Howe's knowing

14  participation in a RICO enterprise, even assuming one ever existed. *See, e.g.,*

15  *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (Stating that conclusory

16  allegations of racketeering are insufficient to state a claim under RICO); *Raiser v.*

17  *Kleeger*, 2022 WL 2104494, at *1 (C.D. Cal. June 9, 2022),  *appeal dismissed,* 2023

18  WL 4544465 (9th Cir. 2023) ("[C]onclusory allegations are insufficient to state a

19  claim under RICO.").

20      **D.      Plaintiffs Cannot Satisfy the "Relatedness" Element of a Section**

21              **1962(c) RICO Offense**

22          "[T]he heart of any RICO complaint is the allegation of a *pattern* of

23  racketeering." *Agency Holding Corp. v. Malley-Duff & Assoc., Inc*., 483 U.S. 143,

24  154 (1987).  However, the predicate acts constituting the pattern must be "related"

25  and "continuous." *H.J., Inc. v. Nw. Bell Tel. Co*., 492 U.S. 229, 238 (1989).  In other

26  words, each predicate act must fit logically within the overall pattern alleged, as

27  opposed to being an isolated or disconnected event.  To satisfy the horizontal

28  relatedness requirement, a plaintiff must allege that the predicate acts have

similarities regarding the following characteristics: purposes, results, participants, victims, or methods of commission. *Id.* at 240.

Even assuming *arguendo* that David Howe received a kickback for recruiting or referring a patient to a clinic, which he *never* did, this isolated predicate act is alleged to have been committed *only* by David Howe and is unrelated to the other alleged 19 predicate acts or the alleged common purpose of the enterprise.  Indeed, the other 19 alleged acts (all committed by *other* defendants) consist of making false, deceptive and/or misleading statements; offering of a bribe; extortion; stolen property, secret agreements; fraudulent transfer of assets; false reporting of financials; and document falsification, all in favor of the criminal enterprise. Complaint at ¶ 458.  Based on plaintiffs' allegations, the very nature of the commercial bribery claim against David Howe requires that he benefited *himself "without the knowledge or consent"* of his "employer."  Cal. Penal Code § 641.3(a) (emphasis added).  Because there is no allegation that David Howe was an employee of plaintiffs or CardioCell (nor could there be), any commercial bribe claim in this setting would have to be based upon David Howe's (fictional) employment by one of his RICO co-defendants or the enterprise itself.  But if a RICO co-defendant or the enterprise itself were the "employer" in this instance of bribery, David Howe's taking of bribes would by definition have been *against* the enterprise and without its knowledge or consent.  Therefore, this act could not have been related to the alleged pattern of criminal activity of the enterprise.  *See Howard v. America Online Inc*., 208 F.3d 741, 749 (9th Cir. 2000) (Finding that when the purpose, result, victim and method of one set of predicate acts were "strikingly different" from those of the other alleged predicate acts, even though it was alleged that both sets implicated the same participants, this was insufficient to establish relatedness).  Plaintiffs' inconsistent pleading establishes that the alleged predicate act against David Howe does not, and cannot, fit any pattern of RICO criminal activity.

Moreover, the alleged acceptance of a kickback or referral fee by David Howe for sending a patient to Mexico is not sufficiently related to the alleged common purpose of the enterprise which plaintiffs claim "was to defraud investors such as Plaintiffs." Complaint at ¶ 450.  Plaintiffs nowhere allege that David Howe made any false, deceptive, or misleading statements to either of the plaintiffs (or any investor), and in fact he has never met or communicated with them.  It is simply implausible to contend that the acceptance of an undetailed patient recruitment kickback somehow furthers or contributes to the purpose of the alleged enterprise. This would require foreknowledge and intent on David Howe's part – such as, knowledge of the Exclusive License agreement, knowledge of plaintiff's investments, and an intent to deprive plaintiffs and CardioCell of their rights – which has not been and cannot be alleged against David Howe.  Accordingly, Plaintiffs' RICO claim fails the relatedness test as to David Howe.

