BOWMAN AND BROOKE LLP
Theodore Dorenkamp III (SBN: 277004)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No: 310/768-3068
Fax No: 310/719-1019
Theodore.DorenkampIII@bowmanandbrooke.com

Attorneys for Defendant
MICHAEL K. STEINHAUSER

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>     Plaintiffs,<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>     Defendants. | **CASE NO: 3:25-cv-00459-BAS-SBC**<br><br>Assigned to: Hon. Cynthia Bashant<br><br>**DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**HEARING DATE:  July 18, 2025**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**<u>TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:</u>**

Please take notice that on July 18, 2025, or as soon thereafter as the matter may be heard, Defendant Michael K. Steinhauser ("Steinhauser"), through his undersigned counsel, will and hereby does move this Court for an Order dismissing

1

the Amended Complaint and all causes of action against Steinhauser pursuant to Federal Rules of Civil Procedure 12(b)(6).

Steinhauser brings this Renewed Motion because Count VIII of Plaintiffs' Amended Complaint, which alleges that Steinhauser aided and abetted in an alleged fraudulent transfer of Stemedica in violation of the California Uniform Voidable Transactions Act, fails to state a claim against Steinhauser under Fed. R. Civ. P. 12(b)(6).

This Renewed Motion is based on this Notice of Renewed Motion, the attached Memorandum of Points and Authorities, all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court before its ruling.


DATED:  June 13, 2025                              BOWMAN AND BROOKE LLP


                                    BY:   _/S/ Theodore Dorenkamp III_
                                          Theodore Dorenkamp III
                                          Attorneys for Defendant
                                          MICHAEL K. STEINHAUSER

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS

                                                              3:25-cv-00459 BAS SBC

## I.    PRELIMINARY STATEMENT

Steinhauser moves to dismiss Plaintiffs' claim against him for Aiding and Abetting Intentional Fraudulent Transfer under Cal. Civ. Code § 3439.04(a)(1) (Count VIII) because Plaintiffs have failed to meet the statutory requirements necessary to show that a fraudulent transfer occurred from Stemedica Cell Technologies, Inc. ("Stemedica") to SanoStem Global LLC ("SanoStem").

## II.    RELEVANT ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiffs allege a vast and intricate web of alleged wrongdoing related to a company called Stemedica, a stem cell manufacturing company. (*See generally* Doc. 32.)  Plaintiffs, who are citizens of Russia with extensive experience in the medical field, allege that they each invested millions of dollars in CardioCell, LLC ("CardioCell") and other Stemedica subsidiaries beginning in 2013 based on false statements made by one or more of the Defendants *other than* Steinhauser.  (*Id.* at ¶¶ 36-38, 154.)  At some point, Plaintiffs consolidated all of their $20 million of investments into CardioCell, and Plaintiffs then allege that Defendants "the Howe brothers and Dirk O'Hara" "slowly and systematically destroy[ed] CardioCell." (*Id.* at ¶¶ 143, 424-425, 435, 437.)

Plaintiffs claim that they "ultimately uncovered Defendants' elaborate fraudulent scheme to destroy CardioCell in early 2021." (*Id.* ¶ 409.)  After Plaintiffs confronted some of the Defendants with these claims, the parties entered into a tolling agreement on June 24, 2021, to toll the limitations period for these claims (the "Tolling Agreement"). (*Id.* ¶ 410.)  The parties then agreed to amend the Tolling Agreement six subsequent times to toll the limitations period through February 28, 2025.  (*Id.*)

Steinhauser did not enter the picture until 2023 when he began to serve as Stemedica's CEO—long after Plaintiffs and the Moving Defendants had entered into their Tolling Agreement for these alleged claims.  (*Id.* at ¶¶ 30, 410.)  As it relates to Steinhauser, Plaintiffs do not contend he had any involvement in the alleged

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS

claims that precipitated the Tolling Agreement. (*See generally* Doc. 32.) Plaintiffs instead allege that Steinhauser "assisted the Howe brothers with the sale of Stemedica to SanoStem to escape liability to Plaintiffs and other Stemedica creditors." (*Id.* at ¶ 61; *see also id.* at ¶ 390 ("As CEO of Stemedica, [Steinhauser] appears to have been involved in orchestrating the sale of Stemedica described herein" in 2025).)

Based on these allegations that Steinhauser "assisted" other Defendants in the alleged sale of Stemedica, Plaintiffs sued Steinhauser for Aiding and Abetting Intentional Fraudulent Transfer under Cal. Civ. Code § 3439.04(a)(1) (Count VIII). (*Id.* at ¶¶ 480-487.) Steinhauser now moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6).

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

When allegations sound in fraud, the pleading party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.,* 567 F.3d 1120,

1124 (9th Cir. 2009) (quoting *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001)).  At a minimum, the allegations must include "the who, what, when, where, and how" of the purported misrepresentation(s).  *Kearns,* 567 F.3d at 1124 (citations omitted).

"It is established law, in [the Ninth] circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  "A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* at 1107.

