BOWMAN AND BROOKE LLP
Theodore Dorenkamp III (SBN: 277004)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No: 310/768-3068
Fax No: 310/719-1019
Theodore.DorenkampIII@bowmanandbrooke.com

Attorneys for Defendant
MICHAEL K. STEINHAUSER

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV, <br><br> Plaintiffs, <br><br> STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL, <br><br> Defendants. | **CASE NO: 3:25-cv-00459-BAS-SBC** <br><br> Assigned to: Hon. Cynthia Bashant <br><br> **DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF PARTIAL JOINDER TO DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARAS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> **HEARING DATE:  July 18, 2025** <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Under Rule 10(c) of the Federal Rules of Civil Procedure, Defendant Michael K. Steinhauser ("Steinhauser") joins and incorporates by reference, in part, Defendants Maynard Howe, Nikolai Tankovich, Craig Carlson, Roger Howe, and Dirk O'Hara's Motion to Dismiss Amended Complaint (collectively, "the Moving Defendants"). Specifically, Steinhauser joins the Moving Defendants' arguments that: (1) Plaintiffs' RICO claims must be dismissed (Dkt. No. 38, at 6:27-18:13); (2)

Plaintiffs' remaining state law claims should be dismissed for lack of subject-matter jurisdiction (*Id.* at 19:10-24);[1] and (3) Plaintiffs' fraudulent transfer claims should be dismissed for failure to state a claim (*Id.* at 24:24-25:7).[2]

In addition to the arguments outlined above as presented by the Moving Defendants, which Steinhauser adopts by reference, Steinhauser submits the following brief arguments in supplement:

**Plaintiffs Lack Standing to Assert Claims Against Steinhauser**

Plaintiffs' Amended Complaint alleges that Steinhauser "assisted the Howe brothers with the sale of Stemedica to SanoStem to escape liability to Plaintiffs and other Stemedica creditors." (Dkt. No. 32 [FAC] at ¶ 61; *see also id.* at ¶ 390 ("As CEO of Stemedica, [Steinhauser] appears to have been involved in orchestrating the sale of Stemedica described herein" in 2025).) The FAC further alleges that Steinhauser, by virtue of his position as CEO, aided and abetted the alleged intentional fraudulent transfer of Stemedica to SanoStem in violation of the California Uniform Voidable Transactions Act ("UVTA"). (*Id.* at ¶¶ 480-487.) Yet the FAC alleges no facts, nor could it, to show that an alleged fraudulent transfer of Stemedica to SanoStem occurred, which is required to show that Steinhauser "aided and abetted" in a fraudulent transfer. *See In re Ryan*, Bankr. No. 05-32933DM, 2008 WL 4829947, at *3 (Bankr. N.D. Cal. 2008) ("Without the underlying tort of fraudulent transfer, under California law the [Plaintiffs] have no independent claim

---

[1] Although the RICO count was not alleged against Steinhauser, he joins in the Moving Defendants' arguments that Plaintiffs' RICO claims should be dismissed because dismissal of the RICO count will impact this Court's subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiffs have also alleged that diversity jurisdiction exists, but as the Moving Defendants recognized, diversity cannot exist where Plaintiffs are citizens of Russia and several of the Defendants are organized under the laws of the People's Republic of China. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994).

[2] Steinhauser files this Joinder with full reservation, and without waiver, of his rights to file any other motions or filings and to assert any rights, defenses and/or other arguments in this and any other case, including but not limited to all motions, arguments, and defenses under Federal Rule of Civil Procedure 12, including those related to subject matter and personal jurisdiction, severance and all other issues.

against defendant [] for a conspiracy to commit, or aid and abet in, the tortious act of fraudulent transfer.").

Further, the UVTA permits only a creditor to sue a debtor to set aside a transfer of property where the transfer defrauds the creditor through actual or constructive fraud. *See generally* Ca. Civ. Code § 3439.04. The UVTA defines "creditor" as "a person that has a claim and includes an assignee of a general assignment for the benefit of creditors, as defined in Section 493.010 of the Code of Civil Procedure, or a debtor." Ca. Civ. Code § 3439.01(c).

Plaintiffs have not alleged any facts to show that they are "creditors" who have standing to bring a claim under the UVTA. As explained in the Moving Defendants' Motion to Dismiss, Plaintiffs' contention that they are creditors is premised on "Stemedica's liability" to Plaintiffs, yet Plaintiffs have alleged no viable legal theory of recovery against Stemedica. (*See* Dkt. No. 38 at 24:24-25:7.) Indeed, "the gravamen of Plaintiffs' claim is that Stemedica destroyed CardioCell by failing to comply with contractual obligations to supply stem cells and funding[,]" but Plaintiffs themselves were not parties to these contracts and have no direct claim as a "creditor." (*See id.*)

In addition, to bring a claim for actual fraud, the Plaintiff creditor must show that the transfer was made with "actual intent to hinder, delay or defraud any creditor of the debtor." Ca. Civ. Code § 3439.04(a)(1). However, Plaintiffs acknowledge that Shivinder Deol, SanoStem's Global chairman, e-mailed Plaintiffs' counsel on March 12, 2025, "asserting, among other things, that '***no money has been paid to date***. If the sale does get voided, that will mean eventually, ***no money will be transferred' in connection with the sale of Stemedica to SanoStem***." (Dkt. No. 32 at ¶ 407 (emphasis added).) In the absence of an actual transfer, Plaintiffs' fraudulent transfer claims all fail under UTVA as a matter of law. *See* Ca. Civ. Code § 3439.01(m).

Thus, because Plaintiffs cannot satisfy the pleading requirements necessary to show they are creditors and admit in their Amended Complaint that no transfer has occurred yet, let alone a fraudulent transfer, they have no standing to bring a claim against Steinhauser for aiding and abetting a fraudulent transfer. *See In re Ryan*, 2008 WL 4829947, at *3.

## Conclusion

For the reasons explained in the Moving Defendants' Motion to Dismiss Amended Complaint and those set forth above,

(1) Plaintiffs' First Amended Complaint (Dkt. No. 32) should be dismissed in its entirety and with prejudice, under Rule 12(b)(6) for failure to establish standing to bring RICO claims, for failure to state a claim upon which relief can be granted, and under Rule 9(b) for failure to plead fraud with the required particularity; and

(2) In addition, or in the alternative, Plaintiffs' claims against Steinhauser should be dismissed under Rule 12(b)(6) for failure to establish standing to bring aiding and abetting fraudulent transfer claim against Steinhauser, for failure state a claim against Steinhauser upon which relief can be granted, and under Rule 9(b) for failure to plead fraud with the required particularity.

Respectfully submitted,

DATED:  June 20, 2025                                    BOWMAN AND BROOKE LLP

                                                        BY:   */S/ Theodore Dorenkamp III*
                                                              Theodore Dorenkamp III
                                                              Attorneys for Defendant
                                                              MICHAEL K. STEINHAUSER

4

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF PARTIAL JOINDER TO MOTION TO DISMISS
3:25-cv-00459 BAS SBC
10342043v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically transmitted the foregoing **DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF PARTIAL JOINDER TO DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARAS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

*/S/ Theodore Dorenkamp III*
Theodore Dorenkamp III

DEFENDANT MICHAEL K. STEINHAUSER'S NOTICE OF PARTIAL JOINDER TO MOTION TO DISMISS
3:25-cv-00459 BAS SBC
10342043v1