1  BOWMAN AND BROOKE LLP
2  Theodore Dorenkamp III (SBN: 277004)
   970 West 190th Street, Suite 700
3  Torrance, California 90502
4  Tel No: 310/768-3068
   Fax No: 310/719-1019
5  Theodore.DorenkampIII@bowmanandbrooke.com

6
7  Attorneys for Defendant
   MICHAEL K. STEINHAUSER
8
9           IN THE UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11

12 | NINA VIKHRIEVA and SERGEY         | Case No. 25CV459 BAS SBC
13 | LESHKOV,                          |
14 |          Plaintiffs,              | Assigned to: Hon. Cynthia Bashant
15 | STEMEDICA CELL                    | **REPLY MEMORANDUM OF**
16 | TECHNOLOGIES, INC.;               | **POINTS AND AUTHORITIES IN**
17 | ZIUZHITANG CO., LTD.; ZHUHAI      | **SUPPORT OF DEFENDANT**
   | HENGQIN JIUZHITANG YONGHE         | **MICHAEL K. STEINHAUSER'S**
18 | QIHANG FUND; JIUZHITANG           | **MOTION TO DISMISS**
19 | MAKER (BEIJING) CELL              | **PLAINTIFFS' AMENDED**
20 | TECHNOLOGY CO., LTD.;             | **COMPLAINT**
   | MAYNARD A. HOWE; ROGER J.         |
21 | HOWE; DAVID HOWE; NIKOLAI I.      |
22 | TANKOVICH; DIRK P. O'HARA;        |
   | SIMON GUO; CRAIG W. CARLSON;      |
23 | MICHAEL K. STEINHAUSER;           |
24 | SANOSTEM GLOBAL LLC;              |
25 | DUNIYA SANOSTEM INC.; AND         |
   | SHIVINDER S. DEOL,                |
26 |                                   |
27 |          Defendants.              |

28

1

Case No. 3:25-cv-00459 BAS SBC

# TABLE OF CONTENTS

I.   PLAINTIFFS ARE NOT CREDITORS UNDER UVTA ............................. 4

II.  NO FRAUDULENT TRANSFER OCCURRED UNDER THE UVTA ....... 5

III. CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Statutes**

Ca. Civ. Code § 3439.01(b) ................................................................................. 5  
Ca. Civ. Code § 3439.01(b)-(c) ............................................................................ 4  
Ca. Civ. Code § 3439.01(m) ................................................................................. 6

Defendant Michael K. Steinhauser ("Steinhauser") submits this Reply in support of his Motion to Dismiss the Aiding and Abetting Intentional Fraudulent Transfer claim asserted in the Amended Complaint of Plaintiffs Nina Vikhrieva and Sergey Leshkov ("Plaintiffs") against Steinhauser. Because Plaintiffs cannot show that they are "creditors" within the meaning of the California Uniform Voidable Transactions Act ("UVTA") and cannot show that a "transfer" occurred under the UTVA, Steinhauser requests that the Court grant his Motion to Dismiss.[1]

## I. PLAINTIFFS ARE NOT CREDITORS UNDER UVTA

Plaintiffs brought one claim against Steinhauser—aiding and abetting intentional fraudulent transfer under the UVTA. (Doc. 32 at ¶¶ 480-487.) As explained in Steinhauser's moving brief, Plaintiffs cannot show they are "creditors" of Stemedica Cell Technologies, Inc. ("Stemedica") within the meaning of the UVTA (*see* Doc. 39 at 7) and therefore cannot maintain their sole claim against Steinhauser.

In response to this argument, Plaintiffs contend they are Stemedica's "creditors" and have a valid "claim" based on their alleged "legal claims against Stemedica[.]" (Doc. 48 at 10). The UVTA defines a "creditor" as a person who has a claim, and it defines a "claim" as a "right to payment." Ca. Civ. Code § 3439.01(b)-(c). For Plaintiffs to maintain their fraudulent transfer claims—including the aiding and abetting intentional fraudulent transfer claim against

---

[1] Plaintiffs contend that Steinhauser filed an untimely joinder to the Motion to Dismiss of Defendants Maynard Howe, Nikolai Tankovich, Craig Carlson, Roger Howe, and Dirk O'Hara ("the Moving Defendants"). (Doc. 48 at 1, n.1.) Steinhauser filed the joinder to the Moving Defendants' Motion to Dismiss on June 20, 2025, because Steinhauser needed to first review the Moving Defendants' Motion to Dismiss and decide which arguments he supported before filing his Joinder. In any event, Plaintiffs have suffered no prejudice here. Steinhauser filed his Joinder on June 20, 2025, and Plaintiffs sought and obtained an extension of time until July 17, 2025, to respond to all of the filings, including the Joinder. (Doc. 41.)

