Jaime W. Marquart (Bar No. 200344)
  jmarquart@waymakerlaw.com
Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant David Howe*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA AND SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND: JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMIN GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>Defendants. | Case No. 3:25-cv-00459-BAS-SBC<br><br>**DEFENDANT DAVID HOWE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS NINE, TEN AND TWELVE IN THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); AND JOINDER**<br><br>Honorable Cynthia A. Bashant<br><br>Hearing Date: August 15, 2025<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 3

    A. Plaintiffs' RICO Claims Against Dr. David Howe (Claims Nine and Ten) Fail as a Matter of Law ........................................................... 3

        1. Plaintiffs fail to allege a single instance of commercial bribery against Dr. Howe sufficient to state a Section 1962(c) RICO claim. ................................................................. 3

        2. Plaintiffs' argument that Rule 9(b) should not apply to their claims is meritless because the entire FAC is grounded on an alleged unified course of fraudulent conduct. ........................................................................................... 5

        3. Plaintiffs fail to allege that Dr. Howe controlled, managed, or participated in the alleged RICO enterprise to defraud Plaintiffs. ........................................................................................ 6

        4. The FAC fails to satisfy the relatedness element of a Section 1962(c) RICO claim. ............................................................ 7

        5. The FAC fails to state a Section 1962(d) RICO conspiracy claim because it fails to allege an agreement by Dr. Howe to intentionally participate in a "scheme to defraud the CardioCell investors." ................................................................... 8

        6. Plaintiffs' RICO claims are time-barred because they had actual and constructive knowledge of their purported injury. ......................................................................................... 9

    B. Plaintiffs' Unjust Enrichment Claim Against Dr. Howe (Claim 12) Fails Because the FAC Does Not Allege Any Fraudulent Conduct by Dr. Howe and That He Obtained Any Benefit From Plaintiffs ............................................................................................... 9

III. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chang v. Farmers Insurance Co., Inc.*,
    648 F. Supp. 3d 1174 (C.D. Cal. 2022) ................................................................. 9

*Hal Roach Studios Inc. v. Richard Feiner and Co.*,
    896 F.2d 1542 (9th Cir. 1989) .............................................................................. 3

*Howard v. America Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) ................................................................................ 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ......................................................................... 5, 6

*Ketayi v. Health Enrollment Group*
    516 F. Supp. 3d 1092 (S.D. Cal. 2021) ................................................................ 8

*Klehr v. A.O. Smith Corp.*,
    521 U.S. 179 (1997) ............................................................................................. 9

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) .............................................................................. 9

*Natural-Immunogenics Corp. v. Newport Trial Group*,
    No. 8:15-cv-02034-JVS-JCGx, 2020 WL 7263544 (C.D. Cal. Nov. 23, 2020) ........ 5

*People v. Riley*,
    240 Cal. App. 4th 1152 (2015) ............................................................................ 4

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ............................................................................................. 7

*Walter v. Drayson*,
    538 F.3d 1244 (9th Cir. 2008) ............................................................................. 6

**Statutes**

Cal. Penal Code § 641.3 ............................................................................................ 4, 5

## I. INTRODUCTION

Plaintiffs' opposition (Dkt. 47 ("Opposition")) to defendant Dr. David Howe's motion to dismiss for failure to state a claim (Dkt. 37 ("Motion")) predictably fails to salvage plaintiffs' incurably deficient claims in their First Amended Complaint (Dkt. 32 ("FAC")) against Dr. Howe. The conclusory factual allegations in the bloated FAC against Dr. Howe, even accepted as true, by no plausible means, rise to the level of any actionable wrongful conduct. At bottom, all the FAC alleges is that Dr. Howe served his patients by accompanying a few of them to Mexico (well after he left the employ of Stemedica) to receive stem cell treatments. The FAC then attempts to parlay those trips (in which Dr. Howe was compensated solely by those patients) into the baseless conclusion that Dr. Howe thus knowingly participated in a RICO scheme to defraud the plaintiffs by diverting stem cells which other defendants allegedly promised to plaintiffs. These conclusory and threadbare allegations cannot give rise to any inference of liability and dismissal is therefore warranted.

