ELAINE LI (SBN 333529)
eli@eisnerlaw.com
EISNER, LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

CAROLYNN BECK (SBN 264703)
cbeck@eisnerlaw.com
EISNER, LLP
40 W. 57th Street, Suite 2030
New York, NY 10019
Telephone: (516) 317-4544

*Attorneys for Defendants Maynard Howe, Nikolai Tankovich, Craig Carlson, Roger Howe, and Dirk O'Hara*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>vs.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>Defendants. | Case No. 3:25-cv-00459-BAS-SBC<br><br>*Hon. Cynthia Bashant*<br><br>**DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 15, 2025<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

# TABLE OF CONTENTS

**Page**

I. PLAINTIFFS' CLAIMS ARE UNTIMELY ....................................................... 1

   A. Plaintiffs Were on Notice of Injury Before July 2018 ........................... 1

   B. Equitable Tolling Does Not Apply Because Failing To "Own Up" to a Scheme Is Not Fraudulent Concealment .................................. 3

   C. The Separate Accrual Doctrine Does Not Apply Because Plaintiffs Allege a Single Injury in September 2019 ............................. 4

   D. Dismissal for Untimeliness Is Appropriate at this Stage ........................ 5

II. PLAINTIFFS' RICO CLAIMS FAIL ON THE MERITS ................................. 6

III. PLAINTIFFS' STATE LAW CLAIMS FAIL ON THE MERITS .................. 8

   A. The FAC Fails To State a Claim for Fraudulent Inducement ................ 8

   B. The FAC Fails To State a Claim for Fraudulent Concealment .............. 9

   C. The FAC Fails To State a Claim for Breach of Fiduciary Duty .......... 10

   D. The FAC Fails To State Any Claim for Fraudulent Transfer .............. 10

   E. The FAC Fails To State a Claim for Unjust Enrichment ..................... 10

IV. CONCLUSION ................................................................................................ 10

2996721     i     Case No. 3:25-cv-00459-BAS-SBC

DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

EISNER, LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
   483 U.S. 143 (1987) ................................................................................... 1

*Burnett v. Rowzee*,
   2007 WL 2735682 (C.D. Cal. Aug. 28, 2007) ...................................... 7

*ESG Capital Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016) ............................................................. 10

*Gatz v. Ponsoldt*,
   925 A.2d 1265 (Del. 2007) ................................................................ 6, 7

*Grimmett v. Brown*,
   75 F.3d 506 (9th Cir. 1996) ............................................................... 3, 5

*Jones v. ConocoPhillips Co.*,
   198 Cal. App. 4th 1187 (2011) ............................................................ 9

*Just Film, Inc. et al. v. Merchant Services, Inc.*,
   2010 WL 4923146 (N.D. Cal. Nov. 29, 2010) .................................... 6

*KZ Capital General Trading LLC v. Petrossov*,
   2022 WL 293011 (Del. Ch. Jan. 31, 2022) ....................................... 6, 7

*Lord v. Babbitt*,
   991 F. Supp. 1150 (D. Ala. 1997) ....................................................... 4

*Maiz v. Virani*,
   253 F.3d 641 (11th Cir. 2001) ............................................................. 7

*Noland v. Chua*,
   816 F. App'x 202 (9th Cir. 2020) ........................................................ 4

*Phan v. Best Foods International Inc.*,
   2014 WL 1677526 (N.D. Cal. Apr. 28, 2014) ..................................... 6

*Pincay v. Andrews*,
   238 F.3d 1106 (9th Cir. 2001) ............................................................. 2

2996721                                                     Case No. 3:25-cv-00459-BAS-SBC
DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

EISNER, LLP

*Sepanossian v. National Ready Mixed Concrete Co.*,
  97 Cal. App. 5th 192 (2023) .................................................................................. 10

*Wolf v. Travolta*,
  2016 WL 6782758 (C.D. Cal. Feb. 25, 2016) ....................................................... 3

**Statutes**

10 Del. C. § 8106(a) ........................................................................................................ 1

28 U.S.C. § 1367(c)(3) .................................................................................................... 8

Ca. Civ. Code § 3439.01(m) ......................................................................................... 10

Cal. Civ. Proc. Code § 338(d) ........................................................................................ 1

## I.     PRELIMINARY STATEMENT

The FAC confirms that Plaintiffs' claims are time-barred, contradicted by public facts, and legally defective. Rather than respond to Defendants' initial motion to dismiss, Plaintiffs amended their complaint—but that version still fails to allege a viable, timely claim. Their own allegations show that they were on notice of their claims years ago, and their legal theories cannot be saved by further amendment or discovery. Because the defects are apparent on the face of the complaint and amendment would be futile, the action should be dismissed with prejudice.

