# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL, LLC; DUNIYA SANOSTEM, INC.; SHIVINDER S. DEOL,<br><br>Defendants. | Case No. 25-cv-00459-BAS-SBC<br><br>**ORDER DENYING DEFENDANTS SANOSTEM GLOBAL, LLC AND SHIVINDER S. DEOL'S MOTION TO DISMISS (ECF No. 55)** |

- 1 -

Presently before the Court is Defendants Sanostem Global, LLC and Shivinder S. Deol's Motion to Dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(6). (ECF No. 55.) The Motion is fully briefed. (ECF Nos. 56, 58.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1).

Having reviewed the Motion, the Court finds it must be summarily denied for several reasons. First, the Motion is untimely. District courts have broad authority to manage their dockets and deny untimely requests. *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 45–47 (2016); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). A party seeking to justify a late filing must show "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see* also *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (providing four factors to determine excusable neglect).

Here, Plaintiffs' First Amended Complaint was filed on May 30, 2025. (ECF No. 32.) Defendants filed an Answer to the First Amended Complaint on May 31, 2025. (ECF No. 33.) Nevertheless, Defendants also filed their Motion to Dismiss on August 29, 2025. (ECF No. 55.) The Motion was filed well after the deadline to respond to the First Amended Complaint, and Defendants do not demonstrate they failed to act due to excusable neglect. Therefore, the Motion is subject to denial on this ground.

Second, the Motion to Dismiss does not comply with the Southern District of California's Civil Local Rules. Local rules are designed "to avoid an unnecessary burden on the court." *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991). They have the "force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Sanctions for failing to follow court rules may take various forms, including the striking of appropriate pleadings. *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991).

Under Civil Local Rule 7.1(e), the memorandum in support of a motion must not exceed twenty-five pages, and the reply memorandum is limited to ten pages. In this instance, the memorandum in support of Defendants' Motion to Dismiss spans about thirty

- 2 -

pages.  (*See* ECF No. 55-1.)  In addition, despite Plaintiffs flagging this issue when opposing the Motion, Defendants still filed a Reply that spans about twenty-one pages. (*See* ECF No. 58.)  Both filings exceed the page limits by a substantial margin.  Defendants did not seek leave to exceed the page limits.  Their noncompliance with the Local Rules provides an additional basis to deny the Motion.

Third, the Motion to Dismiss flouts this Court's Standing Order for Civil Cases.  The Court's Standing Order has the same force as any court order, and a failure to comply with it may lead to sanctions.  *See, e.g.*, *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 1617989, at *1 (C.D. Cal. Apr. 5, 2022).  Relevant here, the Court's Standing Order requires a meet-and-confer conference "at least **seven days** prior to the filing of the motion."  Standing Order § 4.A.

The record shows that Defendants first attempted to meet and confer concerning the Motion to Dismiss on Friday, August 29, 2025, at approximately 6:37 p.m., shortly before filing the Motion that same evening. (ECF Nos. 55, 56.) That effort falls far short of the Court's requirements and independently supports denial of the Motion.

In their Reply, Defendants attempt to brush off these issues as "procedural slight[s] of hand," "procedural nitpicking," and "procedural gamesmanship."  (ECF No. 58.)  Yet Defendants' repeated failure to comply with the rules cannot be excused by disparaging the opposing party for pointing them out.  Defendants' disregard of the rules—and their attempt to trivialize them after the fact—only underscores the seriousness of the violations. Consequently, the Court **DENIES** Defendants' Motion to Dismiss (ECF No. 55) on multiple independent grounds.  Further, the Court warns Defendants Sanostem Global, LLC and Shivinder S. Deol and their counsel that future violations of the Federal Rules of Civil Procedure, the Local Rules, or this Court's Standing Order may result in sanctions.

**IT IS SO ORDERED.**

**DATED: March 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

25cv0459