Jaime W. Marquart (Bar No. 200344)
  jmarquart@waymakerlaw.com
Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant David Howe*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA AND SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND: JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMIN GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>Defendants. | Case No. 3:25-cv-00459-BAS-SBC<br><br>**DEFENDANT DAVID HOWE'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS NINE AND TEN IN THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Honorable Cynthia A. Bashant<br><br>Hearing Date: May 22, 2026<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 22, 2026, or as soon after as this matter may be heard in the courtroom of the Honorable Cynthia A. Bashant, located in the James M. Carter and Judith N. Keep United States Courthouse, Courtroom 12B, 333 West Broadway, San Diego, California 92101, defendant Dr. David Howe will and does move this Court to dismiss plaintiffs' unamended Claim numbers Nine and Ten asserted against him in the Second Amended Complaint in this matter.  This Motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that these purported claims against David Howe fail to state a claim upon which relief can be granted.  This Court has already dismissed these Clams without prejudice.  This Motion is made following the conference of counsel pursuant to Section 4.A. of this Court's Standing Order, which took place on April 14, 2026. This Motion is based upon the following memorandum of points and authorities, this Court's recent ruling on David Howe's Motion to Dismiss (ECF No. 62), any matters of which this Court may take judicial notice, the papers on file in this case and such other arguments and evidence as may be presented at the time of the hearing on this matter, if any.

DATED: April 17, 2026                    WAYMAKER LLP


By:     /s/ *Jaime W. Marquart*
              Jaime W. Marquart
              Ryan G. Baker
              Donald R. Pepperman

              *Attorneys for Defendant David Howe*

---

1

DEFENDANT DAVID HOWE'S MOTION TO DISMISS SAC

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     THIS COURT'S DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT CLAIMS AGAINST DR. DAVID HOWE ............................. 1

III.    PLAINTIFFS REASSERT RICO CLAIMS AGAINST DR. DAVID HOWE IN THEIR SECOND AMENDED COMPLAINT BUT DO NOT AMEND OR ADD ANY ALLEGATIONS .............................................. 2

IV.     LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS .............. 3

V.      CONCLUSION ............................................................................................ 3

DEFENDANT DAVID HOWE'S MOTION TO DISMISS SAC

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Dr. David Howe brings this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure requesting that the Court dismiss with prejudice, and without leave to amend, Claim numbers Nine and Ten in plaintiffs Nina Vikhrieva and Sergey Leshkov's ("plaintiffs") Second Amended Complaint ("SAC") on the ground that neither of them state an actionable claim for relief against him.

## I.   INTRODUCTION

On March 26, 2026, this Court dismissed without prejudice, and with leave to amend, plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against Dr. David Howe for failure to state actionable claims for relief. Subsequently, plaintiffs filed a SAC reasserting those identical RICO claims (that had already been adjudicated to be deficient) and did not assert any amended or new allegations against Dr. David Howe.  Consequently, these reasserted deficient RICO claims against Dr. David Howe must now be dismissed with prejudice, and without further leave to amend.

## II.   THIS COURT'S DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT CLAIMS AGAINST DR. DAVID HOWE

This Court granted defendant Dr. David Howe's Motion to Dismiss (ECF No. 37) plaintiffs' First Amended Complaint ("FAC").

As to the RICO claim (Claim number Nine), this Court ruled that the FAC did not set forth sufficient allegations to demonstrate that Dr. David Howe had committed any actionable RICO predicate acts: "[T]he Court agrees that Plaintiffs do not allege a plausible commercial bribery offense involving David Howe." (ECF 62 at 26).  Further, the Court found that it does "not discern allegations demonstrating that David Howe acted corruptly with a specific intent to defraud within the meaning of California Penal Code section 641.3(d)(3)." (*Id.*)

With respect to plaintiffs' RICO conspiracy claim (Claim number Ten), this Court ruled that "because Plaintiffs do not allege a substantive RICO violation against David Howe, the Court also grants his request to dismiss the tenth claim for RICO conspiracy." (ECF No. 62 at 26).

Both RICO claims were dismissed without prejudice and with leave to amend. (*Id*. at 43).

Finally, concerning plaintiffs' unjust enrichment claim (Claim No. Twelve) against Dr. David Howe, this Court determined that no such cause of action exists in California. (ECF No. 62 at 42).  Further, this Court found that because further amendment "would be futile," that claim was "dismissed with prejudice." (*Id*.)

III. **PLAINTIFFS REASSERT RICO CLAIMS AGAINST DR. DAVID HOWE IN THEIR SECOND AMENDED COMPLAINT BUT DO NOT AMEND OR ADD ANY ALLEGATIONS**

On April 7, 2026, plaintiffs filed a SAC which did not set forth any amended or new allegations pertaining to Dr. David Howe. (ECF No. 64)  Plaintiffs did, however, reassert the two previously dismissed RICO claims against Dr. David Howe (ECF No. 64 at 94-102) contending that it was procedurally necessary to do so in order to preserve (and not waive) any right they may have to take an appeal from the Court's dismissal of those claims without prejudice.[1]  Indeed, in footnotes in the SAC to their RICO claims, plaintiffs explain that they "believe that repleading of the facts as to the" Ninth and Tenth Causes of Action against defendant Dr. David Howe "will not be effective to resolve the issue[s] under the holding of the Court in the May 26 order." (ECF No. 64 at 94 n.2 and 101 n.l3).  Further, the plaintiffs represent that they continue to include these RICO claims in the SAC "solely to

---

[1] The Court in its Order dismissed plaintiffs' "unjust enrichment" claim (Claim number Twelve) with prejudice. (ECF. No. 62 at 42).  Accordingly, plaintiffs have not attempted to replead that dismissed claim in their SAC.

preserve its [sic] right to appeal and avoid waiver." (*Id.*).

Dr. David Howe interprets plaintiffs' contention, without taking any position on its validity, to mean that plaintiffs are not seeking any relief through reassertion of these dismissed RICO claims but are merely doing so for the singular purpose of not being deemed to have "voluntarily" dismissed those claims and to preserve an appeal. Accordingly, defendant Dr. David Howe submits that the only solution is for the Court to enter an Order involuntarily dismissing those claims with prejudice. That dismissal would terminate this lawsuit against Dr. David Howe and allow the plaintiffs to take an appeal at a later date if they so desire.

## IV. LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "[d]ismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013). Because plaintiffs elected not to amend any of their RICO allegations to cure any of the fatal deficiencies identified by the Court in its Order (ECF No. 62), the Court must now dismiss those RICO claims with prejudice.

## V. CONCLUSION

For the reasons set forth above, the RICO claims in the Second Amended Complaint reasserted without amendment against David Howe (Claim numbers Nine and Ten) are still fatally deficient and should now be dismissed with prejudice, and without any further leave to amend. Defendant Dr. David Howe respectfully requests that the Court now enter final judgment in his favor with each party to bear thier own fees and costs.

DATED: April 17, 2026    WAYMAKER LLP


By:    */s/ Jaime W. Marquart*
Jaime W. Marquart
Ryan G. Baker
Donald R. Pepperman

*Attorneys for Defendant David Howe*

DEFENDANT DAVID HOWE'S MOTION TO DISMISS SAC