BOWMAN AND BROOKE LLP
Theodore Dorenkamp III (SBN: 277004)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:   310/ 719-1019
Theodore.Dorenkampiii@bowmanandbrooke.com

Attorneys for Defendant
MICHAEL K. STEINHAUSER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>                    Defendant | **CASE NO: 3:25-cv-00459 BAS SBC**<br><br>**Hon. Cynthia Gashant**<br><br>**DEFENDANT MICHAEL K. STEINHAUSER'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

///

///

1

Defendant Michael K. Steinhauser ("Steinhauser"), for his answer to Plaintiffs' Second Amended Complaint, denies each and every allegation of the Complaint, except as hereinafter stated, qualified or admitted as follows:

1. Steinhauser admits that CardioCell LLC was organized as a Delaware limited liability company. To the extent the allegations in paragraph 1 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 1 and therefore denies same.

2. The allegations in paragraph 2 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 2 and the same are denied.

3. The allegations in paragraph 3 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 3 and the same are denied.

4. The allegations in paragraph 4 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 4 and the same are denied.

5. To the extent the allegations in paragraph 5 of the Second Amended Complaint imply that Steinhauser engaged in any actions alleged in paragraph 5 of the Second Amended Complaint, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 5 and therefore denies same.

6. To the extent the allegations in paragraph 6 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

remaining allegations in paragraph 6 and therefore denies same.

7.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 7 and therefore denies same.

8.  The allegations in paragraph 8 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 8 and the same are denied.

9.  The allegations in paragraph 9 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 9 and the same are denied.

10.  The allegations in paragraph 10 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 10 and the same are denied.

11.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 11 and therefore denies same.

12.  The allegations in paragraph 12 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 12 and the same are denied.

13.  The allegations in paragraph 13 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 13 and the same are denied.

14.  The allegations in paragraph 14 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 14 and the same are denied.

15. The allegations in paragraph 15 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 15 and the same are denied.

16. To the extent the allegations in paragraph 16 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 16 and therefore denies same.

17. The allegations in paragraph 17 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 17 and the same are denied.

18. The allegations in paragraph 18 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 18 and the same are denied.

19. The allegations in paragraph 19 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 19 and the same are denied.

20. The allegations in paragraph 20 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 20 and the same are denied.

21. The allegations in paragraph 21 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 21 and the same are denied.

22.    The allegations in paragraph 22 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 22 and the same are denied.

23.    The allegations in paragraph 23 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 23 and the same are denied.

24.    The allegations in paragraph 24 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 24 and the same are denied.

25.    The allegations in paragraph 25 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 25 and the same are denied.

26.    The allegations in paragraph 26 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 26 and the same are denied.

27.    The allegations in paragraph 27 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 27 and the same are denied.

28.    The allegations in paragraph 28 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 28 and the same are denied.

29.    The allegations in paragraph 29 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 29 and the same are denied.

30.    In response to the allegations in paragraph 30 of the Second Amended Complaint, Steinhauser admits only that he was hired by the Board of Directors as Stemedica's Chief Executive Officer in 2023.  For the remaining allegations in paragraph 30, Steinhauser denies that he engaged in any wrongdoing and is without sufficient information to admit or deny the allegations and conclusions directed to other Defendants and therefore denies same.

31.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 31 of the Second Amended Complaint and therefore denies same.

32.    In response to the allegations in paragraph 32 of the Second Amended Complaint, Steinhauser denies that he was appointed as SanoStem's CEO and further denies that he had any knowledge of or that he provided consent to this false posting on SanoStem's website (attached to the Second Amended Complaint as Exhibit D).  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 32 and therefore denies same.

33.    In response to the allegations in paragraph 33 of the Second Amended Complaint, Steinhauser admits only that the SanoStem website had been corrected to remove any reference to Steinhauser being appointed SanoStem's CEO. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 33 and therefore denies same.

34.    To the extent the allegations in paragraph 34 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.    Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

remaining allegations in paragraph 34 and therefore denies same.

35.    To the extent the allegations in paragraph 35 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.    Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 35 and therefore denies same.

36.    The allegations in paragraph 36 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required.    To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 36 and therefore denies same.

37.    In response to the allegations in paragraph 37 of the Second Amended Complaint, Steinhauser admits that Plaintiff Nina Vikhrieva has been a member of CardioCell's board of directors, and, upon information and belief, Vikhrieva is a citizen of Russia.    Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 37 and therefore denies same.

38.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 38 of the Second Amended Complaint and therefore denies same.

39.    In response to the allegations in paragraph 39 of the Second Amended Complaint, Steinhauser admits that Plaintiff Sergey Leshkov has been a member of CardioCell's board of directors, and, upon information and belief, Leshkov is a citizen of Russia.    Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 39 and therefore denies same.

40.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 40 of the Second Amended Complaint and therefore denies same.

41.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 41 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

42. Upon information and belief, Steinhauser admits the allegations in paragraph 42 of the Second Amended Complaint.

43. Upon information and belief, Steinhauser admits the allegations in paragraph 43 of the Second Amended Complaint.

44. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 44 of the Second Amended Complaint and therefore denies same.

45. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 45 of the Second Amended Complaint and therefore denies same.

46. In response to the allegations in paragraph 46 of the Second Amended Complaint, Steinhauser admits only that Defendant Ziuzhitang Co., Ltd. ("JZT Parent") has appointed four members to Stemedica's board of directors, including Zhiwei He, Liangbin Zhang, Yanson Gao, and Jeff Liu. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 46 and therefore denies same.

47. The allegations in paragraph 47 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 47 and the same are denied.

48. In response to the allegations in paragraph 48 of the Second Amended Complaint, Steinhauser admits only that Zhiwei He is a member of Stemedica's board of directors. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 48 and therefore denies same.

49. The allegations in paragraph 49 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 49 and the same are denied.

Case No. 3:25-cv-00459 BAS SBC

50.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 50 and therefore denies same.

51.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 51 and therefore denies same.

52.    In response to the allegations in paragraph 52 of the Second Amended Complaint, Steinhauser admits only that Yansong Gao is a member of Stemedica's board of directors.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 52 and therefore denies same.

53.    Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 53 and therefore denies same.

