Michael S. Lazaroff (Admitted *Pro Hac Vice*, New York State Bar No. 2801579)
RIMÔN P.C.
400 Madison Avenue, Suite 11D
New York, NY 10017
Tel: (646) 738-4151
Fax: (212) 363-0270
michael.lazaroff@rimonlaw.com

Daniel F. Lula (California State Bar No. 227295)
RIMÔN P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Tel: (617) 963-0419
Fax: (213) 375-3811
daniel.lula@rimonlaw.com

Robert A. Cocchia (California State Bar No. 172315)
RIMÔN P.C.
3579 4th Avenue
San Diego, CA 92103
Tel: (858) 348-4383
Fax: (213) 375-3811
robert.cocchia@rimonlaw.com

*Attorneys for Plaintiffs Nina Vikhrieva and Sergey Leshkov*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL LLC; DUNIYA SANOSTEM INC.; AND SHIVINDER S. DEOL,<br><br>Defendants. | Case No.: 3:25-cv-00459-BAS-SBC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID HOWE'S MOTION TO DISMISS CLAIMS NINE AND TEN OF THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>**Judge: Hon. Cynthia A. Bashant**<br><br>**Hearing Date: May 22, 2026**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

## **INTRODUCTION**

Plaintiffs Nina Vikhrieva and Sergey Leshkov (together, "Plaintiffs") respectfully submit this memorandum of law opposing Defendant David Howe's Motion to Dismiss Claims Nine and Ten in the Second Amended Complaint ("SAC") Pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice (ECF 66, the "Motion" or "Mot.").[1]  The Motion should be denied and either the two claims (Nine and Ten) against David Howe (the "David Howe SAC Claims") should not be dismissed at all (since Plaintiffs repled them solely to preserve appeal and avoid waiver) or, if dismissed, they should be dismissed without prejudice.

The Motion should be denied for the following reasons.  The Court previously dismissed the same two claims against David Howe that were in the Amended Complaint "without prejudice" and "with leave to amend" (ECF 62, *Vikhrieva et. al. v. Stemedica Cell Tech., Inc. et. al.*, No. 25-cv-00459-BAS-SBC, 2026 WL 836349, at \*15, \*24 (S.D. Cal. Mar. 26, 2026, the "MTD Order")).  In the same order, the Court also dismissed certain other claims against other defendants, including claims likewise dismissed without prejudice (MTD Order, at \*24).  Plaintiffs were able to and did amend the breach of fiduciary duty claims against various other defendants in accordance with the MTD Order which resulted in the SAC being filed on April 7, 2026 (ECF 64, and 64-2).

This procedural posture created a unique and unavoidable issue with respect to the David Howe SAC claims.  Under Ninth Circuit authority, when claims dismissed without prejudice are omitted from a subsequently filed amended complaint, those claims are deemed "waived". *See, e.g., Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  Thus, since Plaintiffs were amending other claims against other defendants, they were effectively required by the Ninth Circuit's waiver doctrine in *Lacey* to replead the David Howe SAC Claims in order to preserve and

---

[1]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the SAC or Mot.

not waive these claims. Specifically, Plaintiffs were obligated to replead those claims to preserve (a) their right to appeal that part of the decision dismissing those claims from the Amended Complaint at a later procedurally appropriate time; and/or (b) their ability to later amend those claims if Plaintiffs receive additional factual information from discovery (or otherwise) supporting amending the claims consistent with the Court's decision in the MTD Order (which Plaintiffs reasonably anticipate may occur). Critically, Plaintiffs are not presently seeking substantive relief on the David Howe SAC Claims as currently pleaded in the SAC. In fact, Plaintiffs explained in the SAC itself, they were repleading these claims "solely to preserve [Plaintiffs'] rights to appeal and avoid waiver" (SAC ¶¶37; *see also* p. 94 n.2, and p. 101 n.3).

David Howe argues that the Court should dismiss the David Howe SAC Claims with prejudice which would preserve appellate rights and "allow the plaintiffs to take an appeal at a later date" (Mot. at 3). Plaintiffs agree that a dismissal with prejudice would preserve the right to appeal. However, any such ruling may also effectively foreclose Plaintiffs' ability to later amend those claims if discovery uncovers additional facts curing the pleading deficiencies identified in the MTD Order. This would be an unfair result. Instead, a more appropriate and procedurally balanced approach is to permit the David Howe SAC Claims to remain in the SAC solely for preservation purposes, while not permitting Plaintiffs to seek relief on those claims unless and until they are properly revived through amendment supported by additional facts, as the Court did in *Denmix I, LLC v. Amtrust International Underwriters,* No. CV 24-05814-MWF (AGRx), 2025 WL 2018505, *1 (C.D. Cal. June 26, 2025) or, in the alternative, again dismiss the David Howe SAC Claims without prejudice.

