

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA VIKHRIEVA and SERGEY LESHKOV,<br><br>                              Plaintiffs,<br><br>     v.<br><br>STEMEDICA CELL TECHNOLOGIES, INC.; ZIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL, LLC; DUNIYA SANOSTEM, INC.; SHIVINDER S. DEOL,<br><br>                              Defendants. | Case No. 25-cv-00459-BAS-SBC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY (ECF No. 108)** |

Before the Court is Plaintiffs Sergey Leshkov and Nina Vikhrieva's motion to file a surreply ("Motion") (ECF No. 108) to respond to Defendant Shivinder S. Deol's motion to

- 1 -

dismiss (ECF No. 85).  Defendant Deol filed an opposition to Plaintiffs' Motion.  (ECF No. 109.)

A decision to grant or deny leave to file a surreply is generally committed to the "sound discretion" of the court.  *See Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC, 2015 WL 6828400, at *3 (S.D. Cal. Nov. 6, 2015); *United States v. Venture One Mortg. Corp.*, No: 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015).  Such discretion "should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  A court may also permit a surreply "in the interest of fairness" even where the "reply brief [is] largely responsive to issues raised by [the opposing part] in its opposition" brief.  *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015) (permitting defendant to file surreply despite plaintiff's characterizations that arguments in the reply were not new).

Here, Plaintiffs move to file a surreply so that Plaintiffs can respond to new arguments raised in Defendant Deol's reply in support of Deol's motion to dismiss. Though Defendant Deol argues that his introduction of a new email itself does not constitute a "new" argument, Defendant Deol concedes that his analysis of the email in his reply has legal implications for Plaintiffs' ability to maintain standing to maintain their claims against Defendant Deol.  (ECF No. 109 at 6:7–18.)  Thus, the Court exercises its discretion to grant leave in the interest of fairness.

Having considered the Motion, the Court **GRANTS** Plaintiffs' ex parte request to file a surreply.  (ECF No. 108.)  Plaintiffs may file a surreply of not more than **five pages** no later than **July 21, 2026**.   Plaintiffs are advised not to use this surreply to retread arguments already addressed in its briefing.  The Court will disregard any such arguments.

**IT IS SO ORDERED.**

**DATED: July 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

25cv459