**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NINA VIKHRIEVA and SERGEY LESHKOV,

Plaintiffs,

v.

STEMEDICA CELL TECHNOLOGIES, INC.; JIUZHITANG CO., LTD.; ZHUHAI HENGQIN JIUZHITANG YONGHE QIHANG FUND; JIUZHITANG MAKER (BEIJING) CELL TECHNOLOGY CO., LTD.; MAYNARD A. HOWE; ROGER J. HOWE; DAVID HOWE; NIKOLAI I. TANKOVICH; DIRK P. O'HARA; SIMON GUO; CRAIG W. CARLSON; MICHAEL K. STEINHAUSER; SANOSTEM GLOBAL, LLC; DUNIYA SANOSTEM, INC.; SHIVINDER S. DEOL,

Defendants.

Case No. 25-cv-00459-BAS-SBC

**ORDER STAYING COUNTS 6, 7, AND 8 AND DENYING WITHOUT PREJUDICE DEFENDANT SHIVINDER S. DEOL'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 85)**

For the reasons below, the Court **STAYS** Counts 6, 7, and 8 as to all Defendants. Counts 6 and 7 are stayed under 11 U.S.C. § 362(a). Count 8 is stayed under the Court's inherent authority, for so long as Counts 6 and 7 remain subject to the automatic stay.

The claims against Defendant Stemedica Cell Technologies, Inc. ("Stemedica") remain stayed. (ECF No. 62 at 37 n.10.) This Order does not stay any other cause of action, and the Parties shall proceed with pre-trial proceedings (including discovery, early neutral evaluation conference, and case management conference) on the remaining claims as scheduled.

Further, the Court **DENIES WITHOUT PREJUDICE** Defendant Shivinder S. Deol's ("Deol") Motion to Dismiss Plaintiffs Nina Vikhrieva's and Sergey Leshkov's Second Amended Complaint ("SAC," ECF No. 64), with leave to renew within 30 days after the stay is lifted. (ECF No. 85.)

## I. BACKGROUND

### A. Factual Background

CardioCell LLC ("CardioCell"), a subsidiary of Stemedica, is a biotechnology company focused on the therapeutic use and commercialization of stem cells to treat cardiovascular disease. (SAC ¶ 1.) Plaintiffs Nina Vikhrieva and Sergey Leshkov allege they are creditors of Stemedica (SAC ¶¶ 476, 483, 490), having invested approximately $20 million in CardioCell and other Stemedica subsidiaries (*id.* ¶¶ 35, 38, 40) and having consolidated those interests into CardioCell through an Equity Exchange Agreement (*id.* ¶¶ 21, 243–245).

Stemedica allegedly undermined CardioCell's financial interests by, among other things, failing to deliver the stem cells it had contractually committed to contribute (leaving a balance of $27,850,000 in stem cells) (SAC ¶¶ 122–124, 126, 132–136), concealing third-party licensing agreements regarding CardioCell's exclusive cardiovascular cells from Plaintiffs (*id.* ¶¶ 185–188), failing to contribute millions of promised investor dollars (*id.* ¶¶ 169–175), and ultimately transferring all of its assets on February 4, 2025, to newly created Defendants SanoStem Global, LLC and Duniya SanoStem, Inc. (collectively, "SanoStem") "to avoid liability to Plaintiffs and other Stemedica creditors" (*id.* ¶¶ 30, 403).

Plaintiffs allege they "ultimately uncovered Defendants' elaborate fraudulent scheme" in early 2021 (SAC ¶ 410), and that "[w]hen Plaintiffs confronted Defendants

about their fraudulent scheme that had destroyed CardioCell, Defendants agreed to negotiate a settlement and, on June 24, 2021, Plaintiffs and Defendants signed" a tolling agreement (the "Tolling Agreement") (*id.* ¶ 411). The Tolling Agreement and its six amendments preserved Plaintiffs' claims through February 28, 2025 (*id.* ¶¶ 411–418).