### E.    Plaintiffs' Section 1962(d) RICO Conspiracy Claim is Not Viable and Should be Dismissed (Claim Nine)

If the Court finds plaintiffs' Section 1962(c) RICO claim fails to state a viable claim for relief, then their Section 1962(d) RICO conspiracy claim must be dismissed as well. *See, e.g., Howard*, 208 F.3d at 751 (If a Section 1962(c) RICO claim does not state an actionable claim, then a Section 1962(d) RICO conspiracy claim cannot be entertained because a Section 1962(c) violation is a requisite element); *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 559 (9th Cir. 2010) (If plaintiff cannot adequately plead a Section 1962(c) substantive violation, a RICO conspiracy claim also does not survive); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F. 3d 990, 1000 (9th Cir. 2014) ("Because we affirm the dismissal of Plaintiffs' RICO allegations, we also affirm the dismissal of Plaintiffs' allegations of RICO conspiracy.")

Even if the RICO claim survives a dismissal challenge, the conspiracy claim is still woefully inadequate to state a claim against David Howe.  In eight short,

1  conclusory paragraphs, plaintiffs attempt to allege that 11 separate defendants,

2  including David Howe, "conspired to violate 18 U.S.C. § 1962(c)." Complaint at ¶

3  462.  There is absolutely no breakdown or differentiation for any of the 11

4  defendants as to how, why or when they conspired.  "Rule 9(b) does not allow a

5  complaint to merely lump multiple defendants together but [instead] 'require[s]

6  plaintiffs to differentiate their allegations when suing more than one defendant . . .

7  and inform each defendant separately of the allegations surrounding his alleged

8  participation in the fraud'" or conspiracy. *Swartz,* 476 F.3d at 764-65 (quoting

9  *Haskins v. R.J. Reynolds Tobacco*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)); *see*

10  *also Borrego Comty. Health Foundation v. Hebets*, 2025 WL 934528, at *15 (S.D.

11  Cal. Mar. 27, 2025) (Fed. R. Civ. P. Rules 8 and 9 "prohibit 'defendant lumping'

12  and 'shotgun pleading.'")  This lack of specificity warrants dismissal.

13      Additionally, an essential element of a Section 1962(d) RICO conspiracy

14  claim is that the defendant was "aware of the essential nature and scope of the

15  enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346

16  (9th Cir. 1993); *see also, Arch Ins. Co. v. Allegiant Pro. Bus. Servs., Inc.,* 2012 WL

17  1400302, at *5 (C.D. Cal. Apr. 23, 2012) (Dismissing RICO claim for failure to

18  allege facts showing a defendant "knew about and intended to commit the alleged

19  fraud.")  Nowhere do plaintiffs specifically allege how, why, or when David Howe

20  purportedly knowingly joined the enterprise or how he became aware of its purpose

21  and its purported racketeering activities. Complaint at ¶ 448.  Nor is there any

22  specific Rule 9(b) compliant allegation that David Howe "intended" to participate in

23  an unlawful RICO enterprise which plaintiffs allege began in approximately 2013 or

24  2014. Complaint at ¶ 458.  Critically, the factual reality that plaintiffs fail to disclose

25  is that David Howe resigned from the employment of Stemedica back in May of

26  2011.  David Howe was long gone before any purported racketeering enterprise was

27  formed.  Accordingly, there are no plausible allegations linking David Howe to any

28  unlawful continuing RICO enterprise.  Consequently, a RICO conspiracy claim

WAYMAKER

1   against David Howe is not plausible and cannot stand.

2   **F.      Plaintiffs' RICO Claims Are Time-Barred**

3       "The statute of limitations for civil RICO actions is four years." *Pincay v.

4   Andrews*, 238 F.3d 1106, 1108 (9th Cir 2001).  Courts in the Ninth Circuit "have

5   continuously followed the 'injury discovery' statute of limitations rule for civil

6   RICO claims." *Id*. (citing *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996)).

7   The injury discovery rule provides that "the civil RICO limitations period 'begins to

8   run when a plaintiff knows or should know of the injury that underlies [the] cause of

9   action.'" *Grimmett*, 75 F.3d at 510.  However, "[t]he plaintiff need not discover that

10  the injury is part of a 'pattern of racketeering' for the period to begin to run." *Id*.;

11  *see also Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("[W]e have been at pains to

12  explain that discovery of the injury, not discovery of the other elements of a claim,

13  is what starts the clock.")  Moreover, a "plaintiff is deemed to have had constructive

14  knowledge if it had enough information to warrant an investigation which, if

15  reasonably diligent, would have led to discovery of the fraud." *Pincay*, 238 F.3d at

16  1110 (quoting *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 275

17  (9th Cir. 1988)).