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1340 (9th Cir. 1995)).  The court need not, however, "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied,* 454 U.S. 1031.  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIX,* 139 F.3d 696, 699 (9th Cir. 1998).

## IV.    PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS TO PROVE A FRAUDULENT TRANSFER OCCURRED UNDER THE UVTA

Count Eight of the Amended Complaint alleges that Steinhauser, along with other co-defendants, aided and abetted the alleged intentional fraudulent transfer of Stemedica to SanoStem in violation of the California Uniform Voidable Transactions Act ("UVTA").  (Doc. 32 at ¶¶ 480-487.)  Because Plaintiffs have alleged no facts, nor could they, to show that an alleged fraudulent transfer of Stemedica to SanoStem occurred, Plaintiffs cannot show that Steinhauser "aided and abetted" in a fraudulent transfer.  *See In re Ryan*, Bankr. No. 05-32933DM, 2008

WL 4829947, at *3 (Bankr. N.D. Cal. 2008) ("Without the underlying tort of fraudulent transfer, under California law the [Plaintiffs] have no independent claim against defendant [] for a conspiracy to commit, or aid and abet in, the tortious act of fraudulent transfer."). Consequently, Count Eight against Steinhauser should be dismissed under Fed. R. Civ. P. 12(b)(6).

The UVTA permits a creditor to sue a debtor to set aside a transfer of property where the transfer defrauds the creditor through actual or constructive fraud. *See generally* Ca. Civ. Code § 3439.04. To bring a claim for actual fraud, Plaintiffs must show that the transfer was made with "actual intent to hinder, delay or defraud any creditor of the debtor." Ca. Civ. Code § 3439.04(a)(1). To bring a claim for constructive fraud, Plaintiffs must show that the debtor did not receive "reasonably equivalent" value for the transfer, and the transfer was made when the debtor was "engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or the debtor "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Ca. Civ. Code § 3439.04(a)(2).

The UVTA defines "creditor" as "a person that has a claim, and includes an assignee of a general assignment for the benefit of creditors, as defined in Section 493.010 of the Code of Civil Procedure, or a debtor." Ca. Civ. Code § 3439.01(c). The UVTA defines "debtor" as "a person that is liable on a claim." Ca. Civ. Code § 3439.01(e). Where a fraudulent conveyance under the UTVA involves the debtor transferring property to a third person to defraud the creditor, the UTVA also permits the creditor to "reach property in the hands of a transferee." *See Opperman*, 87 F. Supp.3d at 1065. Here, Plaintiffs admit in their Amended Complaint that no transfer has occurred yet, cannot satisfy the pleading requirements necessary to show they are "creditors," and thus, have no standing to bring a claim against Steinhauser for aiding and abetting a fraudulent transfer. *See In re Ryan*, 2008 WL 4829947, at *3.

32010343v1

6

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS

3:25-cv-00459 BAS SBC

Plaintiffs' Amended Complaint includes a new allegation that contradicts Plaintiffs' claim that a transfer of Stemedica to SanoStem even occurred.   In paragraph 407 of the Amended Complaint, Plaintiffs acknowledge that Shivinder Deol, SanoStem's Global chairman, e-mailed Plaintiffs' counsel on March 12, 2025, "asserting, among other things, that '*no money has been paid to date*.  If the sale does get voided, that will mean eventually, *no money will be transferred' in connection with the sale of Stemedica to SanoStem*."  (Doc. 32 at ¶ 407 (emphasis added).)  In the absence of an actual transfer, Plaintiffs' fraudulent transfer claims all fail under UTVA as a matter of law. *See* Ca. Civ. Code § 3439.01(m) ("'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, license, and creation of a lien or other encumbrance.").

Further, Plaintiffs have not alleged any facts to show that they are "creditors" who have standing to bring a claim under the UVTA.  Plaintiffs' contention that they are creditors is premised on "Stemedica's liability" to Plaintiffs, yet Plaintiffs have alleged no viable legal theory of recovery against Stemedica.  Indeed, the gravamen of Plaintiffs' claim is that Stemedica destroyed CardioCell by failing to comply with contractual obligations to supply stem cells and funding, but Plaintiffs themselves were not parties to these contracts and have no direct claim as a "creditor."

Because Plaintiffs have alleged no facts under the UVTA to show that they were a "creditor", Plaintiffs' fraudulent transfer claims fail and Plaintiffs' aiding and abetting fraudulent transfer claim against Steinhauser should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

/ / /

/ / /

/ / /

/ / /

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS

3:25-cv-00459 BAS SBC

## V.   CONCLUSION

For the foregoing reasons, Defendant Michael K. Steinhauser's Renewed Motion to Dismiss should be granted without leave to amend.


DATED:  June 13, 2025                         BOWMAN AND BROOKE LLP


                                        BY:   */S/ Theodore Dorenkamp III*
                                              Theodore Dorenkamp III
                                              Attorneys for Defendant
                                              MICHAEL K. STEINHAUSER

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically transmitted the foregoing **DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF RENEWED MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** in support thereof to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

*/S/ Theodore Dorenkamp III*
Theodore Dorenkamp III