Steinhauser—Plaintiffs need to show that they have a right to payment from Stemedica.

Plaintiffs' only claims against Stemedica to show that they are "creditors" with a "right to payment" are the RICO claims (Counts Nine and Ten of the Amended Complaint). (Doc. 32 at ¶¶ 488-515.)[2] But as explained in the Moving Defendants' Motion to Dismiss, these alleged claims all fail as a matter of law because (i) they are untimely, (ii) Plaintiffs lack the requisite statutory standing to bring them, (iii) Plaintiffs' allegations demonstrate that no fraudulent misrepresentations occurred, and (iv) Plaintiffs failed to allege the requisite pattern of racketeering. (*See* Doc. 38-1 at 6-19.)

Plaintiffs also appear to rely on the fact that the parties entered into a tolling agreement as proof that Plaintiffs' legal claims against Stemedica are valid. (*See* Doc. 48 at 10.) But as Plaintiffs admit in their Amended Complaint, the tolling agreement merely "preserv[ed] the claims' status quo." (Doc. 32 at ¶¶ 411-417.) The tolling agreements do not address liability or the validity of such alleged claims, and for all of the reasons stated in Moving Defendant's Motion to Dismiss, these RICO claims fail as a matter of law. (*See* Doc. 38-1 at 6-19.)

Because Plaintiffs have not alleged any viable legal claims against Stemedica, they do not have a "claim" and are not "creditors" of Stemedica within the meaning of the UTVA. Accordingly, Plaintiffs' aiding and abetting intentional fraudulent transfer claim against Steinhauser must be dismissed.

## II. NO FRAUDULENT TRANSFER OCCURRED UNDER THE UVTA

Plaintiffs' aiding and abetting a fraudulent transfer claim against Steinhauser also fails for the separate, yet equally important, reason that Plaintiffs have not

---

[2] Plaintiffs also assert an accounting claim against Stemedica in the Amended Complaint. (Doc. 32 at ¶¶ 516-524.) This accounting claim does not make Plaintiffs "creditors" under UTVA because it seeks an equitable remedy and does not establish a "right to payment" as Ca. Civ. Code § 3439.01(b) requires.

alleged facts sufficient to show that a "transfer" under the UVTA occurred.

Plaintiffs contend that Steinhauser's moving brief unfairly points to one allegation in the Amended Complaint where Defendant Shivinder Deol informed Plaintiffs that: "no money has been paid to date. If the sale does get voided, that will mean eventually, no money will be transferred in connection with the same of Stemedica to SanoStem." (Doc. 32 at ¶ 407.) Steinhauser's moving brief focused on this allegation in the Amended Complaint for an obvious reason—it shows no actual "transfer" occurred under the UVTA.

The UVTA defines "transfer" as "means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, **and includes payment of money**, release, lease, license, and creation of a lien or other encumbrance." Ca. Civ. Code § 3439.01(m) (emphasis added). A "payment of money, release, lease, license, and creation of a lien or other encumbrance" is not optional for a transfer under the UVTA; it is *required* to show that a transfer occurred. Here, Plaintiffs have alleged no facts that meet this statutory prerequisite, and instead, their Amended Complaint admits the opposite when it cites to the statement from Shivinder Deol that "**no money has been paid to date**" in connection with the alleged sale of Stemedica to SanoStem. (Doc. 32 at ¶ 407 (emphasis added).)

Plaintiffs contend that even if their Amended Complaint contains ambiguous allegations "due to [Mr.] Deol's email" resolving such factual issues is improper on a motion to dismiss. (Doc. 48 at 11.) This argument misses the point. Steinhauser is not asking the Court to address a factual ambiguity in Plaintiffs' Amended Complaint. Steinhauser is asking the Court to address the basic pleading standard that Plaintiffs failed to meet to show that a "transfer" occurred under UTVA, and Plaintiffs' own allegations support this argument. (*See* Doc. 32 at ¶ 407.) Without alleging facts sufficient to show that a payment of money occurred in the alleged

sale of Stemedica to SanoStem, Plaintiffs' claims for fraudulent transfer under the UVTA—including the aiding and abetting intentional fraudulent transfer claim against Steinhauser—all fail as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Defendant Michael K. Steinhauser's Motion to Dismiss should be granted without leave to amend.

DATED: August 8, 2025                                     BOWMAN AND BROOKE LLP

                                                                          BY:  */S/ Theodore Dorenkamp III*
                                                                                 Theodore Dorenkamp III
                                                                                 Attorneys for Defendant
                                                                                 MICHAEL K. STEINHAUSER

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, I electronically transmitted the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL K. STEINHAUSER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

*/S/ Theodore Dorenkamp III*
Theodore Dorenkamp III