Not only did the FAC not cure the deficiencies of the initial Complaint, but it became more implausible as to Dr. Howe, if that was even possible. For example, the original Complaint alleged that Dr. Howe "routinely accepted kickbacks from Rivadavia, NovaStem, and Clinica Santa Clarita" in the amount of $10,000 per patient. (Dkt. 1 ¶¶ 257, 311.) After Dr. Howe's counsel sent a Rule 11 letter to plaintiffs' counsel making clear that plaintiffs' allegations against Dr. Howe were completely baseless and false, and that the only payments Dr. Howe received came *from his own patients*, the FAC switched the story to now fuzzily allege that Dr. Howe "received around $10,000 per patient related to these stem cell treatments in some fashion." (FAC ¶ 332.) Needless to say, the FAC does not identify with any particularity a *single* so-called bribe/kickback to Dr. Howe or any specific entity or person that paid a bribe/kickback to Dr. Howe. For plaintiffs to maintain a federal lawsuit, accusing Dr. Howe of the crime of commercial bribery and participation in

an illegal RICO scheme to defraud plaintiffs based on allegations that Dr. Howe received payments "*in some fashion*" (from unidentified source[s] no less), is nothing short of outrageous.

Next, plaintiffs cannot allege a single instance of actionable commercial bribery (a criminal felony) as a RICO predicate act by Dr. Howe (and RICO requires two). Plaintiffs also cannot plausibly allege that Dr. Howe "knowingly" participated in a RICO enterprise to defraud the plaintiffs. Nor can plaintiffs satisfy the "relatedness" element of RICO when the acts ascribed to Dr. Howe fail to raise any inference other than that he assisted a few patients in getting stem cell treatments—a far cry from the alleged RICO enterprise to defraud the plaintiffs. Plaintiffs likewise do not plausibly allege that Dr. Howe conspired to violate RICO, which requires specific allegations of an agreement to participate in the RICO enterprise with full knowledge of the essential nature and scope of the enterprise. Further, the FAC does not allege facts demonstrating that Dr. Howe even knew of any contractual or licensing rights plaintiffs claim were violated or representations allegedly made to plaintiffs by other defendants. In short, plaintiffs' RICO claims against Dr. Howe are a total sham.

Finally, the FAC admits that plaintiffs' unjust enrichment claim (assuming such a claim for relief exists) is predicated on the allegation of Dr. Howe's "fraudulent conduct," but the FAC fails to allege any actionable fraud by Dr. Howe or that he obtained any economic or other benefit from plaintiffs by means of fraud. Consequently, neither disgorgement nor restitution are available remedies.

This Court should see plaintiffs' claims against Dr. Howe for what they are – a charade built on baseless and implausible allegations. Accordingly, this Court should dismiss all claims against Dr. Howe with prejudice (Claims Nine, Ten, and Twelve) and let him get off this costly and enervating litigation ride.

## II. ARGUMENT

### A. Plaintiffs' RICO Claims Against Dr. David Howe (Claims Nine and Ten) Fail as a Matter of Law

#### 1. Plaintiffs fail to allege a single instance of commercial bribery against Dr. Howe sufficient to state a Section 1962(c) RICO claim.

Plaintiffs now implausibly attempt to morph their sole, and entirely non-actionable predicate act allegation that Dr. Howe's own patients paid him to accompany them to Mexico for stem cell treatments, into a claim for illegal commercial bribery.[1] (Opp. 19-22.) Plaintiffs' contortion of the Penal Code attempts to force a square peg into a round hole and, for a host of reasons, their commercial bribery claim is a non-starter.

First, playing fast and loose with the pleadings to try to fill in fatal gaps, plaintiffs imply they have alleged Dr. Howe was acting as an "agent" of Stemedica within the definition of Cal. Penal Code § 641.3, claiming they have alleged that Dr. Howe recruited patients as Stemedica's agent. (Opp. 19.) Yet, *nowhere* in the FAC do plaintiffs actually allege that Dr. Howe was the "agent" of Stemedica during the time he was allegedly accepting bribes from his own patients — only their Opposition tries to supply that missing allegation.