## II.     PLAINTIFFS' CLAIMS ARE UNTIMELY

Plaintiffs' RICO, common law fraud, and fiduciary duty claims are subject to the injury discovery rule and, at maximum, a four-year statute of limitations ("SOL").[1] Taking into account the parties' Tolling Agreement, all of Plaintiffs' claims are untimely because they accrued prior to June 24, 2018, and no tolling doctrine applies.

### A.     Plaintiffs Were on Notice of Injury Before July 2018

Plaintiffs have no real explanation for their claim that they were not on notice of fraud until July 2018. They do not contest Defendants' pages-long account of events dating back to 2013 that Plaintiffs themselves contend were part of the alleged fraud. (*See* Dkt. 38-1 ("MTD") at 7-12.) Instead, Plaintiffs argue that, while they may have been on notice of the "diminution" of their investment in CardioCell for some time, they had no reason to suspect the "destruction" of their investment until July 2018, (Dkt. 46 ("Opp.") at 11), when "the need for stem cells and funds arose for the first time." (*Id*. at 13.) That theory is contradicted by their own allegations and is effectively a concession that Plaintiffs knew of their potential injury before July 2018.

Plaintiffs claim that they were not actually injured until their investment was

---

[1] RICO claims are subject to a four-year SOL, *Agency Holding Corp. v. Malley-Duff & Assocs., Inc*., 483 U.S. 143, 156 (1987); common law fraud claims are subject to a three-year SOL, Cal. Civ. Proc. Code § 338(d); and claims for breach of fiduciary duty are subject to a three-year SOL, 10 Del. C. § 8106(a).

2996721      1      Case No. 3:25-cv-00459-BAS-SBC

DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

EISNER, LLP

"destroyed" in September 2019, when "Stemedica failed to make the promised $250,000 clinical trial payment, which was critical for CardioCell's survival." (Opp.) at 10.) But Plaintiffs themselves allege that "Stemedica repeatedly failed to timely and adequately provide stem cells for CardioCell's clinical trials" (FAC ¶ 125), and to provide funding, including incidents in *2013 and 2016*. The standard for inquiry notice is not when Plaintiffs began to suspect the extent of their injury, but rather when they "had enough information to *warrant an investigation* which, if reasonably diligent, *would have led to discovery of the fraud*." *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001) (emphasis added). Plaintiffs had knowledge of numerous facts, starting in 2013 and continuing through at least 2017, that triggered a duty to investigate, and their failure to do so renders their claims time-barred.

"[S]hortly" after August 28, 2016, Stemedica's "wrongful acts" purportedly prevented CardioCell from completing its Phase IIb/III clinical trial. (FAC ¶¶ 96-99.) Around that time, Stemedica allegedly supplied stem cells to other companies, instead of CardioCell, for operations in Mexico and Kazakhstan. (*Id.* ¶¶ 323-326, 331; Pls.' Exs. O, P, Q, R, S.) Even before then, there were indications that CardioCell was not performing as expected in clinical trials, given that it failed to pay out a total of $95 million in milestone payments from 2014-2016 that were promised to investors if CardioCell met certain licensing and clinical trial benchmarks. (*Id.* ¶ 146.) Those commitments were memorialized in CardioCell's 2013 Business Plan and Anticipated Milestones, which Plaintiffs allege "induce[d] them to invest." (*Id.* ¶¶ 144, 146.)

With respect to funding, Stemedica was supposed to invest $4 million in CardioCell by 2013, but purportedly never did so. (*Id.* ¶ 146.) Plaintiffs also allege that, "on or about August 25, 2016," Plaintiffs were informed that a Saudi Arabian investor was in the process of investing $400 million in both Stemedica and CardioCell, and that "a substantial part of the investment would be used to fund CardioCell's clinical trials and product commercialization." (*Id.* ¶ 169.) Defendants told Plaintiffs that the $400 million was wired to them, but Plaintiffs were aware that

Defendants did not invest the funds into CardioCell. (*Id*. ¶ 171.) Therefore, by Plaintiffs' own account, "the need for stem cells and funds arose" repeatedly prior to July 2018, and Plaintiffs were on inquiry notice of both issues by 2016 at the latest.