54.    The allegations in paragraph 54 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 54 and the same are denied.

55.    Steinhauser admits the allegations in paragraph 55 of the Second Amended Complaint.

56.    Steinhauser admits the allegations in paragraph 56 of the Second Amended Complaint.

57.    In response to the allegations in paragraph 57 of the Second Amended Complaint, Steinhauser admits only that Defendant David Howe is a United States citizen residing in California and that he is brothers with Defendants Roger and Maynard Howe.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 57 and therefore denies same.

58.    Steinhauser admits the allegations in paragraph 58 of the Second Amended Complaint.

59.    Steinhauser admits the allegations in paragraph 59 of the Second Amended Complaint.

60.    In response to the allegations in paragraph 60 of the Second Amended

Complaint, Steinhauser admits only that Simon Guo has been a member of CardioCell's board of directors since March 15, 2019. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 60 and therefore denies same.

61. Steinhauser admits the allegations in paragraph 61 of the Second Amended Complaint.

62. In response to the allegations in paragraph 62 of the Second Amended Complaint, Steinhauser admits only that the is a United States citizen residing in Minnesota; that he formerly served as Stemedica's Chief Executive Officer and its Interim Chairman of Stemedica's Board of Directors; and that he had discussions with Plaintiffs regarding some of the allegations in the Second Amended Complaint. Steinhauser denies the remaining allegations in paragraph 62.

63. The allegations in paragraph 63 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 63 and the same are denied.

64. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 64 of the Second Amended Complaint and therefore denies same.

65. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 65 of the Second Amended Complaint and therefore denies same.

66. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 66 of the Second Amended Complaint and therefore denies same.

67. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 67 of the Second Amended Complaint and therefore denies same.

68.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 68 of the Second Amended Complaint and therefore denies same.

69.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 69 of the Second Amended Complaint and therefore denies same.

70.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 70 of the Second Amended Complaint and therefore denies same.

71.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 71 of the Second Amended Complaint and therefore denies same.

72.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 72 of the Second Amended Complaint and therefore denies same.

73.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 73 of the Second Amended Complaint and therefore denies same.

74.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 74 of the Second Amended Complaint and therefore denies same.

75.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 75 of the Second Amended Complaint and therefore denies same.

76.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 76 of the Second Amended Complaint and therefore denies same.

77.    The allegations in paragraph 77 of the Second Amended Complaint

are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 77 and the same are denied.

78.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 78 of the Second Amended Complaint and therefore denies same.

79.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 79 of the Second Amended Complaint and therefore denies same.

80.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 80 of the Second Amended Complaint and therefore denies same.

81.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 81 of the Second Amended Complaint and therefore denies same.

82.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 82 of the Second Amended Complaint and therefore denies same.

83.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 83 of the Second Amended Complaint and therefore denies same.

84.    Steinhauser denies that Stemedica is currently manufacturing stem cells.    Upon information and belief, Steinhauser admits the allegations in paragraph 84 of the Second Amended Complaint.

85.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 85 of the Second Amended Complaint and therefore denies same.

86.    In response to the allegations in paragraph 86 of the Second Amended

Complaint, Steinhauser denies that Stemedica is currently manufacturing stem cells. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 86 and therefore denies same.

87. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 87 of the Second Amended Complaint and therefore denies same.

88. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 88 of the Second Amended Complaint and therefore denies same.

89. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 89 of the Second Amended Complaint and therefore denies same.

90. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 90 of the Second Amended Complaint and therefore denies same.

91. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 91 of the Second Amended Complaint and therefore denies same.

92. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 92 of the Second Amended Complaint and therefore denies same.

93. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 93 of the Second Amended Complaint and therefore denies same.

94. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 94 of the Second Amended Complaint and therefore denies same.

95. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

allegations in paragraph 95 of the Second Amended Complaint and therefore denies same.

96.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 96 of the Second Amended Complaint and therefore denies same.

97.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 97 of the Second Amended Complaint and therefore denies same.

98.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 98 of the Second Amended Complaint and therefore denies same.

99.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 99 of the Second Amended Complaint and therefore denies same.

100.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 100 of the Second Amended Complaint and therefore denies same.

101.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 101 of the Second Amended Complaint and therefore denies same.

102.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 102 of the Second Amended Complaint and therefore denies same.

103.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 103 of the Second Amended Complaint and therefore denies same.

104.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 104 of the Second Amended Complaint and therefore

Case No. 3:25-cv-00459 BAS SBC

denies same.

105.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 105 of the Second Amended Complaint and therefore denies same.

106.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 106 of the Second Amended Complaint and therefore denies same.

107.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 107 of the Second Amended Complaint and therefore denies same.

108.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 108 of the Second Amended Complaint and therefore denies same.

109.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 109 of the Second Amended Complaint and therefore denies same.

110.    To the extent the allegations in paragraph 110 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.    Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 110 and therefore denies same.

111.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 111 of the Second Amended Complaint and therefore denies same.

112.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 112 of the Second Amended Complaint and therefore denies same.

113.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 113 of the Second Amended Complaint and therefore

denies same.

114. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 114 of the Second Amended Complaint and therefore denies same.

115. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 115 of the Second Amended Complaint and therefore denies same.

116. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 116 of the Second Amended Complaint and therefore denies same.

117. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 117 of the Second Amended Complaint and therefore denies same.

118. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 118 of the Second Amended Complaint and therefore denies same.

119. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 119 of the Second Amended Complaint and therefore denies same.

120. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 120 of the Second Amended Complaint and therefore denies same.

121. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 121 of the Second Amended Complaint and therefore denies same.

122. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 122 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

123. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 123 of the Second Amended Complaint and therefore denies same.

124. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 124 of the Second Amended Complaint and therefore denies same.

125. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 125 of the Second Amended Complaint and therefore denies same.

126. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 126 of the Second Amended Complaint and therefore denies same.

127. The allegations in paragraph 127 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 127 and the same are denied.

128. The allegations in paragraph 128 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 128 and the same are denied.

129. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 129 of the Second Amended Complaint and therefore denies same.

130. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 130 of the Second Amended Complaint and therefore denies same.

131. The allegations in paragraph 131 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent

Case No. 3:25-cv-00459 BAS SBC

a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 131 and the same are denied.

132. The allegations in paragraph 132 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 132 and the same are denied.

133. The allegations in paragraph 133 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 133 and the same are denied.

134. The allegations in paragraph 134 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 134 and the same are denied.

135. The allegations in paragraph 135 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 135 and the same are denied.

136. The allegations in paragraph 136 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 136 and the same are denied.

137. The allegations in paragraph 137 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 137 and the same are denied.

138. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 138 of the Second Amended Complaint and therefore

denies same.