## **ARGUMENT**

Plaintiffs filed the Amended Complaint on May 30, 2025 (ECF 32) asserting twelve causes of action against fifteen defendants including three causes of action

- 2 -

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID HOWE'S MOTION TO DISMISS CLAIMS NINE AND TEN OF THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)

CASE NO.: 3:25-cv-000459-BAS-SBC

against David Howe.  Many defendants including David Howe separately moved to dismiss the claims against them in the Amended Complaint (ECF 37, 38, and 39). On March 26, 2026, the Court issued the MTD Order denying dismissal as to numerous claims, dismissing certain claims against certain defendants without prejudice and with leave to amend, and dismissing the unjust enrichment cause of action with prejudice (ECF 62the MTD Order).  In particular, the Court dismissed the unjust enrichment claim against David Howe with prejudice and expressly ruled that "[t]he Court **GRANTS** the request to dismiss the ninth and tenth claims for violations of RICO against David Howe,  . . . **WITHOUT PREJUDICE**" (*id.* at *42) (emphasis in the original).

Plaintiffs determined that, at this stage, they could not amend the David Howe SAC Claims (which had been dismissed without prejudice) to be consistent with the May 26 Order.  However, Plaintiffs could and did amend their claim for breach of fiduciary duty against other defendants which resulted in filing the SAC on April 7, 2026.  That procedural circumstance created a significant preservation issue with respect to the David Howe SAC Claims.  The Ninth Circuit holds that when a plaintiff files an amended complaint after some claims have been dismissed without prejudice and with leave to amend, any such dismissed claim that is omitted from the amended complaint is deemed "waived".  *See, e.g.,* Lacey, 693 F.3d at 928 ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. **But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled"**) (emphasis added).  Thus, repleading claims dismissed without prejudice is procedurally necessary in any amended complaint even if there is no substantive amendment to that particular claim in order to preserve any appeal and avoid waiver.  *See, e.g., Kelley-Ross & Associates, Inc. v. Express Scripts, Inc.*, No. 23-3634, 2025 WL 251326, at *2 (9th Cir. Jan. 21, 2025) ("we do not consider Kelley-Ross's WCPA claim because Kelley-Ross failed

- 3 -

to replead the claim in its operative complaint after the claim was dismissed without prejudice and with leave to amend"); *First Resort, Inc. v. Herrera,* 860 F.3d 1263, 1274 (9th Cir. 2017) (Appellant "has waived this . . . challenge. . . . The district court dismissed this claim with leave to amend. In its FAC, First Resort did not replead the claim, effectively abandoning it."); *Tarbuck v. Nevada ex rel. Nevada Youth Training Ctr.,* 691 F. App'x 426, 427 (9th Cir. 2017) ("Tarbuck failed to preserve his § 1983 free speech claim for appeal, because he did not reallege the claim in his second amended complaint after it was dismissed with leave to amend"); *Bolbol v. Feld Ent., Inc.,* 613 F. App'x 623, 625 (9th Cir. 2015) ("The district court dismissed the claim with leave to amend, and Plaintiffs did not reallege the claim for 'vandalism' in any amended complaint. Because Plaintiffs did not voluntarily reallege the 'vandalism' claim, they have waived review of the district court's order dismissing the claim"); *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 973, n. 14 (9th Cir. 2013) ( "Chubb originally brought a claim for equitable indemnity, which the district court dismissed with *leave to amend.* Because Chubb did not voluntarily renew these claims, however, it effectively abandoned them") (emphasis in the original).

Repleading may also be necessary to preserve the ability to later seek leave to amend and reassert the David Howe SAC Claims if additional information is obtained through discovery (or otherwise) supporting asserting one or both of these claims against David Howe consistent with the MTD Order.  *See, e.g., Digby Adler Group, LLC v. Mercedes-Benz U.S.A., LLC*, No. 14-CV-02349-THE, 2015 WL 5138080, at *7  (N.D. Cal. Sept. 1, 2015) ("Because Digby Adler originally brought these claims in the FAC . . ., and then omitted them in the SAC, Defendant argues that Digby Adler waived these claims and is barred from reasserting them in the TAC. . . . The Court is inclined to agree that these claims were abandoned and cannot be reasserted."); *see also LBF Travel Management Corp. v. Derosa,* No. 20-cv-2404-MMA (AGS), 2022 WL 3588926, at *7 (S.D. Cal. Aug. 22, 2022)

- 4 -

("Although *Lacey* addressed the waiver of rights on appeal, district courts have extended the reasoning of the decision to apply to waiver of causes of action in the district court when claims could have been pled in a subsequent complaint but were voluntarily withdrawn.") (citation omitted).