In 2023, "[i]n order to avoid liability to Plaintiffs and other Stemedica creditors," a sale of Stemedica was engineered to "a newly created company, SanoStem, managed by certain defendants and individuals with whom Stemedica had a prior relationship." (SAC ¶¶ 30, 62, 391.) By 2024, Stemedica "could not pay its rent and other expenses" and began exploring dissolution or sale (*id.* ¶ 393). The acquisition of Stemedica by SanoStem was announced as a "full acquisition" on February 4, 2025 (*id.* ¶¶ 31, 400, 492). Stemedica never paid or otherwise resolved its liability to Plaintiffs before the tolling period expired on February 28, 2025. (*Id.* ¶¶ 478, 485.)

**B. Procedural Background**

On February 27, 2025, Plaintiffs filed this action against Defendants (including Deol, Stemedica, and SanoStem). (ECF No. 1.) On May 5, 2025, Stemedica filed a voluntary Chapter 7 petition, commencing *In re Stemedica Cell Techs., Inc.*, No. 25-01855-JBM7 (Bankr. S.D. Cal. filed May 5, 2025) (the "Stemedica Bankruptcy Proceedings"). (ECF No. 85-2, Ex. N.) Plaintiffs notified the Court of the filing on July 28, 2025. (ECF No. 50.)

In its March 26, 2026 Order on Defendants' motions to dismiss Plaintiffs' First Amended Complaint, the Court found the claims against Stemedica were automatically stayed under 11 U.S.C. § 362(a) because Stemedica had filed for bankruptcy while this action was pending. (ECF No. 62 at 37 n.10.) The Court did not stay any claims against the other Defendants (the "Non-Debtor Defendants"), including Deol. (*Id.*)

On April 7, 2026, Plaintiffs filed their SAC, asserting claims including the following:

1. **Count 6**: Intentional Fraudulent Transfer Under Cal. Civ. Code § 3439.04(a)(1) against Defendants Stemedica, SanoStem, and Deol (SAC ¶¶ 475–481);

2. **Count 7**: Constructive Fraudulent Transfer Under Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 against Defendants Stemedica, SanoStem, and Deol (SAC ¶¶ 482–488); and

3. **Count 8**: Aiding and Abetting Intentional Fraudulent Transfer against Defendants Roger Howe, Maynard Howe, Nikolai Tankovich, Michael K. Steinhauser, and Deol (SAC ¶¶ 489–496).

On May 12, 2026, Deol, proceeding pro se, moved to dismiss Counts 6, 7, and 8—the only claims asserted against him. ("Deol MTD," ECF No. 85; *see id.* at 1:4–5; "Deol Reply," ECF No. 107 at 6:4–5.) Plaintiffs' opposition was due June 17, 2026. (ECF No. 93.)

On June 12, 2026, Plaintiffs filed an Additional Notice of Bankruptcy stating that the appointed Chapter 7 Trustee ("Stemedica Trustee") of Stemedica's bankruptcy estate ("Stemedica Estate") had informed Plaintiffs that Counts 6, 7, and 8, as asserted against the Non-Debtor Defendants, were also property of the Stemedica Estate. ("Plaintiffs' Notice of Bankruptcy," ECF No. 101 at 2:13–21.) In light of the Stemedica Trustee's position, Plaintiffs cited the Court's prior Order staying all claims against Stemedica and asserted Counts 6, 7, and 8 should also be stayed under 11 U.S.C. § 362(a) as to the Non-Debtor Defendants "unless and until relief from the stay is granted by the bankruptcy court on a final basis." (*Id.* at 2:21–27.)

On July 1, 2026, Deol filed a Reply in support of his Motion to Dismiss—arguing the Court should grant the motion because (1) Plaintiffs did not oppose it by the June 17, 2026 deadline, and (2) the Stemedica Trustee, who considers Counts 6, 7, and 8 property of the Stemedica Estate, has asked Plaintiffs to dismiss them without prejudice and does not object to the Court deciding the motion. ("Deol Reply," ECF No. 107 at 2:2–11.) Deol attached a June 22, 2026 email from the Stemedica Trustee's counsel setting out the Stemedica Trustee's position. (ECF No. 107-2.)