18      Assuming for the sake of argument that any of plaintiffs' 20 alleged

19  "predicate acts" are sufficient to sustain a RICO claim, some of them also glaringly

20  indicate that plaintiffs were on notice of the facts underlying the alleged false

21  statements and fraud more than four years before filing this case.  Indeed, four

22  predicate acts are alleged to have occurred in 2013; two in 2014; and two in 2015.

23  Complaint at ¶ 458.

24      Additionally, certain of the alleged acts of fraud, misrepresentations, and/or

25  omissions put plaintiffs on inquiry or constructive notice sufficient to trigger the

26  RICO statute of limitations, such as: (1) non-payments under the CardioCell 2013

27  Business Plan; (2) acts to prevent the proposed Aztra Zeneca investment/acquisition;

28  (3) Stemedica's failure to provide stem cells under the Contribution Agreement; (4)

the disappearance of a substantial investment by a Saudi Arabian investor; and (5) the public filing of the Nevada lawsuit. Complaint at ¶¶ 120, 140, 315-320, 352.

Thus, plaintiffs had at least constructive notice of the alleged acts sounding in fraud as early as 2013 and 2014 yet waited more than four years to file their RICO action. Consequently, plaintiffs' RICO claims are time-barred by the statutory four-year limitations period and must be dismissed.[6]

No amendment can cure this fatal pleading defect.

### G.     Plaintiffs' "Unjust Enrichment" Claim Against David Howe is Deficient as a Matter of Law (Claim Eleven)

David Howe is named as a defendant in plaintiffs' so-called cause of action for "unjust enrichment." Complaint at ¶¶ 477-482. There are *no* allegations, however, specific to David Howe in this purported claim for relief, and the cause of action should be dismissed against David Howe for that reason alone.

More importantly, this claim must be dismissed because "[t]here is no cause of action in California labeled 'unjust enrichment.'" *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 477 (2022); *see also*, *Castillo v. Toll Bros., Inc*., 197 Cal. App. 4th 1172, 1210 (2011) (California does not recognize unjust enrichment as a separate cause of action); *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action . . . it is a general principle underlying various doctrines and remedies, including quasi-contract.")

Further, this Court in various rulings has recently dismissed "unjust enrichment" claims because under California law they are not standalone claims and generally are not recognized as a cause of action. *See, e.g.*, *Greenley v. Kochova Inc*., 684 F. Supp. 3d 1024, 1055 (S.D. Cal. 2023); *JBS Packerland Inc. v. Phillips*

---

[6] Although plaintiffs have alleged their claims are timely, the tolling agreement entered into on June 24, 2021, still does not serve to resuscitate their stale time-barred RICO claims. Complaint at ¶¶ 375-385.

*Cattle Co., Inc.*, 2025 WL 605045 (S.D. Cal. Feb. 24, 2025).

Finally, there are *no* allegations as to how David Howe was unjustly enriched to the detriment of either of the plaintiffs. Indeed, no contractual or other relationship is alleged to have existed between either of the plaintiffs and David Howe. The Complaint, in improper shotgun fashion, merely alleges that "Plaintiffs invested more than $20 million in CardioCell" and that "defendants" destroyed CardioCell and profited by licensing its "cardiovascular rights." Complaint at ¶ 479. Yet, the Complaint is conspicuously silent as to the amount of Davis Howe's purported wrongful enrichment, his involvement in any wrongful licensing scheme, how he "destroyed" CardioCell, or the time frame. Even if such a cause of action were recognized in California, dismissal of this claim with prejudice against David Howe is warranted.

## V.    CONCLUSION

For the reasons set forth above, the claims in the Complaint against David Howe (Claim numbers Eight, Nine, and Eleven) are deficient and should be dismissed. Because any attempted amendment by plaintiffs to cure would be futile, the dismissal should be with prejudice and without leave to amend.

DATED: May 12, 2025                    WAYMAKER LLP


By:   *__/s/ Ryan G. Baker__*
          Ryan G. Baker
          Jaime W. Marquart
          Donald R. Pepperman

          *Attorneys for Defendant David Howe*

DEFENDANT DAVID HOWE'S MOTION TO DISMISS AND JOINDER