Second, even assuming the FAC alleges the requisite agency relationship (which it does not) between Dr. Howe and Stemedica, the FAC does not allege that Dr. Howe accepted payments from patients "corruptly and without the knowledge or

---

[1] Dr. Howe objects to Exhibit A to the Opposition (Dkt. 47-1) as inadmissible, self-serving hearsay. Dr. Howe attached his Rule 11 letter to plaintiffs' counsel in support of his motion to dismiss (Dkt. 37-2) because the FAC plainly references the letter and purports to use it as an admission. (FAC ¶ 269.) However, there is no justification for considering plaintiffs' response letter, nor is it a proper subject for judicial notice. (Dkt. 47-1.) *See Hal Roach Studios Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings on a Rule 12(b)(6) motion.")

consent of the employer [Stemedica], in return for using or agreeing to use his or her position for the benefit of that other person [patients]." Cal. Penal Code § 641.3. In plaintiffs' twisted scenario, Dr. Howe's own *patients* are accused of paying the bribes. (Opp. 20.) Moreover, this is pure nonsense because none of these patients were working with or for Stemedica or the plaintiffs. Furthermore, for what purpose would they be bribing their own doctor? But even under this illogical and implausible scenario, the FAC plainly alleges that Stemedica *knew* of Dr. Howe's activities, which on its face negates the "without the knowledge or consent" element of a commercial bribery charge. (*See, e.g.*, FAC ¶¶ 89-97 (alleging a RICO enterprise and conspiracy).) And plaintiffs do not provide any support for the apparent contention that Penal Code section 641.3 requires that every Stemedica *shareholder* "including Plaintiffs" (Opp. 20) know or consent to Dr. Howe providing services to patients.

Finally, one of the primary purposes of the commercial bribery criminal statute (bribes over $1,000 are a criminal felony) is to protect employer loyalty and to ensure that employees do not undermine their employers by accepting bribes behind their backs which injure their employer. Plaintiffs do not, and cannot, plausibly allege facts sufficient to support the "corruptly" element of their commercial bribery charge against Dr. Howe, which requires factual allegations sufficient to show specific intent "to injure or defraud" his employer. Cal. Penal Code § 641.3(d)(3); *see also People v. Riley*, 240 Cal. App. 4th 1152, 1154 (2015). At a threshold, plaintiffs cannot make this showing because Dr. Howe at the time was self-employed and therefore was his *own* employer. Nevertheless, plaintiffs claim that Dr. Howe participated in the alleged RICO scheme "to defraud CardioCell's investors" (FAC ¶ 499), even though the FAC does not contain a single properly pled factual allegation supporting an inference that Dr. Howe intended to injure or defraud *anyone*.

In sum, the FAC fails to allege *a single* instance of a commercial bribe or kickback, let alone two instances, in the amount of around $10,000 (or any other amount). (Opp. 20, Mot. 6-10.) An actionable predicate act against Dr. Howe has not been pled and dismissal should be granted. (FAC ¶ 503.)

### 2. Plaintiffs' argument that Rule 9(b) should not apply to their claims is meritless because the entire FAC is grounded on an alleged unified course of fraudulent conduct.

Plaintiffs incorrectly argue that the strict pleading requirements of Rule 9(b) do not apply (or should be relaxed) with regard to their allegations of commercial bribery against Dr. Howe—the only predicate act alleged against Dr. Howe. (Opp. 20-21.) Plaintiffs contend that "commercial bribery is not a fraud claim and thus is not governed by Rule 9." (Opp. 21.) However, the Ninth Circuit has made clear where a claim is based on a unified course of fraudulent conduct, it is grounded in fraud and "the pleading of that claim as a *whole* must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (emphasis in original). There is no question that plaintiffs' RICO and unjust enrichment claims are premised on alleged fraudulent conduct. (*See, e.g.*, FAC ¶¶ 385, 400, 493, 497, 503, 511 (repeatedly accusing defendants of committing fraud and participating in a "fraudulent scheme" (*Id.* ¶ 511) to "defraud investors" (*Id.* ¶ 493)), Opp. 24 (stating "Plaintiffs sufficiently plead a fraud-based unjust enrichment claim (claim 12), seeking restitution for the damage caused by David Howe's fraudulent conduct").) Moreover, an actionable commercial bribery claim requires allegations to show an "inten[t] to injure or defraud." Cal. Penal Code § 641.3(d)(3). Plaintiffs cannot accuse Dr. Howe of fraudulent conduct and participation in a fraudulent scheme and simultaneously argue that Rule 9(b) should not apply. Plaintiffs' reliance on *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2020 WL 7263544, at *8-9 (C.D. Cal. Nov. 23, 2020) is misplaced because there, the court found that Rule 9(b) did not apply to all elements of a predicate act (in that case,

reliance and causation), but the court did not make any ruling as to applying Rule 9(b) to the circumstances of the actual conduct alleged.[2]

### 3. Plaintiffs fail to allege that Dr. Howe controlled, managed, or participated in the alleged RICO enterprise to defraud Plaintiffs.