### B. Equitable Tolling Does Not Apply Because Failing to "Own Up" to a Scheme is Not Fraudulent Concealment

Plaintiffs also argue that their claims were equitably tolled until July 2018 due to fraudulent concealment. To take advantage of this doctrine, Plaintiffs must plead facts that show that "the defendant *actively* misled" them, that they "had neither actual nor constructive knowledge of the *facts constituting [their] cause of action* despite [their] due diligence," and that a reasonable person would not have known they had a claim. *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996) (emphasis in original). It is **not** enough for Plaintiffs to plead "[a] failure to 'own up'" to the purported scheme because that is not "*active* concealment." *Id.* (emphasis in original); *see also Wolf v. Travolta*, 2016 WL 6782758, at *9 (C.D. Cal. Feb. 25, 2016).

Plaintiffs' bald assertion that they made "diligent[] inquir[ies] about bad acts" is not a fair characterization of their allegations. (Opp. at 14.) All that Plaintiffs actually allege is a failure by Defendants to "own up" to their wrongful conduct, as is clear from their own examples put forth in their Opposition:

(a) FAC ¶ 12: At the time the 2014 AstraZeneca investment deal fell through, "Plaintiffs **had no reason to suspect there was an ulterior motive**, especially since the Howe brothers and Nikolai Tankovich (who was Plaintiffs' personal friend) **continued to assure** Plaintiffs that Stemedica would help fund CardioCell's clinical trials and provide stem cells as promised."

(b) FAC ¶¶ 376-377: Upon the filing of a Stemedica investor's lawsuit in 2017 alleging a ten-year fraudulent scheme, Plaintiffs "immediately **asked for an explanation** from Roger Howe and Nikolai Tankovich," who responded by "**stat[ing] that the allegations were baseless** and that the lawsuit would be dismissed."

(c) FAC ¶ 463: "When Defendants' bad acts started coming to light in July

2018 and CardioCell's CEO *confronted Defendants about their failure to provide stem cells* for CardioCell's clinical trials, Defendants made *affirmative statements that the stem cells will be provided* and that CardioCell and Plaintiffs *had nothing to worry about.*"[2]

Even giving Plaintiffs the benefit of every inference, none of these allegations shows anything akin to "active concealment" by Defendants or "diligent inquiry" by Plaintiffs. At best, Plaintiffs raised concerns to Defendants and accepted whatever responses they received in turn without making any attempt to verify the facts for themselves. There is no excuse for their failure to try to ascertain the truth, given they were well-positioned—indeed, obligated—as directors of CardioCell to demand substantiation for Defendants' reassurances. Therefore, the conduct alleged is insufficient to entitle Plaintiffs to equitable tolling as a matter of law.

Moreover, by 2015, it was public knowledge that Stemedica was supplying stem cells to partners other than CardioCell—the very conduct Plaintiffs claim to be fraudulent. Plaintiffs attached to the FAC two articles from *national news source USA Today*, among others, describing Stemedica stem cell treatments in Mexico and Kazakhstan. (FAC ¶¶ 323-24, 331; Pls.' Exs. O, P, Q, R, S.) Courts have rejected fraudulent concealment claims where the purportedly hidden facts are public knowledge. *See, e.g.*, *Lord v. Babbitt*, 991 F. Supp. 1150, 1163 (D. Ala. 1997) (no fraudulent concealment because the "allegedly concealed [facts] were contained within public records"); *Noland v. Chua*, 816 F. App'x 202 (9th Cir. 2020) (similar). Because the facts that would alert Plaintiffs to their potential injury were public knowledge by 2016, Plaintiffs cannot take advantage of equitable tolling.

### C.    The Separate Accrual Doctrine Does Not Apply Because Plaintiffs Allege a Single Injury in September 2019

Plaintiffs also argue that the "separate accrual rule" preserves their RICO claims

---

[2] This example is not even relevant because it occurred within the limitations period.