139.   The allegations in paragraph 139 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 139 and the same are denied.

140.   The allegations in paragraph 140 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 140 and the same are denied.

141.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 141 of the Second Amended Complaint and therefore denies same.

142.   The allegations in paragraph 142 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 142 and the same are denied.

143.   The allegations in paragraph 143 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 143 and the same are denied.

144.   The allegations in paragraph 144 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 144 and the same are denied.

145.   The allegations in paragraph 145 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 145 and the same are denied.

Case No. 3:25-cv-00459 BAS SBC

146. The allegations in paragraph 146 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 146 and the same are denied.

147. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 147 of the Second Amended Complaint and therefore denies same.

148. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 148 of the Second Amended Complaint and therefore denies same.

149. The allegations in paragraph 149 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 149 and the same are denied.

150. The allegations in paragraph 150 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 150 and the same are denied.

151. The allegations in paragraph 151 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 151 and the same are denied.

152. The allegations in paragraph 152 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 152 and the same are denied.

153. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 153 of the Second Amended Complaint and therefore

Case No. 3:25-cv-00459 BAS SBC

denies same.

154. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 154 of the Second Amended Complaint and therefore denies same.

155. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 155 of the Second Amended Complaint and therefore denies same.

156. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 156 of the Second Amended Complaint and therefore denies same.

157. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 157 of the Second Amended Complaint and therefore denies same.

158. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 158 of the Second Amended Complaint and therefore denies same.

159. The allegations in paragraph 159 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 159 and the same are denied.

160. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 160 of the Second Amended Complaint and therefore denies same.

161. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 161 of the Second Amended Complaint and therefore denies same.

162. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 162 of the Second Amended Complaint and therefore

denies same.

163. The allegations in paragraph 163 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 163 and the same are denied.

164. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 164 of the Second Amended Complaint and therefore denies same.

165. The allegations in paragraph 165 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 165 and the same are denied.

166. The allegations in paragraph 166 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 166 and the same are denied.

167. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 167 of the Second Amended Complaint and therefore denies same.

168. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 168 of the Second Amended Complaint and therefore denies same.

169. The allegations in paragraph 169 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 169 and the same are denied.

170. The allegations in paragraph 170 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent

a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 170 and the same are denied.

171.   The allegations in paragraph 171 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 171 and the same are denied.

172.   The allegations in paragraph 172 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 172 and the same are denied.

173.   The allegations in paragraph 173 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 173 and the same are denied.

174.   The allegations in paragraph 174 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 174 and the same are denied.

175.   The allegations in paragraph 175 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 175 and the same are denied.

176.   The allegations in paragraph 176 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 176 and the same are denied.

177.   The allegations in paragraph 177 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent

a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 177 and the same are denied.

178. The allegations in paragraph 178 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 178 and the same are denied.

179. The allegations in paragraph 179 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 179 and the same are denied.

180. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 180 of the Second Amended Complaint and therefore denies same.

181. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 181 of the Second Amended Complaint and therefore denies same.

182. The allegations in paragraph 182 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 182 and the same are denied.

183. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 183 of the Second Amended Complaint and therefore denies same.

184. The allegations in paragraph 184 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 184 and the same are denied.

185. The allegations in paragraph 185 of the Second Amended Complaint

Case No. 3:25-cv-00459 BAS SBC

are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 185 and the same are denied.

186. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 186 of the Second Amended Complaint and therefore denies same.

187. The allegations in paragraph 187 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 187 and the same are denied.

188. The allegations in paragraph 188 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 188 and the same are denied.

189. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 189 of the Second Amended Complaint and therefore denies same.

190. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 190 of the Second Amended Complaint and therefore denies same.

191. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 191 of the Second Amended Complaint and therefore denies same.

192. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 192 of the Second Amended Complaint and therefore denies same.

193. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 193 of the Second Amended Complaint and therefore

denies same.

194. The allegations in paragraph 194 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 194 and the same are denied.

195. The allegations in paragraph 195 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 195 and the same are denied.

196. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 196 of the Second Amended Complaint and therefore denies same.

197. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 197 of the Second Amended Complaint and therefore denies same.

198. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 198 of the Second Amended Complaint and therefore denies same.

199. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 199 of the Second Amended Complaint and therefore denies same.

200. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 200 of the Second Amended Complaint and therefore denies same.

201. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 201 of the Second Amended Complaint and therefore denies same.

202. The allegations in paragraph 202 of the Second Amended Complaint

Case No. 3:25-cv-00459 BAS SBC

are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 202 and the same are denied.

203.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 203 of the Second Amended Complaint and therefore denies same.

204.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 204 of the Second Amended Complaint and therefore denies same.

205.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 205 of the Second Amended Complaint and therefore denies same.

206.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 206 of the Second Amended Complaint and therefore denies same.

207.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 207 of the Second Amended Complaint and therefore denies same.

208.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 208 of the Second Amended Complaint and therefore denies same.

209.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 209 of the Second Amended Complaint and therefore denies same.

210.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 210 of the Second Amended Complaint and therefore denies same.

211.  Steinhauser is without sufficient information to admit or deny the

allegations in paragraph 211 of the Second Amended Complaint and therefore denies same.

212. The allegations in paragraph 212 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 212 and the same are denied.

213. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 213 of the Second Amended Complaint and therefore denies same.

214. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 214 of the Second Amended Complaint and therefore denies same.

215. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 215 of the Second Amended Complaint and therefore denies same.

216. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 216 of the Second Amended Complaint and therefore denies same.

217. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 217 of the Second Amended Complaint and therefore denies same.

218. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 218 of the Second Amended Complaint and therefore denies same.

219. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 219 of the Second Amended Complaint and therefore denies same.

220. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

allegations in paragraph 220 of the Second Amended Complaint and therefore denies same.

221.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 221 of the Second Amended Complaint and therefore denies same.

222.    The allegations in paragraph 222 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 222 and the same are denied.

223.    The allegations in paragraph 223 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 223 and the same are denied.

224.    The allegations in paragraph 224 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 224 and the same are denied.

225.    The allegations in paragraph 225 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 225 and the same are denied.