Thus, Plaintiffs were required to replead the David Howe SAC Claims in order to preserve (a) their ability, at the appropriate time, to appeal the portion of the MTD Order with regard to the two claims against David Howe dismissed without prejudice from the Amended Complaint; and (b) their ability to later seek leave to amend the David Howe SAC Claims if, through discovery or otherwise, they discover additional facts that would permit amending the David Howe SAC Claims consistent with the MTD Order. Plaintiffs further reasonably believe that discovery is likely to yield such additional evidence about the David Howe SAC Claims, particularly given the facts already alleged concerning David Howe's role in the underlying scheme. In any event, Plaintiffs clearly stated in the SAC that:

> 36. On May 26, 2026, the Court issued an order, inter alia, dismissing some of Plaintiffs' causes of action against particular Defendants from the First Amended Complaint with leave to amend. Plaintiffs believe that repleading of the facts as to the Second Cause of Action against Defendant Dirk O'Hara, the Ninth Cause of Action against Defendants David Howe, Dirk O'Hara, and Craig Carlson, and the Tenth Cause of Action against Defendants David Howe, Dirk O'Hara, and Craig Carlson will not be effective to resolve the issues under the holding of the Court in the May 26 order. Plaintiff though continues to include these causes of action against those Defendants here as pleaded in the First Amended Complaint solely to preserve its rights to appeal and avoid waiver. *See Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled"); *see also Denmix I, LLC v. Amtrust International Underwriters,* No. CV 24-05814-MWF (AGRx), 2025 WL 2018505, *1 (C.D. Cal. June 26, 2025). . . .

(SAC ¶36). Plaintiffs inserted similar footnotes for the Ninth and Tenth Causes of Action (*id.* at p. 94 n.2 and p. 101 n.3). Notably, the ability to reassert the claim if additional facts were discovered is generally available to Plaintiffs when claims are dismissed without prejudice. As the Supreme Court has explained (in a different

context), "[t]he primary meaning of 'dismissal without prejudice', we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.".  *Semtek Int'l Inc. v.* Lockheed *Martin Corp.,* 531 U.S. 497, 505, 121 S. Ct. 1021, 149 L. Ed. 2d  (2001); *see also Martel v. Astrue,* No. C 11–02961 CRB, 2012 WL 2061627, at *3 (N.D. Cal. June 7, 2012) ("dismissal without prejudice clearly invited Petitioner to refile her action") (citing *Semtek,* 531 U.S. at 505 about the meaning of dismissal without prejudice).  But, here, simply because Plaintiffs amended a different claim against other defendants, they needed to replead the David Howe SAC Claims without amending them and without intending to seek relief on these claims as currently alleged in order to preserve the right to appeal and avoid waiver.

The Court in *Denmix* faced a similar situation.  The Court initially dismissed three claims with leave to amend.  Plaintiff then filed a Second Amended Complaint "which include[d] allegations that [Plaintiff] is seeking damages based on ground this court rejected in the Prior Order".  *Denmix,* 2025 WL 2018505, at *1. Defendant moved to strike these allegations.  Plaintiff asserted that "it is not seeking relief on those allegations previously dismissed" but wanted to "preserve them for appeal".  *Id.*  The Court accepted Plantiff's "representation that it is **not** seeking relief under the dismissed claims" and denied the motion to strike.  *Id.; cf. Sihler v. Fulfillment Lab, Inc.,* No. 3:20-cv-01528-H-MSB, 2021 WL 1293839, at *11 (S.D. Cal. Apr. 7, 2021) ("the Court dismissed this cause of action in Plaintiffs' original complaint, and that Plaintiffs have not fixed the defect with this claim – . . . Plaintiffs state the claim is only included in the FAC to preserve error and avoid waiver of their original arguments").  Here, the Court should either deny the motion achieving a similar result to that of the Court in *Denmix* or, if it again dismisses the David Howe SAC Claims, it should do so without prejudice so that Plaintiffs could later reassert the claims if they discover sufficient new facts to do so consistent with the MTD Order.

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID HOWE'S MOTION TO DISMISS CLAIMS NINE AND TEN OF THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)
CASE NO.: 3:25-cv-000459-BAS-SBC

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny David Howe's motion to dismiss claims Nine and Ten of the Second Amended Complaint against David Howe as described herein, or, in the alternative, if the Court dismisses the David Howe SAC Claims, they should be dismissed without prejudice.

Dated: May 8, 2026

**RIMÔN P.C.**

By: */s/ Michael S. Lazaroff*
        Michael S. Lazaroff
        400 Madison Avenue, Suite 11D
        New York, NY 10017
        Tel: (646) 738-4151
        Fax: (212) 363-0270
        michael.lazaroff@rimonlaw.com
        (admitted *Pro Hac Vice*)

        Daniel F. Lula
        2029 Century Park East
        Suite 400N
        Los Angeles, CA 90067
        Tel: (617) 963-0419
        Fax: (213) 375-3811
        daniel.lula@rimonlaw.com

        Robert Cocchia
        3579 4th Avenue
        San Diego, CA 92103
        Tel: (858) 348-4383
        Fax: (213) 375-3811
        robert.cocchia@rimonlaw.com

        *Attorneys for Plaintiffs*
        *Nina Vikhrieva and Sergey*
        *Leshkov*

- 7 -