On July 21, 2026, with leave of Court (ECF No. 110), Plaintiffs filed a Sur-Reply to Deol's Reply—asking the Court to recognize that Counts 6, 7, and 8 are automatically stayed (given the Stemedica Trustee's position that they belong to the Stemedica Estate) and to deny Deol's Motion to Dismiss in light of that stay. ("Plaintiffs' Sur-Reply," ECF No. 111 at 1:6–16, 5:25–27.) Plaintiffs explained they had not opposed the motion because they understood it to be stayed. (*Id.* at 2:21–23.) On August 17, 2026, also with leave of Court (ECF No. 118), Deol filed a Sur-Reply ("Deol Sur-Reply," ECF No. 119). Though not disputing the Stemedica Trustee's position that Counts 6, 7, and 8 belong to the Stemedica Estate, Deol argued that a stay, "if applicable, pauses adjudication" but does not require denial of his Motion to Dismiss, and that the Court should reach the merits of Counts 6, 7, and 8 to dismiss them against Deol with prejudice. (*Id.* at 2:1–5, 5:8–11.) He also argued that ruling on his motion would not implicate any interest the automatic stay protects, because he is not the debtor and the Stemedica Trustee does not object. (*Id.* at 2:20–4:9.)

## II. AUTOMATIC STAY UNDER SECTION 362(a)

The Court previously held the claims against Stemedica were automatically stayed and recited the general rule that Section 362(a) "protects only the debtor, property of the debtor or property of the estate," and "does not protect non-debtor parties or their property." (ECF No. 62 at 37 n.10 (quoting *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir. 1994) (internal quotation marks omitted)).) The Court expressly noted that "[n]o party has asked the Court to deviate from the general rule in this case." (*Id.*)

Plaintiffs now ask the Court to apply the automatic stay to Counts 6, 7, and 8 as asserted against the Non-Debtor Defendants, based on the Stemedica Trustee's position that those Counts are property of the Stemedica Estate. (ECF No. 101.) No party disputes the Stemedica Trustee's position. Indeed, Deol's own motion argues the fraudulent transfer claims belong to the Stemedica Estate and may be pursued only by the Stemedica Trustee. (ECF No. 85 at 20:8–21:24; *see also* ECF No. 107 at 3:4–8.) But the Stemedica

Trustee has not appeared in this action, and neither the Stemedica Trustee's position nor the Parties' acceptance of it determines whether the automatic stay applies. That question is for this Court, which "has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005) (cited in ECF No. 119 at 2:9–12).

In this section, the Court finds Counts 6 and 7 are automatically stayed as to all Defendants under Section 362(a)(3), 11 U.S.C. § 362(a)(3)—since fraudulent transfer claims became property of the Stemedica Estate upon the filing of Stemedica's bankruptcy petition and the Stemedica Trustee maintains the exclusive right to pursue them as a matter of law.

By contrast, the Court finds Count 8 is not stayed under Section 362(a)(1) because Count 8 is brought only against non-debtors who are not transferees of fraudulently transferred assets. Lastly, the Court declines to decide whether Count 8 is stayed under Section 362(a)(3), 11 U.S.C. § 362(a)(3), because aiding and abetting claims are not clearly estate property as a matter of law.

**A. Legal Standard**

Under Section 362(a)(1), the filing of a petition for bankruptcy operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor. *See* 11 U.S.C. § 362(a)(1). Section 362(a)(1) has been applied to stay actions against non-debtor third parties in "unusual circumstances." *Maddalone v. Solano Cnty.*, No. CIV S07-1828MCEEFBP, 2009 WL 29750, at *2 (E.D. Cal. Jan. 5, 2009). Such circumstances exist, for example, where the non-debtor is "entitled to absolute indemnity by the debtor on any judgment rendered against that third party." *Maxicare Health Plans, Inc. v. Centinela Mammoth Hosp. (In re Fam. Health Servs., Inc.)*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989) (explaining that, under *A.H. Robins*, a suit against such a third party is "the proper subject for application or extension of the statutory stay") (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). More recently, the Ninth Circuit Bankruptcy Appellate Panel has applied the automatic stay under Section 362(a)(1) to the

"postpetition prosecution of a fraudulent transfer claim against a nondebtor transferee . . . even if the action is stayed as to the debtor-transferor." *Kleidman v. Pearlman (In re Pearlman)*, BAP No. CC-26-1005-LSG, 2026 WL 1791719, at *5 (B.A.P. 9th Cir. June 22, 2026) (citing *Koeberer v. Cal. Bank of Com. (In re Koeberer)*, 632 B.R. 680, 688 (B.A.P. 9th Cir. 2021)).