Plaintiffs readily concede that Dr. Howe had no control over the alleged RICO enterprise to "defraud CardioCell's investors." (*See* Opp. 22-23, FAC ¶ 499.) Instead, plaintiffs attempt to characterize him as a "lower rung" participant who operated under the direction of upper management and was "instrumental" in the alleged RICO enterprise. (Opp. 22.) However, the authorities cited in the Opposition, including its attempts to distinguish the cases in the Motion (Mot. 11-13), support Dr. Howe's position, not plaintiffs'. This includes plaintiffs' own case parentheticals. (*See e.g.* Opp. 23 (*Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (no RICO liability as defendant did not "knowingly implement[] decisions of upper management").) Here, there are simply no allegations that Dr. Howe implemented anyone's decisions but his own in escorting his patients to Mexico for stem cell treatments. The FAC provides the dates when Dr. Howe was employed by Stemedica, "[b]etween 2005 and 2011" (FAC ¶ 56), stating only that he "remained associated" with Stemedica after 2011. (*Id.*) As discussed above, the alleged predicate acts in the FAC begin in 2013. (FAC ¶ 503.) There is simply no plausible allegation that Dr. Howe after his resignation from Stemedica in May 2011 operated under anyone's management and control, other than his own.

Moreover, Dr. Howe is not alleged to have *directed* any affairs of the enterprise itself, as required under § 1962(c). "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in

---

[2] Notably, the district court did not discuss governing Ninth Circuit case law such as *Kearns*, 567 F.3d at 1127.

directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Merely directing one's "*own* affairs" is not enough. *Id.* at 185 (emphasis in original). "[O]ne must participate in the operation or management of the enterprise itself." *Id*. Plaintiffs attempt to seize on the word "direct" as a magic buzzword in contending that Dr. Howe "directed [patients] to Mexico for medical treatment with Stemedica stem cells," (Opp. 22) does nothing to meet the RICO standard for direction of the enterprise itself. Dr. Howe's handful of patients are not the RICO enterprise. Rather, the enterprise alleged by plaintiffs here is to "defraud CardioCell's investors" (FAC ¶ 499) by "divert[ing] stem cells and resources away from CardioCell and destroy Plaintiffs' investment" (Opp. 22).[3] Dr. Howe may have directed his *patients* but there is no allegation that he in any way directed, operated or managed this alleged RICO *enterprise*, or that he even *knew* of its existence. Quite simply, there are no non-conclusory allegations in the FAC to plausibly establish that Dr. Howe had any knowledge of plaintiffs' or CardioCell's alleged exclusive rights.

### 4. The FAC fails to satisfy the relatedness element of a Section 1962(c) RICO claim.

Plaintiffs contend that the sole predicate act (1 of 20) against Dr. Howe, commercial bribery, is part of a pattern with the common goal of "enticing and defrauding investors." (Opp. 17.) Plaintiffs assert: "Defendants employed the same pattern of fraudulently targeting investors committing at least 20 predicate acts over ten plus years[.]" (*Id*.) The FAC, however, does not contain a single factual allegation that Dr. Howe targeted the plaintiffs or investors in any way whatsoever. (FAC ¶ 503.) His being paid by his own patients to accompany them for treatment in Mexico—even if it qualified as actionable commercial bribery (which it does not)—is not related or have any plausible nexus to the other alleged 19 predicate acts which target investors (FAC ¶ 503). Predicate act 16—the only one alleged

---

[3] Dr. Howe is not alleged to have diverted any stem cells from anyone. Plaintiffs *concede* that Dr. Howe "did not supply any stem cells." (Opp. 2.)

against Dr. Howe—is a complete non-actionable outlier. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000).[4]