2996721                                4                      Case No. 3:25-cv-00459-BAS-SBC
DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

EISNER, LLP

because Defendants purportedly "continued to mislead Plaintiffs and promise funds and stem cells" after July 2018. (Opp. at 10.) As Plaintiffs acknowledge, the separate accrual rule provides that "a cause of action accrues when new overt acts occur within the limitations period, even if a conspiracy was formed and other acts were committed outside the limitations period." *Grimmett*, 75 F.3d at 510-512. What Plaintiffs omit is that the predicate act (1) "must be a new and independent act that is not merely a reaffirmation of a previous act"; and 2) "***must inflict new and accumulating injury*** on the plaintiff." *Id.* at 513 (quotation omitted) (emphasis added). Because Plaintiffs' ***sole alleged injury*** is "the destruction of Plaintiffs' investment in September 2019" (Opp. at 10.), there is no new injury and no separate accrual.

### D.  Dismissal for Untimeliness is Appropriate at this Stage

This Court should dismiss Plaintiffs' claims as untimely now, rather than at a later stage with the benefit of discovery. While it is true that, ordinarily, questions of whether a plaintiff "should have known" about their potential injury typically are not decided at the motion-to-dismiss stage, it is appropriate to resolve this issue now in this case. No amount of discovery, or even amendment to their pleadings, can remediate the fundamental flaw in all of Plaintiffs' arguments: they are discredited by Plaintiffs' own allegations and theory of injury. As detailed above:

(a) <u>Timeliness</u>. Plaintiffs ***argue*** that they were not on notice of potential injury until July 2018 because that is when the need for stem cells and funds first arose—but Plaintiffs ***allege*** that Stemedica repeatedly deprived CardioCell of necessary stem cells and funds, as early as 2013 and 2016.

(b) <u>Fraudulent Concealment</u>. Plaintiffs ***argue*** that their claims are equitably tolled because they diligently inquired into the alleged wrongful conduct—but Plaintiffs ***allege*** that they simply raised concerns to Defendants, who did not own up to the wrongdoing, and that Stemedica's wrongful allocation of stem cells to other companies was public knowledge by 2016.

(c) <u>Separate Accrual</u>. Plaintiffs ***argue*** that Defendants separately and newly

injured Plaintiffs after July 2018 by continuing to mislead them after that date—but Plaintiffs *allege* a single injury, the destruction of their investment, in September 2019.

Thus, Plaintiffs' arguments fall apart under their own allegations and theory of the case. There is no reason to permit this action to proceed when no facts or amendment can cure these fatal defects.

### III. PLAINTIFFS' RICO CLAIMS FAIL ON THE MERITS

Even if Plaintiffs' RICO claims were not time-barred, Plaintiffs fail to sufficiently allege a RICO claim because (a) Plaintiffs lack statutory RICO standing given that the alleged injury is direct to CardioCell, not Plaintiffs; (b) Plaintiffs fail to plausibly allege false statements or fraudulent conduct; and (c) Plaintiffs fail to allege a pattern of racketeering. (MTD at 12-19.) None of Plaintiffs' arguments in their Opposition hold up under scrutiny:

(a) <u>RICO Standing</u>. As Plaintiffs' own cases acknowledge, "a single shareholder generally does not have standing to bring an individual action under RICO to redress injuries to the corporation in which he owns stock." *Phan v. Best Foods International Inc.*, 2014 WL 1677526, at *5 (N.D. Cal. Apr. 28, 2014) (quotation omitted); *see also Just Film, Inc. et al. v. Merchant Services, Inc.,* 2010 WL 4923146, at *15 (N.D. Cal. Nov. 29, 2010) ("Corporate shareholders lack standing to assert RICO claims if their harm [is] 'derivative of harm to the corporation.'") (quoting *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)). None of Plaintiffs' cases (Opp. at 16-17) help them:

In *Phan*, the plaintiff alleged that he was "the sole minority shareholder with nothing to gain" from the transaction at issue and therefore was uniquely harmed, whereas here, every investor in CardioCell was equally harmed by the company's failure. 2014 WL 1677526, at *5. Similarly, in *Just Film*, the plaintiffs were uniquely harmed because, unlike other shareholders, the plaintiffs also happened to be the "personal guarantors of the agreements at issue" and were uniquely harmed in that capacity. 2010 WL 4923146, at *15. The two Delaware cases, *Gatz* and *KZ Capital*,

merely state the principal that shareholders can assert direct claims if they are uniquely harmed, and in any event are about direct versus derivative shareholder claims, not RICO standing. *Gatz v. Ponsoldt*, 925 A.2d 1265, 1278 (Del. 2007); *KZ Capital General Trading LLC v. Petrossov*, 2022 WL 293011, at *6 (Del. Ch. Jan. 31, 2022). And the Eleventh Circuit case actually hurts Plaintiffs' argument. That case states that "[o]ne of the primary justifications" for RICO standing is to prevent double recoveries where, as here, plaintiffs could sue in both their individual and shareholder capacities. *See Maiz v. Virani*, 253 F.3d 641, 655, 656 (11th Cir. 2001).

  Plaintiffs also assert that they were directly injured because CardioCell was "simply a vehicle through which [Defendants] solicited investments"—a fact pattern present in *Burnett v. Rowzee*, 2007 WL 2735682 (C.D. Cal. Aug. 28, 2007), which Plaintiffs say is "analogous" to this case. (Opp. at 17.) But the part of the case that Plaintiffs reference is the court's analysis of a fraudulent transfer claim, not a RICO claim, and the question was whether plaintiffs had standing given that they had not invested directly in the Ponzi scheme that ultimately led to their injury. *Burnett*, 2007 WL 2735682, at *9. Plaintiffs separately pleaded RICO claims, and those claims **were dismissed**. *Id.* at *8.

  Under these circumstances, Plaintiffs are not excepted from the general rule that shareholders lack direct standing for RICO claims, and their claims should be dismissed for lack of a direct and unique injury.[3]

  (b) <u>False Statements</u>. In their opening brief, Defendants detailed a litany of statements from the FAC in which Plaintiffs themselves alleged that Defendants' statements about CardioCell's potential were true. (MTD at 16-18.) Plaintiffs argue in response that the predicate false statements instead were those made to induce

---

[3] As Plaintiffs acknowledge, there is also no proximate causation, a component of RICO standing, if the injury is indirect. (Opp. at 19.) Plaintiffs' standing argument fails for this reason as well, and those discussed in the MTD at pp. 15-16.

investment, with the secret intent to destroy the company. (Opp. at 20.) But by Plaintiffs' own account, CardioCell *actually was* tremendously successful at first. (MTD at 16-17 (citing FAC ¶¶ 92-111).) CardioCell's initial years of success, as pleaded at length in the FAC, render implausible Plaintiffs' theory that Defendants fraudulently sought to destroy CardioCell from the outset of Plaintiffs' investment.

Moreover, it was *Stemedica*—not the individual Defendants—that purportedly "deprived CardioCell of the critical funds, stem cells and manufacturing know-how" by breaching its agreements with Plaintiffs. (FAC ¶ 112.) Defendants' statements, while perhaps relevant to Plaintiffs' separate claims against Stemedica, have no bearing on Defendants' own liability for a RICO claim, particularly where the basis for that claim is mere breach of contract.

(c)   <u>Pattern of Racketeering</u>. Here, Plaintiffs want to have their cake and eat it too. In the section of their Opposition titled "Plaintiffs Sufficiently Allege a RICO Pattern," Plaintiffs assert that "Defendants employed the same pattern of fraudulently targeting investors committing at least 20 predicate acts over ten plus years." (Opp. at 20.) Yet, elsewhere in their brief, Plaintiffs describe many of these events as "isolated bad acts" that were so disparate that they could not possibly have put them on notice of the alleged fraudulent scheme. (Opp. at 3.) Both things cannot be true, and so their argument for a pattern of racketeering fails.

## IV.   PLAINTIFFS' STATE LAW CLAIMS FAIL ON THE MERITS

The Court should decline to exercise jurisdiction over the state law claims if it dismisses the RICO claims. *See* 28 U.S.C. § 1367(c)(3). In any event, each claim fails.

### A.   Plaintiffs Fail to State a Claim for Fraudulent Inducement

Plaintiffs fail to plausibly plead that Defendants fraudulently induced them to (a) invest in CardioCell; and (b) execute the Equity Exchange Agreement.

(a)   <u>Investment in CardioCell</u>. This claim fails for the reasons stated in the MTD at 21-22 and *supra* **Section III(b)**. In sum, Plaintiffs' theory that Defendants

induced them to invest in CardioCell by promising to provide stem cells, while secretly intending to destroy the company, is contradicted by Plaintiffs' own extensive account of CardioCell's many initial successes, including in clinical trials, from 2013-2016.