226.    The allegations in paragraph 226 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 226 and the same are denied.

227.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 227 of the Second Amended Complaint and therefore denies same.

228. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 228 of the Second Amended Complaint and therefore denies same.

229. The allegations in paragraph 229 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 229 and the same are denied.

230. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 230 of the Second Amended Complaint and therefore denies same.

231. The allegations in paragraph 231 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 231 and the same are denied.

232. The allegations in paragraph 232 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 232 and the same are denied.

233. The allegations in paragraph 233 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 233 and the same are denied.

234. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 234 of the Second Amended Complaint and therefore denies same.

235. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 235 of the Second Amended Complaint and therefore denies same.

236. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 236 of the Second Amended Complaint and therefore denies same.

237. The allegations in paragraph 237 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 237 and the same are denied.

238. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 238 of the Second Amended Complaint and therefore denies same.

239. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 239 of the Second Amended Complaint and therefore denies same.

240. The allegations in paragraph 240 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 240 and the same are denied.

241. The allegations in paragraph 241 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 241 and the same are denied.

242. The allegations in paragraph 242 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 242 and the same are denied.

243. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 243 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

244.   The allegations in paragraph 244 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 244 and the same are denied.

245.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 245 of the Second Amended Complaint and therefore denies same.

246.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 246 of the Second Amended Complaint and therefore denies same.

247.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 247 of the Second Amended Complaint and therefore denies same.

248.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 248 of the Second Amended Complaint and therefore denies same.

249.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 249 of the Second Amended Complaint and therefore denies same.

250.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 250 of the Second Amended Complaint and therefore denies same.

251.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 251 of the Second Amended Complaint and therefore denies same.

252.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 252 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

253. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 253 of the Second Amended Complaint and therefore denies same.

254. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 254 of the Second Amended Complaint and therefore denies same.

255. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 255 of the Second Amended Complaint and therefore denies same.

256. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 256 of the Second Amended Complaint and therefore denies same.

257. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 257 of the Second Amended Complaint and therefore denies same.

258. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 258 of the Second Amended Complaint and therefore denies same.

259. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 259 of the Second Amended Complaint and therefore denies same.

260. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 260 of the Second Amended Complaint and therefore denies same.

261. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 261 of the Second Amended Complaint and therefore denies same.

262. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

allegations in paragraph 262 of the Second Amended Complaint and therefore denies same.

263. The allegations in paragraph 263 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 263 and therefore denies same.

264. Paragraph 264 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 264 and therefore denies same.

265. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 265 of the Second Amended Complaint and therefore denies same.

266. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 266 of the Second Amended Complaint and therefore denies same.

267. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 267 of the Second Amended Complaint and therefore denies same.

268. The allegations in paragraph 268 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 268 and the same are denied.

269. The allegations in paragraph 269 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 269 and the same are denied.

270. The allegations in paragraph 270 of the Second Amended Complaint

Case No. 3:25-cv-00459 BAS SBC

are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 270 and the same are denied.

271. The allegations in paragraph 271 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 271 and the same are denied.

272. The allegations in paragraph 272 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 272 and the same are denied.

273. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 273 of the Second Amended Complaint and therefore denies same.

274. The allegations in paragraph 274 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 274 and the same are denied.

275. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 275 of the Second Amended Complaint and therefore denies same.

276. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 276 of the Second Amended Complaint and therefore denies same.

277. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 277 of the Second Amended Complaint and therefore denies same.

278. Steinhauser is without sufficient information to admit or deny the

allegations in paragraph 278 of the Second Amended Complaint and therefore denies same.

279.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 279 of the Second Amended Complaint and therefore denies same.

280.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 280 of the Second Amended Complaint and therefore denies same.

281.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 281 of the Second Amended Complaint and therefore denies same.

282.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 282 of the Second Amended Complaint and therefore denies same.

283.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 283 of the Second Amended Complaint and therefore denies same.

284.    Steinhauser is without sufficient information to admit or deny the allegations in paragraph 284 of the Second Amended Complaint and therefore denies same.

285.    The allegations in paragraph 285 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 285 and the same are denied.

286.    The allegations in paragraph 286 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 286 and the same are denied.

287.   The allegations in paragraph 287 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 287 and the same are denied.

288.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 288 of the Second Amended Complaint and therefore denies same.

289.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 289 of the Second Amended Complaint and therefore denies same.

290.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 290 of the Second Amended Complaint and therefore denies same.

291.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 291 of the Second Amended Complaint and therefore denies same.

292.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 292 of the Second Amended Complaint and therefore denies same.

293.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 293 of the Second Amended Complaint and therefore denies same.

294.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 294 of the Second Amended Complaint and therefore denies same.

295.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 295 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

296. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 296 of the Second Amended Complaint and therefore denies same.

297. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 297 of the Second Amended Complaint and therefore denies same.

298. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 298 of the Second Amended Complaint and therefore denies same.

299. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 299 of the Second Amended Complaint and therefore denies same.

300. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 300 of the Second Amended Complaint and therefore denies same.

301. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 301 of the Second Amended Complaint and therefore denies same.

302. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 302 of the Second Amended Complaint and therefore denies same.

303. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 303 of the Second Amended Complaint and therefore denies same.

304. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 304 of the Second Amended Complaint and therefore denies same.

305. Steinhauser is without sufficient information to admit or deny the

allegations in paragraph 305 of the Second Amended Complaint and therefore denies same.

306. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 306 of the Second Amended Complaint and therefore denies same.

307. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 307 of the Second Amended Complaint and therefore denies same.

308. The allegations in paragraph 308 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 308 and the same are denied.

309. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 309 of the Second Amended Complaint and therefore denies same.

310. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 310 of the Second Amended Complaint and therefore denies same.

311. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 311 of the Second Amended Complaint and therefore denies same.

312. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 312 of the Second Amended Complaint and therefore denies same.

313. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 313 of the Second Amended Complaint and therefore denies same.

314. Steinhauser is without sufficient information to admit or deny the

allegations in paragraph 314 of the Second Amended Complaint and therefore denies same.

315. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 315 of the Second Amended Complaint and therefore denies same.

316. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 316 of the Second Amended Complaint and therefore denies same.

317. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 317 of the Second Amended Complaint and therefore denies same.