Under Section 362(a)(3), "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the [bankruptcy] estate" is subject to the automatic stay. 11 U.S.C. § 362(a)(3).

Regarding "property of the estate," Section 541(a)(1) of the Bankruptcy Code provides that the estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under *applicable law* by a creditor holding an unsecured claim . . . ." 11 U.S.C. § 544(b)(1) (emphasis added). Section 323 of the Bankruptcy Code designates the trustee "the representative of the estate" with "capacity to sue and be sued," 11 U.S.C. § 323(a)–(b), which the Ninth Circuit has construed to confer on the trustee "the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino Cnty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175–76 (9th Cir. 2006).

Courts have held that, read together, Section 541(a)(1), Section 544(b)(1), and Section 323 convert state-law fraudulent transfer claims asserted by creditors before the commencement of bankruptcy proceedings into estate property once those proceedings commence. *See Capriati Constr. Corp. v. SPER, Inc. (In re Capriati Constr. Corp.)*, BAP No. NV-17-1200-BHTa, 2018 WL 1404439, at *6 (B.A.P. 9th Cir. Mar. 20, 2018) ("We conclude that [creditor's] fraudulent transfer claim asserted in the state court action was property of [chapter 11 debtor-in-possession's] bankruptcy estate by virtue of § 544(b) once [debtor] filed its bankruptcy petition, and such claim could only be pursued by [debtor-in-possession]."); *cf. In re Moore*, No. 11-41988, 2011 WL 1877879, at *2 (Bankr.

N.D. Cal. May 16, 2011) (finding "fraudulent conveyance and other avoidance claims arising under state law" to be estate property under Section 544(a)(3)—which, like Section 544(b)(1), contains the language "applicable law" to sweep in claims arising outside of the Bankruptcy Code).

The Ninth Circuit Bankruptcy Appellate Panel has held that "[a] fraudulent conveyance action [under California's Uniform Voidable Transactions Act] becomes property of the estate upon the filing of a bankruptcy petition." *In re Koeberer*, 632 B.R. at 689. And in *In re Pearlman*, the Panel recently reasoned that a creditor's postpetition prosecution of such a claim—even against non-debtor defendants—qualifies as a prohibited "act to exercise control over property of the estate" that violates the automatic stay under Section 362(a)(3). 2026 WL 1791719, at *6.

**B. Counts 6 and 7 (Fraudulent Transfer Claims)**

Counts 6 and 7 are asserted against Stemedica, SanoStem, and Deol and allege Stemedica transferred its assets to SanoStem to avoid paying its creditors, including Plaintiffs. (SAC ¶¶ 475–488.) Counts 6 and 7 arise under California's Uniform Voidable Transactions Act ("CUVTA"). *See* Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05.

The Court finds Section 362(a)(3) provides a basis for automatically staying Counts 6 and 7 as to all Defendants (including non-debtors)—because Plaintiffs' CUVTA fraudulent transfer claims became property of the Stemedica Estate as a matter of law, and Plaintiffs' prosecution of them in this action would constitute an act to exercise control over estate property in violation of the automatic stay under Section 362(a)(3). *See* 11 U.S.C. § 362(a)(3); *In re Koeberer*, 632 B.R. at 689; *In re Pearlman*, 2026 WL 1791719, at *6.

Put differently, what makes Counts 6 and 7 estate property is the nature of the claims—they seek to avoid Stemedica's transfer of its own assets—not the identity of the defendant. Counts 6 and 7 are therefore automatically stayed under Section 362(a)(3) as to every Defendant.

### C. Count 8 (Aiding and Abetting Fraudulent Transfer)

The Court next addresses whether Plaintiffs' aiding and abetting fraudulent transfer claim (Count 8) asserted against Defendants Deol, Roger Howe, Maynard Howe, Nikolai Tankovich, and Michael K. Steinhauser ("Count 8 Defendants") is automatically stayed under Section 362(a)(1). (SAC ¶¶ 489–496.) The Count 8 Defendants, none of whom is a debtor, allegedly assisted with the fraudulent transfer by, "among other things, preparing and signing documents and advising Stemedica on how to evade Plaintiffs' claims." (*Id.*)