       **5.    The FAC fails to state a Section 1962(d) RICO conspiracy claim because it fails to allege an agreement by Dr. Howe to intentionally participate in a "scheme to defraud the CardioCell investors."**

The plaintiffs desperately argue that even if the sole predicate act against Dr. Howe, commercial bribery, is insufficient to state a Section 1962(c) offense, he still can be liable for a RICO conspiracy claim. (Opp. 24.) However, their reliance on *Ketayi v. Health Enrollment Grp.*, is misplaced because it reiterates the requirement that plaintiffs must allege specific facts from which to infer that the defendant "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise" and that the defendant was "aware of the essential nature and scope of the enterprise and intend[ed] to participate in it." 516 F. Supp. 3d 1092, 1138-39 (S.D. Cal. 2021) (cleaned up). In *Ketayi*, the court inferred conspiracy in a scheme to defraud customers as to those defendants who directly engaged in misleading sales and directly interacted with plaintiffs, and the court rejected the same inference as to another defendant. *Id.* In stark contrast to *Ketayi*, the alleged RICO scheme here was to "defraud the CardioCell investors" (FAC ¶ 510) and the plaintiffs do not, and cannot, allege that Dr. Howe had any involvement with the plaintiffs or these investors, let alone that he knowingly agreed to participate in a scheme to intentionally defraud them. The conspiracy claim as to Dr. Howe cannot survive dismissal.

---

[4] Plaintiffs' apparent argument that a pattern can be inferred because they, as Stemedica shareholders, did not know about Dr. Howe escorting patients to Mexico (Opp. 18), lacks merit. Dr. Howe had no duty or obligation to inform any Stemedica shareholders of his post-employment activities.

      **6.    Plaintiffs' RICO claims are time-barred because they had actual and constructive knowledge of their purported injury.**

Contrary to plaintiffs' assertion (Opp. 13-14), this Court *can* dismiss a claim as time-barred on a motion to dismiss. *See Chang v. Farmers Ins. Co., Inc.*, 648 F. Supp. 3d 1174, 1178 (C.D. Cal. 2022) (RICO claim dismissed as time-barred).

Additionally, the "separate accrual" rule urged by plaintiffs (Opp. 11) should not apply here because the injuries alleged are *not* new and independent but rather of the same type and pattern. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 182 (1997) (rejecting the "last predicate act" rule). Moreover, even if there is a new and independent injury, under the separate accrual rule, "the plaintiff cannot use an independent, new act as a bootstrap to recover for injuries caused by other predicate acts that took place outside the limitations period." *Id.* at 181.

    **B.    Plaintiffs' Unjust Enrichment Claim Against Dr. Howe (Claim 12) Fails Because the FAC Does Not Allege Any Fraudulent Conduct by Dr. Howe and That He Obtained Any Benefit From Plaintiffs**

Plaintiffs do not dispute that their unjust enrichment claim is "fraud-based." (Opp. 24 ("seeking restitution for the damage caused by David Howe's fraudulent conduct").) However, plaintiffs have not plausibly alleged that Dr. Howe engaged in any actionable *fraudulent* conduct, they have not met the Rule 8(a) standard, and they have not alleged any such conduct with requisite particularity under Rule 9(b). Plaintiffs' reliance on *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (Opp. 25) is mislaid because there the unjust enrichment claim was dismissed and the court stated that it is "not a cause of action" and that as a remedy it requires that the defendant "benefit at another's expense." It cannot be reasonably disputed that Dr. Howe obtained nothing from the plaintiffs or at their expense.

## III.    CONCLUSION

For the reasons set forth herein and in Dr. Howe's opening memorandum, the claims in the First Amended Complaint against David Howe (Claims Nine, Ten, and Twelve) should be dismissed with prejudice. Because plaintiffs have now had two

opportunities, and have failed both times, to come forward with specific and plausible non-conclusory allegations demonstrating any fraud or Dr. Howe's involvement in a RICO transgression, any further amendment would be futile and should not be allowed.

DATED: August 8, 2025                     WAYMAKER LLP

                                          By:  /s/ Jaime W. Marquart
                                               Jaime W. Marquart
                                               Ryan G. Baker
                                               Donald R. Pepperman

                                               *Attorneys for Defendant David Howe*