(b) <u>Equity Exchange Agreement</u>. This claim fails for the reasons stated in the MTD at 23 and *infra* **Section IV.B**. Most importantly, Plaintiffs admit that they had actual knowledge, before entering the Equity Exchange Agreement, that Stemedica was providing stem cells to other companies instead of CardioCell.

### B. <u>Plaintiffs Fail to State a Claim for Fraudulent Concealment</u>

Plaintiffs claim that Defendants Roger Howe and Nikolai Tankovich fraudulently concealed Stemedica's agreements with Organismo, Rivadavia, and ALTACO to supply them with stem cells, which purportedly violated the Exclusive License with CardioCell. Were it not for this alleged concealment, Plaintiffs supposedly would not have rolled their $15M interest in other Stemedica subsidiaries into CardioCell, ultimately to their detriment. This theory, like so many others in the Opposition, is defeated by Plaintiffs' own account of events in their pleadings.

The FAC expressly acknowledges that Plaintiffs knew about the Organismo and Rivadavia agreements by ***July 17, 2018***. (FAC ¶¶ 211-212.) Plaintiffs signed the Equity Exchange Agreement, under which they rolled $15M into CardioCell, on ***July 26, 2018***. (MTD at 22-23; MTD Ex. A.) Plaintiffs argue that this is inconsequential because Defendants "continued to make false statements that they would contribute funds and stem cells" after July 17. (Opp. at 24.) Those allegations are insufficient to save their claim because Plaintiffs' willingness to take Defendants' assurances at face-value at that point was plainly unreasonable, given that they ***actually knew*** that Stemedica was supplying stem cells to companies besides CardioCell—the very thing they claim would have deterred them from transferring their interests. Therefore, Plaintiffs cannot show that they were "unaware of the [concealed] fact and would not have acted as [they] did if [they] had known of the concealed or suppressed fact...." *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1198 (2011) (citation omitted).

DEFENDANTS MAYNARD HOWE, NIKOLAI TANKOVICH, CRAIG CARLSON, ROGER HOWE, AND DIRK O'HARA'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

EISNER, LLP

### C. Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty

Plaintiffs incorporate their RICO arguments in support of their breach of fiduciary duty claims (Opp. at 24), and so Defendants rest on their prior briefing (MTD at 23-24) and their RICO arguments stated above (*supra* **Section III**).

### D. Plaintiffs Fail to State Any Claim for Fraudulent Transfer

Plaintiffs seek to void Stemedica's purported transfer of assets to SanoStem as a fraudulent transfer. A "payment of money, release, lease, license, and creation of a lien or other encumbrance" is required to show that a transfer occurred. Ca. Civ. Code § 3439.01(m). The moving Defendants cannot be liable for aiding and abetting a fraudulent transfer when Plaintiffs admit that no such transfer was made. (FAC ¶ 407.)

### E. Plaintiffs Fail to State a Claim for Unjust Enrichment

Unjust enrichment is not an independent cause of action in California. (MTD at 25.) Plaintiffs note that California courts are split on how to treat it, but fail to mention that the Ninth Circuit has only "construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Because Plaintiffs allege breaches of various agreements, such as the contribution and licensing agreements, Plaintiffs cannot also "assert a quasi-contract claim for restitution based on unjust enrichment." *Sepanossian v. National Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192, 207 (2023).

## V. CONCLUSION

The FAC should be dismissed with prejudice because further amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ.*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiffs were on notice of their claims before the limitations period, and their own allegations—including public information they cite—foreclose any plausible claim. These are incurable legal defects, not factual disputes requiring discovery. Additionally, if the Court dismisses the RICO claims, it should decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

DATED: August 8, 2025    Respectfully submitted,

By: _____
ELAINE LI (SBN 333529)
eli@eisnerlaw.com
EISNER, LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

CAROLYNN BECK (SBN 264703)
cbeck@eisnerlaw.com
EISNER, LLP
40 W. 57th Street, Suite 2030
New York, NY 10019
Telephone: (516) 317-4544

*Attorneys for Defendants Maynard Howe, Nikolai Tankovich, Craig Carlson, Roger Howe, and Dirk O'Hara*