318. The allegations in paragraph 318 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 318 and the same are denied.

319. The allegations in paragraph 319 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 319 and the same are denied.

320. The allegations in paragraph 320 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 320 and the same are denied.

321. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 321 of the Second Amended Complaint and therefore denies same.

322. The allegations in paragraph 322 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent

Case No. 3:25-cv-00459 BAS SBC

a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 322 and the same are denied.

323. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 323 of the Second Amended Complaint and therefore denies same.

324. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 324 of the Second Amended Complaint and therefore denies same.

325. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 325 of the Second Amended Complaint and therefore denies same.

326. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 326 of the Second Amended Complaint and therefore denies same.

327. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 327 of the Second Amended Complaint and therefore denies same.

328. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 328 of the Second Amended Complaint and therefore denies same.

329. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 329 of the Second Amended Complaint and therefore denies same.

330. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 330 of the Second Amended Complaint and therefore denies same.

331. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 331 of the Second Amended Complaint and therefore

Case No. 3:25-cv-00459 BAS SBC

denies same.

332. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 332 of the Second Amended Complaint and therefore denies same.

333. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 333 of the Second Amended Complaint and therefore denies same.

334. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 334 of the Second Amended Complaint and therefore denies same.

335. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 335 of the Second Amended Complaint and therefore denies same.

336. The allegations in paragraph 336 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 336 and the same are denied.

337. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 337 of the Second Amended Complaint and therefore denies same.

338. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 338 of the Second Amended Complaint and therefore denies same.

339. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 339 of the Second Amended Complaint and therefore denies same.

340. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 340 of the Second Amended Complaint and therefore

denies same.

341.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 341 of the Second Amended Complaint and therefore denies same.

342.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 342 of the Second Amended Complaint and therefore denies same.

343.  The allegations in paragraph 343 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 343 and the same are denied.

344.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 344 of the Second Amended Complaint and therefore denies same.

345.  The allegations in paragraph 345 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 345 and the same are denied.

346.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 346 of the Second Amended Complaint and therefore denies same.

347.  The allegations in paragraph 347 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 347 and the same are denied.

348.  Steinhauser is without sufficient information to admit or deny the allegations in paragraph 348 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

349. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 349 of the Second Amended Complaint and therefore denies same.

350. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 350 of the Second Amended Complaint and therefore denies same.

351. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 351 of the Second Amended Complaint and therefore denies same.

352. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 352 of the Second Amended Complaint and therefore denies same.

353. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 353 of the Second Amended Complaint and therefore denies same.

354. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 354 of the Second Amended Complaint and therefore denies same.

355. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 355 of the Second Amended Complaint and therefore denies same.

356. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 356 of the Second Amended Complaint and therefore denies same.

357. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 357 of the Second Amended Complaint and therefore denies same.

358. The allegations in paragraph 358 of the Second Amended Complaint

are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 358 and the same are denied.

359. The allegations in paragraph 359 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 359 and the same are denied.

360. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 360 of the Second Amended Complaint and therefore denies same.

361. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 361 of the Second Amended Complaint and therefore denies same.

362. The allegations in paragraph 362 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 362 and the same are denied.

363. The allegations in paragraph 363 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 363 and the same are denied.

364. The allegations in paragraph 364 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 364 and the same are denied.

365. The allegations in paragraph 365 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 365 and the same are denied.

366. The allegations in paragraph 366 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 366 and the same are denied.

367. The allegations in paragraph 367 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 367 and the same are denied.

368. The allegations in paragraph 368 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 368 and the same are denied.

369. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 369 of the Second Amended Complaint and therefore denies same.

370. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 370 of the Second Amended Complaint and therefore denies same.

371. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 371 of the Second Amended Complaint and therefore denies same.

372. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 372 of the Second Amended Complaint and therefore denies same.

373. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 373 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

374. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 374 of the Second Amended Complaint and therefore denies same.

375. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 375 of the Second Amended Complaint and therefore denies same.

376. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 376 of the Second Amended Complaint and therefore denies same.

377. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 377 of the Second Amended Complaint and therefore denies same.

378. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 378 of the Second Amended Complaint and therefore denies same.

379. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 379 of the Second Amended Complaint and therefore denies same.

380. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 380 of the Second Amended Complaint and therefore denies same.

381. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 381 of the Second Amended Complaint and therefore denies same.

382. To the extent the allegations in paragraph 382 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 382 and therefore denies same.

383. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 383 of the Second Amended Complaint and therefore denies same.

384. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 384 of the Second Amended Complaint and therefore denies same.

385. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 385 of the Second Amended Complaint and therefore denies same.

386. To the extent the allegations in paragraph 386 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 386 and therefore denies same.

387. To the extent the allegations in paragraph 387 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 387 and therefore denies same.

388. The allegations in paragraph 388 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 388 and the same are denied.

389. The allegations in paragraph 389 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 389 and the same are denied.

390. In response to the allegations in paragraph 390 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants. Steinhauser is without

sufficient information to admit or deny the remaining allegations in paragraph 390 and therefore denies same.

391. In response to the allegations in paragraph 391 of the Second Amended Complaint, Steinhauser admits only that he was hired as Stemedica's CEO in 2023 and that he had invested in Stemedica. Steinhauser specifically denies that that sale of Stemedica assets was completed, as such assets are part of the bankruptcy estate of Stemedica, and Steinhauser denies all remaining allegations in paragraph 391.

392. In response to the allegations in paragraph 392 of the Second Amended Complaint, Steinhauser admits only that he had limited communications with Plaintiffs regarding the claims alleged in this lawsuit. Steinhauser denies all remaining allegations in paragraph 392.

393. Steinhauser admits the allegations in paragraph 393 of the Second Amended Complaint.

394. In response to the allegations in paragraph 394 of the Second Amended Complaint, Steinhauser admits only that Stemedica sent an email to its shareholders in September 2024 regarding a sale of Stemedica ("the Gerbsman Email"), and Steinhauser affirmatively states that this email speaks for itself. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 394 and therefore denies same.

395. In response to the allegations in paragraph 395 of the Second Amended Complaint related to the Gerbsman Email, the Gerbsman Email speaks for itself and Steinhauser denies any allegations inconsistent with its plain language.

396. In response to the allegations in paragraph 396 of the Second Amended Complaint related to the Gerbsman Email, the Gerbsman Email speaks for itself and Steinhauser denies any allegations inconsistent with its plain language. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

remaining allegations in paragraph 396 and therefore denies same.