Count 8 is not automatically stayed under Section 362(a)(1) because the Count 8 Defendants are neither alleged transferees nor alleged to be entitled to indemnity from Stemedica. *Cf. In re Fam. Health Servs., Inc.*, 105 B.R. at 942 (explaining that a suit against a third party "entitled to absolute indemnity by the debtor" is "the proper subject for application or extension of the statutory stay") (citing *A.H. Robins*, 788 F.2d at 999); *In re Pearlman*, 2026 WL 1791719, at *5 (finding automatic stay under Section 362(a)(1) where defendant is a non-debtor transferee of funds from debtor-transferor) (citing *In re Koeberer*, 632 B.R. at 688).

Nor is it clear that Count 8 is automatically stayed under Section 362(a)(3), because no authority holds that aiding and abetting claims become estate property when a bankruptcy petition is filed. The Bankruptcy Code does not explicitly vest the authority to pursue aiding and abetting claims in trustees, as it does for fraudulent transfer claims (*i.e.*, Counts 6 and 7), and neither the Ninth Circuit nor its Bankruptcy Appellate Panel has held that a claim for aiding and abetting a fraudulent transfer becomes property of the estate upon the filing of a petition. *See Wyle v. Howard, Weil, Labouisse, Friedrichs Inc. (In re Hamilton Taft & Co.)*, 176 B.R. 895, 902 (Bankr. N.D. Cal. 1995) ("The Ninth Circuit has squarely held that a trustee's power to avoid fraudulent transfers does not enable a trustee to recover damages for aiding and abetting a fraudulent transfer. . . . In short, Trustee's only authority to bring state-law claims of creditor[s] is section 544(b), and section 544(b) does not authorize Trustee to assert a claim for aiding and abetting a fraudulent transfer."),

*aff'd on other grounds*, 196 B.R. 532 (N.D. Cal. 1995), *aff'd on other grounds*, 114 F.3d 991 (9th Cir. 1997).

In addition, although the Parties agree the Stemedica Trustee's position is that Count 8 is property of the Stemedica Estate, the Stemedica Trustee has not appeared in this action, has not sought to intervene, and, so far as the record reflects, has not sought any determination to that effect in the Stemedica Bankruptcy Proceedings. (*See, e.g.,* ECF No. 107 at 2:7–10 (Deol's Reply stating the Stemedica Trustee "has confirmed in writing that the Sixth, Seventh, and Eighth Causes of Action are property of the bankruptcy estate that only the Trustee has standing to assert"); ECF No. 101 at 2:21–27 (Plaintiffs' Additional Notice of Bankruptcy, notifying the Court that Counts 6, 7, and 8 "should be stayed pursuant to 11 U.S.C. § 362(a) for all defendants for those causes of action").)

Apart from the Parties' accounts, the only statement of the Stemedica Trustee's view in the record is the June 22, 2026 email from his counsel to Deol. (ECF No. 107-2.) That email asserts Counts 6, 7, and 8 "constitute property of the bankruptcy estate pursuant to 11 U.S.C., Section 541(a), which only the Trustee has standing to assert." (*Id.* at 2.) But it does not explain why an aiding and abetting claim would be estate property, and it also states the Stemedica Trustee "is not presently aware of any claim against Dr. Deol" and "does not currently intend to pursue any claim or adversary proceeding against" him. (*Id.*)

While this Court has jurisdiction to determine what constitutes property of a debtor's estate, *see* 28 U.S.C. § 1334(e)(1), the bankruptcy court administering the Stemedica Estate is better positioned to resolve the Stemedica Estate's ownership of Count 8 and the Stemedica Trustee's intent to pursue the claim. *See Stern v. Marshall*, 564 U.S. 462, 474 (2011) ("Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.' [28 U.S.C.] § 157(b)(1)."); *In re E. Coast Foods, Inc.*, 652 B.R. 910, 919 (B.A.P. 9th Cir. 2023) ("The claims are 'core proceedings' because they arise out of estate administration."), *aff'd on other grounds*, No. 23-60046, 2024 WL 4648076 (9th Cir. Nov. 1, 2024); *In re Litig. Prac. Grp. P.C.*, No. 8:25-CV-00578-AH, 2025 WL 1711447, at *3 (C.D. Cal. May 8, 2025) (finding plaintiffs'

claims raised "core issues well suited for the Bankruptcy Court" because they turned on whether funds were fraudulently conveyed and thus exclusively recoverable by the estate).