397. In response to the allegations in paragraph 397 of the Second Amended Complaint related to the Gerbsman Email, the Gerbsman Email speaks for itself and Steinhauser denies any allegations inconsistent with its plain language.

398. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 398 of the Second Amended Complaint and therefore denies same.

399. In response to the allegations in paragraph 399 of the Second Amended Complaint, Steinhauser denies that the sale of Stemedica assets was completed prior to it filing bankruptcy and that such assets were part of the bankruptcy estate of Stemedica. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 399 and therefore denies same.

400. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 400 of the Second Amended Complaint and therefore denies same.

401. To the extent the allegations in paragraph 401 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 401 and therefore denies same.

402. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 402 of the Second Amended Complaint and therefore denies same.

403. To the extent the allegations in paragraph 403 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied, and Steinhauser specifically denies that the sale of Stemedica assets was completed prior to it filing bankruptcy, denies that Steinhauser had any position

Case No. 3:25-cv-00459 BAS SBC

with SanoStem, and denies that such assets were part of the bankruptcy estate of Stemedica. .   Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 403 and therefore denies same.

404.   To the extent the allegations in paragraph 404 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.   Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 404 and therefore denies same.

405.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 405 of the Second Amended Complaint and therefore denies same.

406.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 406 of the Second Amended Complaint and therefore denies same.

407.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 407 of the Second Amended Complaint and therefore denies same.

408.   In response to the allegations in paragraph 408 of the Second Amended Complaint, Steinhauser admits only that SanoStem erroneously claimed on its website that he had been appointed CEO.   Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 408 of the Second Amended Complaint and therefore denies same.

409.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 409 of the Second Amended Complaint and therefore denies same.

410.   To the extent the allegations in paragraph 410 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.   Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 410 and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

411. In response to the allegations in paragraph 411 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants, and Steinhauser denies that he ever agreed to negotiate a settlement with Plaintiffs. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 411 and therefore denies same.

412. In response to the allegations in paragraph 412 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 412 and therefore denies same.

413. In response to the allegations in paragraph 413 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 413 and therefore denies same.

414. In response to the allegations in paragraph 414 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 414 and therefore denies same.

415. In response to the allegations in paragraph 415 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 415 and therefore denies same.

416. In response to the allegations in paragraph 416 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered

Case No. 3:25-cv-00459 BAS SBC

into Tolling Agreements with some of the Defendants.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 416 and therefore denies same.

417.  In response to the allegations in paragraph 417 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 417 and therefore denies same.

418.  In response to the allegations in paragraph 418 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 418 and therefore denies same.

419.  In response to the allegations in paragraph 419 of the Second Amended Complaint, Steinhauser admits only that he is aware Plaintiffs entered into Tolling Agreements with some of the Defendants.  Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 419 and therefore denies same.

## FIRST CAUSE OF ACTION
### (Fraudulent Inducement To Invest in CardioCell Against Maynard Howe, Roger Howe, And Nikoali Tankovich)

420.  In response to paragraph 420 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

421.  The allegations in paragraph 421 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 421 and the same are denied.

422.  The allegations in paragraph 422 of the Second Amended Complaint

Case No. 3:25-cv-00459 BAS SBC

are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 422 and the same are denied.

423. The allegations in paragraph 423 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 423 and the same are denied.

424. The allegations in paragraph 424 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 424 and the same are denied.

425. The allegations in paragraph 425 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 425 and the same are denied.

426. The allegations in paragraph 426 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 426 and the same are denied.

427. The allegations in paragraph 427 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 427 and the same are denied.

### SECOND CAUSE OF ACTION
**(Fraudulent Inducement To Enter Into The Equity Exchange Agreement Against Roger Howe, Maynard Howe, and Dirk O'Hara)**

428. In response to paragraph 428 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

Case No. 3:25-cv-00459 BAS SBC

429. The allegations in paragraph 429 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 429 and the same are denied.

430. The allegations in paragraph 430 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 430 and the same are denied.

431. The allegations in paragraph 431 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 431 and the same are denied.

432. The allegations in paragraph 432 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 432 and the same are denied.

433. The allegations in paragraph 433 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 433 and the same are denied.

434. The allegations in paragraph 434 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 434 and the same are denied.

435. The allegations in paragraph 435 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 435 and the same are denied.

Case No. 3:25-cv-00459 BAS SBC

436.   The allegations in paragraph 436 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 436 and the same are denied.

437.   The allegations in paragraph 437 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 437 and the same are denied.

438.   The allegations in paragraph 438 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 438 and the same are denied.

439.   The allegations in paragraph 439 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 439 and the same are denied.

440.   The allegations in paragraph 440 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 440 and the same are denied.

**THIRD CAUSE OF ACTION**

**(Breach Of Fiduciary Duty Against Roger Howe, Maynard Howe, Nikolai Tankovich, Dirk O'Hara, Craig Carlson, And Simon Guo)**

441.   In response to paragraph 441 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

442.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 442 of the Second Amended Complaint and therefore denies same.

Case No. 3:25-cv-00459 BAS SBC

443. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 443 of the Second Amended Complaint and therefore denies same.

444. The allegations in paragraph 444 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 444 and the same are denied.

445. The allegations in paragraph 445 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 445 and the same are denied.

446. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 446 of the Second Amended Complaint and therefore denies same.

447. The allegations in paragraph 447 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 447 and the same are denied.

448. The allegations in paragraph 448 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 448 and the same are denied.

449. The allegations in paragraph 449 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 449 and the same are denied.

450. The allegations in paragraph 450 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent

Case No. 3:25-cv-00459 BAS SBC

a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 450 and the same are denied.

451.   The allegations in paragraph 451 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 451 and the same are denied.

452.   The allegations in paragraph 452 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 452 and the same are denied.

453.   The allegations in paragraph 453 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 453 and the same are denied.

454.   The allegations in paragraph 454 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 454 and the same are denied.

455.   The allegations in paragraph 455 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 455 and the same are denied.

456.   The allegations in paragraph 456 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 456 and the same are denied.

## **FOURTH CAUSE OF ACTION**

Case No. 3:25-cv-00459 BAS SBC

**(Aiding And Abetting Breach of Fiduciary Duty Against JZT)**

457.   In response to paragraph 457 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

458.   The allegations in paragraph 458 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 458 and the same are denied.