Accordingly, the Court declines to decide whether Count 8 is property of the Stemedica Estate.

## III. DISCRETIONARY STAY UNDER *LANDIS*

Because Count 8 is not stayed under Section 362(a)(1), and the Court has declined to decide whether it is stayed under Section 362(a)(3), *see supra* § II.C, the Court considers whether a discretionary stay is warranted. *See Tenneson v. Russell*, No. CV-23-02131-PHX-DJH, 2026 WL 809514, at *5 (D. Ariz. Mar. 24, 2026) (separately evaluating a stay under Section 362(a) of the Bankruptcy Code and the *Landis* factors); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (explaining a trial court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

A court should consider three non-exclusive factors (originating from *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)) when deciding whether to stay (or partially stay) a case under its inherent authority to do so: (1) "the possible damage which may result [to the opposing party] from the granting of a stay"; (2) "the hardship or inequity which a [moving] party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Lockyer*, 398 F.3d at 1110). "The precondition for a *Landis* stay is the existence of 'independent proceedings' that have not yet been resolved that have some bearing on a pending case." *Levin v. Caviar, Inc.*, 146 F. Supp. 3d 1146, 1156 (N.D. Cal. 2015).

The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Though Plaintiffs do not separately request a discretionary stay, they contend Count 8 is automatically stayed. (*See* ECF No. 101 at 2:21–27; ECF No. 111 at 5:25–27.) Deol opposes any stay, arguing the Court should rule on the merits of his

Motion to Dismiss and dismiss the claims against him with prejudice without further delay. (ECF No. 107 at 4:15–5:7; ECF No. 119 at 5:8–11.) For purposes of deciding whether to stay Count 8 pursuant to its inherent authority in this Order, this Court treats Plaintiffs as the proponents of a stay and Deol as its opponent.

**A. Possible Damage or Prejudice to Defendants Resulting from Granting Stay**

First, the Court considers possible damage or prejudice to Deol (as the opposing party) if the stay is granted. *Lockyer*, 398 F.3d at 1110.

Deol argues he will be prejudiced because he will be forced to remain in the litigation if his Motion to Dismiss is not resolved and if Counts 6, 7, and 8—the only claims against him—are not dismissed with prejudice. (*See* ECF No. 107 at 4:13–14, 5:4–7, 6:4–5; ECF No. 119 at 4:5–9.) The Court recognizes that a stay leaves Deol a named party in a case in which no claim against him is being litigated. But that prejudice is limited. *See Envisiontec, Inc. v. Formlabs, Inc.*, No. CV 16-06812-RSWL-RAOx, 2017 WL 2468770, at *3 (C.D. Cal. June 6, 2017) ("[T]he general prejudice of having to wait for resolution is not a persuasive reason to deny a motion to stay."). Indeed, staying Count 8 could prevent Deol from "incur[ring] expense in defen[ding] a[n] . . . action in which Plaintiff[s] may not have standing." *Rivera v. UHS of Del., Inc.*, No. EDCV 15-00863-JGB (DTBx), 2018 WL 6332278, at *4 (C.D. Cal. July 13, 2018). Denying Deol's Motion to Dismiss without prejudice does not prevent him from refiling it once the stay is lifted. Nor is Deol without recourse in the meantime: as a party in interest, he may ask the bankruptcy court for relief from the automatic stay, *see* 11 U.S.C. § 362(d), or for an order directing the Stemedica Trustee to abandon the claims, *see id.* § 554(b)—relief he has not sought. (*See* ECF No. 119 at 2:24–26.)

Thus, the Court finds the limited prejudice to Deol militates in favor of staying Count 8 as to him and the other Count 8 Defendants.[1]

---

[1] The other Count 8 Defendants have not filed anything in this action indicating their position on staying Count 8.