459.   The allegations in paragraph 459 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 459 and the same are denied.

460.   The allegations in paragraph 460 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 460 and the same are denied.

461.   The allegations in paragraph 461 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 461 and the same are denied.

462.   The allegations in paragraph 462 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 462 and the same are denied.

## FIFTH CAUSE OF ACTION
**(Fraudulent Concealment Against Roger Howe And Nikolai Tankovich)**

463.   In response to paragraph 463 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if

fully set forth herein.

464. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 464 of the Second Amended Complaint and therefore denies same.

465. The allegations in paragraph 465 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 465 and the same are denied.

466. The allegations in paragraph 466 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 466 and the same are denied.

467. The allegations in paragraph 467 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 467 and the same are denied.

468. The allegations in paragraph 468 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 468 and the same are denied.

469. The allegations in paragraph 469 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 469 and the same are denied.

470. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 470 of the Second Amended Complaint and therefore denies same.

471. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

allegations in paragraph 471 of the Second Amended Complaint and therefore denies same.

472.   The allegations in paragraph 472 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 472 and the same are denied.

473.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 473 of the Second Amended Complaint and therefore denies same.

474.   The allegations in paragraph 474 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 474 and the same are denied.

## SIXTH CAUSE OF ACTION
### (Intentional Fraudulent Transfer Under Cal. Civ. Code § 3439.04(a)(1) Against Stemedica, SanoStem, and Shivinder Deol)

475.   In response to paragraph 475 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

476.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 476 of the Second Amended Complaint and therefore denies same.

477.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 477 of the Second Amended Complaint and therefore denies same.

478.   The allegations in paragraph 478 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 478 and the same are denied.

479.   To the extent the allegations in paragraph 479 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied.   Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 479 and therefore denies same.

480.   The allegations in paragraph 480 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 480 and therefore denies same.

481.   The allegations in paragraph 481 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 481 and the same are denied.

**SEVENTH CAUSE OF ACTION**
**(Constructive Fraudulent Transfer Under Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 Against Stemedica, SanoStem, And Shivinder Deol)**

482.   In response to paragraph 482 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

483.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 483 of the Second Amended Complaint and therefore denies same.

484.   Steinhauser is without sufficient information to admit or deny the allegations in paragraph 484 of the Second Amended Complaint and therefore denies same.

485.   The allegations in paragraph 485 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 485 and the same are denied.

486.   To the extent the allegations in paragraph 486 of the Second Amended

Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser further denies that a transfer of Stemedica assets was completed prior to it filing bankruptcy, as such assets are part of the bankruptcy estate. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 486 and therefore denies same.

487. The allegations in paragraph 487 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, the same are denied because Plaintiffs cannot show all of the elements required under Cal. Civ. Code §§ 3439.04, 3439.05. including without limitation, the predicate act of a transfer.

488. The allegations in paragraph 488 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser denies same. Steinhauser further affirmatively states that assets alleged to be transferred are part of the bankruptcy estate of Stemedica, rendering Plaintiff's demand moot.

## EIGHTH CAUSE OF ACTION
**(Aiding and Abetting Intentional Fraudulent Transfer Against Roger Howe, Maynard Howe, Nikolai Tankovich, Michael K. Steinhauser, And Shivinder Deol)**

489. In response to paragraph 489 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

490. Steinhauser is without sufficient information to admit or deny the allegations in paragraph 490 of the Second Amended Complaint and therefore denies same.

491. In response to the allegations in paragraph 491 of the Second Amended Complaint, Steinhauser admits only that he knew Plaintiffs had alleged claims against Stemedica before February 4, 2025. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 491

and therefore denies same.

492. In response to the allegations in paragraph 492 of the Second Amended Complaint, Steinhauser denies that a transfer of Stemedica assets was completed prior to it filing bankruptcy, as such assets are part of the bankruptcy estate. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 492 and therefore denies same.

493. The allegations in paragraph 493 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser denies same.

494. Steinhauser denies the allegations in paragraph 494 of the Second Amended Complaint.

495. Steinhauser denies the allegations in paragraph 495 of the Second Amended Complaint.

496. Steinhauser denies the allegations in paragraph 496 of the Second Amended Complaint

### NINTH CAUSE OF ACTION
**(Violation Of The Racketeer Influenced And Corrupt Organizations Act Under 18 U.S.C. § 1962(c) Against Defendants Stemedica, JZT Parent, JZT Maker, JZT Fund, Roger Howe, Maynard Howe, David Howe, Nikolai Tankovich, Dirk O'Hara, Simon Guo, and Craig Carlson)**

497. In response to paragraph 497 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

498. The allegations in paragraph 498 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser denies same.

499. The allegations in paragraph 499 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

admit or deny the allegations in paragraph 499 and the same are denied.

500. The allegations in paragraph 500 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 500 and the same are denied.

501. The allegations in paragraph 501 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 501 and the same are denied.

502. The allegations in paragraph 502 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 502 and the same are denied.

503. The allegations in paragraph 503 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 503 and the same are denied.

504. The allegations in paragraph 504 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 504 and the same are denied.

505. The allegations in paragraph 505 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 505 and the same are denied.

506. The allegations in paragraph 506 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 506 and the same are denied.

507. The allegations in paragraph 507 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 507 and the same are denied.

508. The allegations in paragraph 508 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 508 and the same are denied.

509. The allegations in paragraph 509 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 509 and the same are denied.

510. The allegations in paragraph 510 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 510 and the same are denied.

511. The allegations in paragraph 511 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 511 and the same are denied.

512. To the extent the allegations in paragraph 512 of the Second Amended Complaint imply that Steinhauser engaged in any wrongdoing, the same are denied. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 512 and therefore denies same.

513. The allegations in paragraph 513 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to

Case No. 3:25-cv-00459 BAS SBC

admit or deny the allegations in paragraph 513 and the same are denied.

514. The allegations in paragraph 514 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 514 and the same are denied.

515. The allegations in paragraph 515 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 515 and the same are denied.

## TENTH CAUSE OF ACTION

**(Violation Of The Racketeer Influenced And Corrupt Organizations Act Under 18 U.S.C. § 1962(d) Against Defendants Stemedica, JZT Parent, JZT Maker, JZT Fund, Roger Howe, Maynard Howe, David Howe, Nikolai Tankovich, Dirk O'Hara, Simon Guo, and Craig Carlson)**

516. In response to paragraph 516 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

517. The allegations in paragraph 517 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required. To the extent a response is deemed required, Steinhauser denies same.