**B. Hardship or Inequity to Plaintiffs If Stay Is Not Granted**

Because a stay may cause some prejudice to Deol and the other Count 8 Defendants, *see supra* § III.A, Plaintiffs must "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

The Court finds Plaintiffs have done so. Whether Count 8 belongs to the Stemedica Estate remains unresolved, and the bankruptcy court may agree with the Stemedica Trustee that it does. If so, only the Stemedica Trustee could pursue Count 8, and any effort Plaintiffs spend litigating it here in the meantime would be wasted—or worse, would risk violating the automatic stay, a risk Plaintiffs cite as their reason for not opposing Deol's motion. (*See* ECF No. 111 at 2:21–23.) Plaintiffs are therefore likely to face hardship if Count 8 is not stayed.

**C. Orderly Course of Justice**

The Court next considers whether a stay of Count 8 would promote "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

First, since the Court has found Counts 6 and 7 are estate property as a matter of law and thus automatically stayed under Section 362(a)(3), *see supra* § II.B, the Court finds it promotes judicial efficiency to also stay Count 8.

Count 8 alleges aiding and abetting a fraudulent transfer, and its viability depends on the existence of the underlying transfer alleged in Counts 6 and 7. As this Court has acknowledged, "[w]ithout the underlying tort of fraudulent transfer, under California law the [plaintiffs] have no independent claim against defendant . . . for a conspiracy to commit, or aid and abet in, the tortious act of fraudulent transfer." *In re Ryan*, No. 05-32933DM, 2008 WL 4829947, at *3 (Bankr. N.D. Cal. Oct. 29, 2008) (quoted in ECF No. 62 at 40:15–19). Deol agrees, stating that aiding and abetting liability "presupposes a primary violation by either a transferor or a transferee." (ECF No. 85 at 12:25–28.)

Whether the February 4, 2025 transfer is voidable as fraudulent will be determined, if at all, in the Stemedica Bankruptcy Proceedings, where the Stemedica Trustee holds the

exclusive right to pursue Counts 6 and 7. Permitting Count 8 to proceed in this Court while its predicate claims (Counts 6 and 7) are adjudicated elsewhere would risk duplicative proceedings and inconsistent determinations regarding the same transfer.

Next, the Stemedica Bankruptcy Proceedings may resolve the question this Court has left open—whether Plaintiffs or the Stemedica Trustee may prosecute Count 8. *See supra* § II.C. This is therefore not a case in which a *Landis* stay is inappropriate because "the proceeding in the bankruptcy court is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113.

Lastly, because this action has not yet entered discovery and no trial date has been set, staying Count 8 now is the most efficient course. *See Tavakolian v. Great Am. Life Ins. Co.*, No. EDCV 20-1133 JGB (SHKx), 2020 WL 13220041, at *3 (C.D. Cal. Oct. 16, 2020) (finding "a stay now is the most efficient course" where the case was at a "pre-discovery stage" and "no trial date ha[d] yet been set").

* * *

For the reasons above, the Court finds the *Landis* factors weigh in favor of exercising its inherent authority to stay Count 8.

Plaintiffs contend Counts 6, 7, and 8 should be stayed "unless and until relief from the [automatic] stay is granted by the bankruptcy court on a final basis." (ECF No. 101 at 2:26–27.) Since only Counts 6 and 7 are automatically stayed, the Court finds it appropriate to stay Count 8 until the automatic stay of Counts 6 and 7 terminates (*e.g.*, an order granting relief from the stay under Section 362(d), abandonment of the claims under Section 554, or any other event by which the claims cease to be property of the Stemedica Estate, *see* 11 U.S.C. § 362(c)(1), such as dismissal of the Stemedica Bankruptcy Proceedings or a determination by the bankruptcy court that the claims are not property of the Stemedica Estate).

To ensure the stay does not persist longer than its justification, the Parties shall file a joint status report every 90 days addressing the status of the Stemedica Bankruptcy

Proceedings, and any party may move to lift the stay at any time upon a showing that its basis no longer exists. *See Landis*, 299 U.S. at 257 (noting a stay is "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits").

## IV. DEOL'S MOTION TO DISMISS (ECF No. 85)

Deol moves to dismiss Counts 6, 7, and 8 asserted against him. (ECF No. 85.) In his Reply, Deol notes the Stemedica Trustee has asked Plaintiffs to dismiss Counts 6, 7, and 8 without prejudice and "does not object to Dr. Deol seeking a district court decision on his pending Motion to Dismiss if the district deems such determination appropriate." (ECF No. 107 at 4:22–5:15; ECF No. 107-2 at 2–3.) Deol nonetheless requests that the Court dismiss Counts 6, 7, and 8 *with* prejudice. (ECF Nos. 107 at 6:1–3; 119 at 5:8–11.)