518. The allegations in paragraph 518 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 518 and the same are denied.

519. The allegations in paragraph 519 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 519 and the same are denied.

Case No. 3:25-cv-00459 BAS SBC

520. The allegations in paragraph 520 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 520 and the same are denied.

521. The allegations in paragraph 521 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 521 and the same are denied.

522. The allegations in paragraph 522 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 522 and the same are denied.

523. The allegations in paragraph 523 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 523 and the same are denied.

524. The allegations in paragraph 524 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required. To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 524 and the same are denied.

## <u>ELEVENTH CAUSE OF ACTION</u>
### (Accounting Against Stemedica)

525. In response to paragraph 525 of the Second Amended Complaint, Steinhauser restates and realleges his responses to the foregoing paragraphs as if fully set forth herein.

526. Upon information and belief, Steinhauser admits the allegations in paragraph 526 of the Second Amended Complaint.

527. Steinhauser is without sufficient information to admit or deny the

Case No. 3:25-cv-00459 BAS SBC

allegations in paragraph 527 of the Second Amended Complaint and therefore denies same.

528.   The allegations in paragraph 528 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 528 and the same are denied.

529.   The allegations in paragraph 529 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 529 and the same are denied.

530.   The allegations in paragraph 530 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 530 and the same are denied.

531.   The allegations in paragraph 531 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 531 and the same are denied.

532.   The allegations in paragraph 532 of the Second Amended Complaint are not directed to Steinhauser and therefore no response is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 532 and the same are denied.

533.   The allegations in paragraph 533 of the Second Amended Complaint contain legal conclusions for which no responsive pleading is required.  To the extent a response is deemed required, Steinhauser is without sufficient information to admit or deny the allegations in paragraph 533 and therefore denies same.

## PRAYER FOR RELIEF

534.   In response to the allegations in paragraph 534, Steinhauser denies

Case No. 3:25-cv-00459 BAS SBC

that Plaintiff is entitled to any form of relief against him, personally. Steinhauser is without sufficient information to admit or deny the remaining allegations in paragraph 534 and therefore denies same.

## JURY DEMAND

535. Paragraph 535 of the Second Amended Complaint contains a jury demand for which no responsive pleading is required. To the extent a responsive pleading is deemed required, Steinhauser admits only that Plaintiffs have demanded a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for aiding and abetting a fraudulent transfer against Defendant Steinhauser under Cal. Civ. Code § 3439.04(a)(1) because the Complaint does not plausibly allege facts showing that Defendant Steinhauser had actual knowledge of any intent by the debtor to hinder, delay, or defraud creditors, or that Defendant Steinhauser knowingly and substantially assisted such conduct.

2. Plaintiffs' aiding-and-abetting claim fails as to Defendant Steinhauser because Plaintiffs have not pleaded or proven the existence of an underlying fraudulent transfer made with actual intent to hinder, delay, or defraud creditors, as required by Cal. Civ. Code § 3439.04(a)(1).

3. Defendant Steinhauser lacked actual knowledge of any alleged fraudulent scheme or unlawful purpose of the debtor. Mere association with the debtor, or performance of routine or lawful acts, does not constitute knowledge sufficient to support aiding-and-abetting liability.

4. Defendant Steinhauser did not act with the intent or purpose of facilitating any fraudulent transfer. Aiding-and-abetting liability requires more than passive awareness or negligence; it requires intentional participation, which Plaintiffs have not alleged as it relates to Defendant Steinhauser.

5. Defendant Steinhauser did not provide substantial assistance or

encouragement to any alleged fraudulent transfer. At most, Defendant Steinhauser's alleged conduct constitutes ordinary, lawful activity or passive involvement, which is insufficient as a matter of law.

6.    Plaintiffs failed to take reasonable steps to mitigate their alleged damages, if any, and are therefore barred from recovering those damages which could have been avoided through the exercise of reasonable diligence.

7.    Any alleged damages were caused by the independent acts or omissions of third parties, including the debtor or other transferees, over whom Defendant Steinhauser  had no control, which acts constitute intervening and superseding causes barring or reducing recovery.

8.    To the extent Plaintiffs sustained any damages, such damages were caused or contributed to by Plaintiffs' own acts, omissions, or fault, and any recovery must be reduced or barred accordingly under applicable law.

9.    Plaintiffs cannot establish that Defendant Steinhauser's alleged conduct was the proximate cause of Plaintiffs' alleged injuries or damages.

10.    Plaintiffs seek damages that are speculative, remote, or not legally recoverable under Cal. Civ. Code §§ 3439.07–3439.08.

11.    Plaintiffs have failed to allege or prove that they sustained actual, non-speculative damages caused by Defendant Steinhauser.

12.    Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, and/or unclean hands arising from Plaintiffs' own conduct, delay, or inequitable behavior.

13.    Any recovery is barred or limited to the extent Plaintiffs have recovered, or may recover, the same alleged losses from the debtor, transferees, or other third parties.

14.    Defendant Steinhauser reserves the right to assert additional affirmative defenses as discovery proceeds and as facts become known.

WHEREFORE, Defendant Michael K. Steinhauser respectfully requests that the Court deny all relief requested in the Second Amended Complaint and that the Court enter judgment in favor of Defendant Michael K. Steinhauser as follows:

1. Dismissing the Second Amended Complaint with prejudice and on the merits;

2. Awarding Defendant Steinhauser his reasonable attorneys' fees and costs incurred in defending this action; and

3. Awarding such other and further relief in favor of Defendant Steinhauser as the Court deems just and appropriate.

DATED:  April 21, 2026                    BOWMAN AND BROOKE LLP


                                          BY:   */S/ Theodore Dorenkamp III*
                                                Theodore Dorenkamp III
                                                Attorneys for Defendant
                                                MICHAEL K. STEINHAUSER

Case No. 3:25-cv-00459 BAS SBC

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, I filed the foregoing document entitled ***DEFENDANT MICHAEL K. STEINHAUSER'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT*** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

*/s/ Theodore Dorenkamp III*
Theodore Dorenkamp III

Case No. 3:25-cv-00459 BAS SBC