Because Counts 6, 7, and 8 are stayed as to all Defendants, this Court declines to reach the merits of Deol's Motion to Dismiss those Counts. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding dismissal of a stayed action violates the automatic stay where "the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *Gliko v. Snyder*, No. 8:22-cv-00145-DOC-KES, 2023 WL 2628060, at *3 (C.D. Cal. Feb. 6, 2023) ("In light of the stay, Defendant's Motion for Summary Judgment need not be decided at this time. Accordingly, the Court DENIES WITHOUT PREJUDICE the MSJ. Defendant may file a renewed motion for summary judgment at the appropriate time after the bankruptcy stay is lifted.").

Dismissing Counts 6, 7, and 8—with or without prejudice—would require the Court to act on stayed claims. Put differently, a stay preserves the status quo while the Stemedica Estate's interest in these claims is resolved in the Stemedica Bankruptcy Proceedings (*see supra* §§ II.C, III.C), whereas dismissal—even without prejudice—would alter it. *Cf. Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 628 (D. Del. 2018) (dismissing claim without prejudice where plaintiff filed the action *after* the bankruptcy petition, but reasoning "[t]here is no serious argument that, if this action was pending prior to Quivus'

bankruptcy filing, it would be stayed [under Section 362(a)(3)] upon the filing of the bankruptcy petition [rather than dismissed]").

Nothing in this Order prevents the Stemedica Trustee from appearing at any time, or any party from seeking dismissal or other relief once the stay is lifted.[2]

Moreover, although Plaintiffs did not oppose Deol's motion by the June 17, 2026 deadline (ECF No. 107 at 2:13–26)—because, they explain, they understood it to be stayed (ECF No. 111 at 2:21–23)—non-opposition under CivLR 7.1.f.3.c does not necessitate granting a motion whose underlying claims are stayed. *See* CivLR 7.1.f.3.c (emphasis added) (failure to oppose "*may* constitute a consent to the granting of a motion or other request for ruling by the court").

Since the Court declines to reach the merits of Counts 6, 7, and 8, the Court **DENIES WITHOUT PREJUDICE** Deol's Motion to Dismiss, with leave to renew within 30 days after the stay is lifted.

## V. CONCLUSION

For the reasons set forth above, the Court **STAYS** Counts 6, 7, and 8 as to all Defendants. Counts 6 and 7 are stayed under 11 U.S.C. § 362(a). Count 8 is stayed under the Court's inherent authority, for so long as Counts 6 and 7 remain subject to the automatic stay.

The claims against Stemedica remain stayed. (ECF No. 62 at 37 n.10.) This Order does not stay any other cause of action, and the Parties shall proceed with pre-trial proceedings (including discovery, early neutral evaluation conference, and case management conference) on the remaining claims as scheduled.

---

[2] Since Plaintiffs may again seek to enforce Counts 6, 7, and 8 if the Stemedica Trustee abandons those Counts, Deol's request for dismissal "with prejudice as to Plaintiffs" is denied. (ECF No. 119 at 5:10–11.) *See Always There Nursing Care, Inc. v. Frazer (In re Vandevort)*, BAP No. CC-09-1078-MOPAR, 2009 WL 7809927, at *6 (B.A.P. 9th Cir. Sept. 8, 2009) ("[P]repetition standing of a creditor plaintiff is not 'lost' but rather its rights are superseded unless and until claims are abandoned under section 554 . . . .").

The Parties shall file a joint status report **<u>no later than October 28, 2026</u>**, and every 90 days thereafter, addressing the status of the Stemedica Bankruptcy Proceedings, *In re Stemedica Cell Techs., Inc.*, No. 25-01855-JBM7 (Bankr. S.D. Cal. filed May 5, 2025), and whether the bases for stay discussed above (*i.e.*, automatic stay of Counts 6 and 7, discretionary stay of Count 8) continue.

Deol's Motion to Dismiss (ECF No. 85) is **DENIED WITHOUT PREJUDICE**, with leave to renew within 30 days after the stay is lifted.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**